Case 1:09-cv-00906-OWW-SMS

1  Lawrence H. Meuers (SBN 197663)
   MEUERS LAW FIRM, P.L.
2  5395 Park Central Court
   Naples, FL 34109-5932
3  Telephone: (239)513-9191
   Facsimile: (239)513-9677
4  lmeuers@meuerslawfirm.com

5  Attorneys for Plaintiffs



FILED

JUN 3 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| ONIONS ETC., INC., and DUDA FARM FRESH FOODS, INC., | Case No.: 1:09-CV-906 |
|---|---|
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| vs. | |
| Z&S FRESH INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, and MARGARET aka MARGE SCHOENBURG, | |
| Defendants. | |

This matter is before the Court upon Plaintiffs' Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a Temporary Restraining Order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declarations of Derrell Kelso, Jr. (President of Onions, Etc.), and Paul Huckabay (Sales Manager of Duda Farm Fresh)

that Plaintiffs are produce dealers and trust creditors of Defendant Z&S Fresh Inc. fdba Z&S Distributing Co., Inc. ("Z&S") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $257,913.75 supplied to said Defendant as required by the PACA. It is also clear from the same Declarations and the Certification of Counsel that said Defendant is in severe financial jeopardy, that PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to pay Plaintiffs' claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiffs.

On the basis of the pleadings, affidavits and other submissions Plaintiffs have filed in this matter, it appears Plaintiffs will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiffs' beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiffs and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust

assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Eastern District of California **ORDERED**:

1.  Defendant Z&S Fresh Inc. fdba Z&S Distributing Co., Inc. ("Z&S") its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Martin J. Zaninovich, Loren Schoenburg, and Margaret aka Marge Schoenburg, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiffs, or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Z&S unless Z&S can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, Z&S may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Z&S maintains the proceeds of such sale subject to this Order.

2.  This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.  The $257,913.75 in PACA trust assets belonging to Plaintiffs and in the possession of the Defendant will serve as Plaintiffs' security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4.  This Temporary Restraining Order is entered this _3rd_ day of ~~May~~ June, 2009, at _8:30_ ☒ a.m. ☐ p.m.

5.  A hearing on Plaintiffs' Motion for Preliminary Injunction is set for the _12th_ day of ~~May~~ June, 2009, at _12:00_ ☐ a.m. ☒ p.m. in Courtroom 3.

TEMPORARY RESTRAINING ORDER                                                    PAGE 3

1      6.    Plaintiffs shall forthwith serve Defendants, or their resident agent, or their
2  counsel, with a copy of this Order.
3      7.    Defendants may apply to the court for modification/dissolution of this
4  Order on 2 days notice, or such shorter notice as the Court may allow.
5       DONE and ORDERED, this 3 9 day of June, 2009 at Fresno, California.

_____
United States District Judge
Eastern District of California