Lawrence H. Meuers (SBN 197663)
Katy Koestner Esquivel (PHV)
**MEUERS LAW FIRM, P.L.**
5395 Park Central Court
Naples, FL 34109-5932
Telephone:  (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com
*Attorneys for the Meuers Law Firm Group*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| ONIONS ETC., INC., and DUDA FARM FRESH FOODS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> Z&S FRESH INC. fdba Z&S DISTRIBUTING CO., INC.,  MARTIN J. ZANINOVICH,  LOREN SCHOENBURG, and MARGARET aka MARGE SCHOENBURG, <br><br> Defendants. | Case No.:  1:09−CV−00906−OWW−SMS |

**STIPULATED ORDER GRANTING PLAINTIFFS' SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION ORDER, ESTABLISHING A PACA CLAIMS PROCEDURE, AND APPOINTING TERENCE J. LONG AS PACA TRUSTEE**

Before this Court is Plaintiffs' Second Amended Motion for a Preliminary Injunction Order, Establishing a PACA Claims Procedure, and Appointing Terence J. Long as PACA Trustee, seeking to enjoin Defendants' dissipation of PACA trust assets and to establish certain procedures for the management of the assets subject to the trust provisions of the Perishable Agricultural Commodities Act, 1930.[1]  The parties have stipulated as follows:

---
[1] 7 U.S.C. §§499a-t.

## I.   PROCEDURAL HISTORY

A.   On May 22, 2009, Onions Etc., Inc. and Duda Farm Fresh Foods, Inc. (the "Meuers Law Firm Group") commenced the instant action against defendants Z&S Fresh, Inc. fdba Z&S Distributing Co., Inc. ("Z&S Fresh"), Martin Zaninovich, Loren Schoenburg, and Marge Schoenburg (collectively the "Individual Defendants") ("Z&S Fresh" and the "Individual Defendants" hereinafter collectively the "Defendants") to enforce the trust provision of Section 5 (c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)("PACA").

B.   The trust provisions of PACA establish a statutory, nonsegregated trust under which the Individual Defendants and Z&S Fresh are required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made.[2]

C.   On June 3, 2009 the Honorable Oliver W. Wanger, of the United States District Court, Eastern District of California, entered a Temporary Restraining Order against the Defendants in the above-captioned civil action.

D.   This Court scheduled a hearing on Meuers Law Firm Group's Motion for entry of a Preliminary Injunction, and ordered the Meuers Law Firm Group to serve the Temporary Restraining Order, the Motion for Temporary Restraining Order and associated filings, along with the Motion for Preliminary Injunction on all Defendants. The Meuers Law Firm Group has served Defendants Z&S Fresh and the Individual Defendants, in compliance with ¶6 of the Temporary Restraining Order.

E.   On May 11, 2009, prior to the filing of the complaint in the instant case, PACA trust claimant Southern Specialties, Inc. commenced an action to enforce its PACA trust rights against Z&S Fresh and its Individual Defendants, which action is now pending before this Court, Case 1:09-cv-00832-OWW-GSA.

F.   Additional PACA trust claimants have retained counsel for Southern

---

[2] 7 U.S.C. §499e(c)(2).

Specialties, Inc., including Fresco Produce, Inc.; Pandol Bros., Inc.; Booth Ranches, LLC; Golden Star Citrus, Inc.; Chamberlain Distributing, Inc.; J-C Distributing, Inc.; Epicure Trading, Inc.; Sundale Sales, Inc.; Seald Sweet, LLC; Richard Cottrell Marketing Inc.; Big Chuy Distributors & Sons, Inc.; Kirschenman Enterprises Sales; Divine Flavor, LLC; CH Distributing, LLC; Wilson Produce, LLC; R & C Berndt, Inc.; Meyer, LLC; Pro Citrus Network, Inc.; Gemco, Inc.; King Fresh Produce, LLC; Premium Produce Dist, Inc.; Mikaelian Farms; Cal Fresco, LLP; and Sunriver Sales (the "Rynn & Janowsky Group"). The Rynn & Janowsky Group will file a Complaint in Intervention after entry of this Order.

G. On June 9, 2009, subsequent to the filing of Plaintiff's complaint, PACA trust claimant Frank A. Logoluso Farms ("Logoluso") together with Onions Etc. Group and Defendants filed a stipulation and order for intervention for the purpose of filing a complaint in intervention ("Logoluso's Complaint") under Case No. 1:09-cv-00906-OWW-SMS, to enforce Logoluso's PACA trust rights against the Defendants. On June 10, 2009, the Court executed the Order permitting Logoluso to file a Complaint in Intervention, and the Complaint in Intervention was filed on June 10, 2009.

H. On June 10, 2009, the Meuers Law Firm Group filed an Amended Motion for Issuance of Preliminary Injunction, to Consolidate and for Entry of PACA Claims Procedure Order seeking to add a PACA claims procedure to the Preliminary Injunction (the "Amended Motion"). [3]

I. On June 18, 2009, Del Monte Fresh Produce N.A and C.H. Robinson Company (collectively the "Del Monte Group") sought leave to intervene in this case.[4]

J. On June 22, 2009 this Court held a hearing on the Meuers Law Firm Group's original Motion for Preliminary Injunction and found that a Preliminary Injunctions should be issued without consideration of the PACA claims procedure sought in the Amended Motion and set the matter for an additional hearing on June 24,

---

[3] DE 26.
[4] DE 35.

2009 at 1:30 p.m.

K.  On June 23, 2009, the Meuers Law Firm Group filed a Second Amended Motion for a Preliminary Injunction Order, Establishing a PACA Claims Procedure and Appointing Terence J. Long as PACA Trustee (the "Second Amended Motion").

## II.  LEGAL AND FACTUAL FINDINGS

L.  According to the pleadings, the Declarations, and the supporting documents, Z&S Fresh has purchased, or received from growers, including Logoluso, the Meuers Law Firm Group, the Rynn & Janowsky Group, the Del Monte Group and other nonparties, perishable agricultural commodities in foreign and interstate commerce who qualify as PACA trust beneficiaries (collectively "PACA Claimants"), and that Z&S Fresh has failed to pay the PACA Claimants for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

M.  Z&S Fresh has dissipated the PACA trust assets by failing to maintain sufficient "freely available" assets to satisfy the PACA trust claims of the PACA Claimants.

N.  Logoluso and the Meuers Law Firm Group have established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order and the issuance of a Preliminary Injunction Order.

O.  This Preliminary Injunction Order causes no damage to Defendants as it merely requires them to meet their obligations set forth in the PACA statute.

P.  This Preliminary Injunction Order does not finally adjudicate the amounts owed to Logoluso and the Meuers Law Firm Group or whether either gave proper notice of intent to preserve trust benefits.

Q.  The issuance of this Preliminary Injunction Order will not adversely affect the public interest.

R.  This Order is necessary to facilitate the recovery of the PACA trust assets, prevent loss or diversion of such assets, minimize administrative costs, determine

amount of valid claims to the assets, distribute the PACA trust assets pro-rata to qualified PACA trust beneficiaries, and to minimize further litigation.

  S. Plaintiffs' Complaint and any amended complaint filed by them, Logoluso's Complaint and any amended complaint filed by Logoluso or the Del Monte Group, as well as any Complaint, or amended complaints filed by the Rynn & Janowsky Group are deemed to satisfy the Complaint in Intervention filing requirement set forth herein.

  Accordingly, **IT IS STIPULATED**:

### III. PRELIMINARY INJUNCTION

  1. The Plaintiffs' Second Amended Motion for Preliminary Injunction is granted.

  2. This Order supersedes and replaces the Temporary Restraining Order entered on June 3, 2009, and extended on June 11 by stipulation of the parties, and is binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.

  3. Z&S Fresh, its agents, employees, officers (including Martin Zaninovich, Loren Schoenburg, and Marge Schoenburg), subsidiaries, assigns, financial and banking institutions, and others acting in concert or participation with them who receive actual notice of this Order are restrained and enjoined from dissipating, paying, transferring, assigning or selling assets covered by or subject to the trust provisions of the PACA as defined in ¶4.

  4. Under §499e(c)(2) of PACA, Z&S Fresh's PACA trust assets include, without limitation, inventory of perishable agricultural commodities ("Produce"), inventory of food or products derived from Produce ("Products"), accounts receivable or proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds, unless a party, Bank of the

West ("Bank") or Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities. Assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets." This Order does not impair the right of any party to assert that Z&S Fresh's other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements should be considered or deemed to be included within the definition of PACA Trust Assets, or the right of the Defendants to assert that any asset is not a PACA Trust Asset ("Non PACA Trust Assets").

5.  The PACA Trust Assets subject to Plaintiffs' claims and in the possession of Z&S Fresh as described in this Order, and 7 C.F.R. §46.46 as interpreted by applicable case law, serve as Plaintiffs security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

### IV.   APPOINTMENT OF TRUSTEE

6.  Terence J. Long ("Trustee") is hereby appointed as Trustee of the PACA Trust that is the subject of this action. Trustee shall post a bond in the amount of $50,000.00 and shall perform the duties set forth in this Order or in any further order of this Court.

7.  The Trustee will be directed by a committee composed of those parties identified in this paragraph who represent the majority of the PACA Claimants (the "PACA Beneficiary Committee" or "PBC"). Trustee shall from time to time consult with PBC to secure instructions from the PBC and to obtain the approval of the PBC as required herein. Instructions from PBC or approval shall have the same form and effect as if such instructions or approval were ordered by the Court. The PBC shall be composed of five representatives with one representative to be appointed by the Meuers Law Firm Group, the Rynn & Janowsky Group, Logoluso, Z&S Fresh, and Bank.

8.  The Trustee is authorized:

    a)    To take immediate possession and control of the PACA Trust Assets for the purpose of caring for, preserving and maintaining the PACA Trust Assets and to incur any and all necessary expenses for the care, preservation, and maintenance of the PACA Trust Assets, and to enter into such contracts incidental to and appropriate to the management of said PACA Trust Assets, subject to such interim and final accountings as are submitted to this court;

    b)    Within 30 days from the date this Order is entered, to file with this Court and PBC, as defined below, a true and accurate inventory of all assets known to the Trustee at that time, designating which have been identified by Defendants as PACA Trust Assets;

    c)    The Trustee fee shall be equal to $195.00 per hour for services rendered in connection with the performance of his dues as Trustee of the PACA Trust Assets;

    d)    Trustee shall maintain proper and adequate public liability and casualty insurance upon the trust assets in amounts at least equal to that now in effect on the PACA Trust Assets;

    e)    Complete and reconcile accounts of sales and accounts payable to any growers or vendors which were not previously completed by Z & S Fresh;

    f)    Trustee shall pay expenses reasonably necessary or incidental to the continued operation, care, preservation, and maintenance of the PACA Trust Assets;

    g)    Trustee shall pay all general and special taxes and assessments upon as they same become due and, if currently delinquent, to bring such taxes and assessments current.

9. The Trustee shall identify, take possession and control, and liquidate all assets of Z&S Fresh, and deposit any proceeds received in the separate segregated accounts defined below.

10. The Trustee shall have 15 working days to investigate and to determine whether or not there exists upon the PACA Trust Assets adequate insurance coverage, and during such period the Trustee shall not be responsible for claims arising or for the procurement of insurance.

11. The Trustee is authorized to employ such employees of Z&S Fresh as he deems necessary for the purpose of effectively carrying out the duties and responsibilities of the Trustee. The Trustee is further authorized to pay for such

employees at ordinary and usual rates out of PACA Trust Account, subject to the Budget and payment procedures set forth in this Order.

12.     The Trustee is authorized to employ such attorney(ies) as he deems necessary for the purpose of reasonable and necessary counseling and advising the Trustee herein with regard to the Trustee's rights, duties, and responsibilities in connection with the PACA Trust Assets, and to do all other things necessary to enable the Trustee to effectively carry out the duties and responsibilities of the Trustee.  The Trustee is further authorized to pay for such legal services at ordinary and usual rates and prices out of PACA Trust Fund, subject to the Budget and payment procedures set forth in this Order.

13.     Trustee shall, within 30 days of the date of entry of this Order, provide PBC with Trustee's estimated budget, by month ("Budget"), for the completion of the work.  The fees and costs associated with the Trustee's first 30-days of operation, and the preparation of the budget shall not exceed $15,000.00.

14.     The Trustee shall file reports of all account activity in the PACA Trust Account and the Non-PACA Account ("Account Report") with PBC and the Court, not less frequently than monthly for the first six (6) months and quarterly thereafter.  The Account Report must include copies of all deposits and withdrawals into and from each account by name of payor or payee, the amount of the transaction and shall include copies of all bank statements received since the previous Account Report.

15.     The Trustee is authorized to use funds from the PACA Trust Account pursuant to the Budget and to pay his initial fees up to $15,000.00.  If the trustee seeks to pay any other expenses not authorized by this Order, the Budget, or prior to entry of the Budget, he shall send a written notification to all members of the PBC. If no objections are sent to Trustee within two (2) business days of service, Trustee is authorized to withdraw monies from the PACA Trust Account to pay the expenses.  If an objection to a payment is made by any member of PBC and cannot be resolved by

the parties, the objecting party must, within ten (10) days after the date of its objection, submit the dispute to this Court for resolution. If expenses are incurred that result in liquidation of assets to be deposited into the Non-PACA Account, those expenses must be paid from the Non-PACA Trust Account.

### V.   ESTABLISHMENT OF PACA TRUST ACCOUNT

16.   Within three (3) business days of the date of the entry of this Order, Defendants shall provide the Trustee with a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable, and all other assets held in Z&S Fresh's name or in which Z&S Fresh has a beneficial interest ("Asset List"). Copies of the Asset List shall be served upon counsel listed in ¶36(c), and Defendants shall specifically designate each item on the Asset List that they claim are not derived from the sale of Produce and therefore not subject to the PACA Trust.

17.   The Trustee shall open two interest bearing accounts associated with the PACA Trust. One account shall be called the "PACA Trust Account", and the other account shall be called "Non-PACA Trust Account". Defendants shall provide the Trustee with Z&S Fresh's tax identification number in order for Trustee to open these accounts.

18.   The proceeds from the liquidation of Non-PACA Trust Assets and therefore not subject to the PACA Trust, if any, shall be delivered to the Trustee and deposited into the Non-PACA Trust Account. The funds in the Non-PACA Account shall be held until the rights to those funds have been determined by this Court.

19.   No distributions or withdrawals may be made from the PACA Trust Account or the Non-PACA Account, except as authorized by this Order, the PBC or by further order of this Court. The PACA Trust Account is for the benefit of the all the PACA Claimants and is not subject to execution by any other creditor of the Defendants.

20.   Any and all interest that accrues on the funds in the PACA Trust Account

and the Non-PACA Account, from the date the accounts are opened to the date of distribution, shall follow the funds into the hands of the party(ies) ultimately deemed entitled to such funds.

21. Defendants, their agents, employees, and assigns, and persons acting in concert with them, shall fully cooperate with the Trustee by delivery to him of all property records, books of account, budgets, computer passwords and login information, production records, contracts, and other documents, wherever located, pertaining to the PACA Trust Assets.

22. Pending further order of this court, Defendants, their agents, employees, and assigns, shall take no action of any kind with respect to the PACA Trust Assets or the records referring to the PACA Trust Assets, except as directed by the Trustee.

23. Trustee shall not be obligated to determine which assets are PACA Trust Assets or Non-PACA Trust Assets. The PACA Trust shall indemnify and hold Trustee harmless from any and all liability related to such decisions and for any decisions by PBC. In the event of a dispute arises regarding the nature of an asset, the Trustee is authorized, in his discretion, to liquidate the asset. The proceeds of the disputed asset shall be deposited into the Non-PACA account pending determination by this Court.

24. Subject to authorization by PBC, the Trustee shall bring and prosecute all proper actions for the collection of contract proceeds due, or for the protection of the PACA Trust Assets, or to recover possession of the trust assets from any person.

25. The Trustee may at any time apply to this court for further instructions or powers necessary to enable the Trustee to perform his duties properly.

### VI.   LIQUIDATION OF THE PACA ASSETS

26. Defendants shall maintain the integrity and security of the financial, business and electronic records of Z&S Fresh, including accounts payable and receivable.

27. Upon reasonable notice, Defendants shall provide the Trustee or any

member of the PBC with access to the business books and records of Z&S Fresh, including, without limitation, all invoices, corporate organizational documents, minutes, PACA license records, records of stock ownership and transactions, bank records, payroll records, capital account records, lending and borrowing transactions, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices, all records of any transactions between Defendants and between the Defendants and any entities controlled or owned in part by any Defendant, and access to  Z&S Fresh's computers, computer software and related passwords.

28. The Trustee shall liquidate the accounts receivable and other assets of Z&S Fresh, and shall preserve all moneys collected for the benefit of all creditors of Z&S Fresh, and shall place the proceeds from the accounts receivable and other assets into the PACA Trust Account or the Non-PACA Trust Account as appropriate.

29. Z&S Fresh must immediately transfer all monies in its possession, custody or control or which come into its possession, custody or control, including, without limitation, unnegotiated checks, bank account balances, cash, proceeds from the sale of any property interests impressed with the PACA Trust and proceeds of Z&S Fresh's accounts receivable and inventory to the Trustee for deposit into the PACA Trust Account.

30. Within three (3) days after entry of this Order, Defendants shall notify all banks and financial institutions in which Funds are on deposit of the existence of this Order.  Any bank or financial institution holding any assets of Z&S Fresh is directed, upon receipt of this Order via facsimile or otherwise, to transfer the funds in that account to the Trustee for deposit into the PACA Trust Account.

31. Within five (5) business days after entry of this Order, Defendants and their agents shall deliver any and all assets of Z&S Fresh to the Trustee for liquidation, and all funds of Z&S Fresh on deposit in the client trust accounts of counsel for any party

shall be delivered to the Trustee for deposit into the PACA Trust Account or Non-PACA Account as appropriate.

## VII.   CLAIMS PROCEDURE

32.   All qualified PACA Trust Claimants of Z&S Fresh have the right to share pro-rata with Logoluso and the Meuers Law Firm Group in any distribution of PACA Trust Assets recovered in accordance with this Order.

33.   The efficient administration of justice requires that all persons claiming to be PACA trust creditors of Z&S Fresh assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claims, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of the Defendants herein.

34.   Joinder of all potential PACA trust creditors shall be accomplished by the Trustee notifying all known creditors of Z&S Fresh, as identified in Z&S Fresh's most recent accounts payable list, who have not appeared in this action, that they must serve a verified PACA Proof of Claim by the Deadline set forth below or lose their rights as PACA trust creditors.

| Deadline | Date |
|---|---|
| Deadline to Issue Notice of Deadlines | Monday, June 29, 2009 |
| Deadline to File PACA Proof of Claim & File Complaint in Intervention | Monday, July 13, 2009 |
| Deadline to File Objections to Claims | Thursday, July 23, 2009 |
| Deadline to File Responses to Claims Objections | Monday, August 03, 2009 |
| Deadline to File Motion to Determine Validity of Claim | Monday, August 10, 2009 |
| Deadline to File PACA Trust Chart | Monday, August 10, 2009 |
| Deadline to File Objections to PACA Trust Chart | Monday, August 17, 2009 |
| Deadline for Interim Distribution | Monday, August 24, 2009 |

35.   On or before Monday, June 29, 2009, the Trustee shall notify all potential PACA trust claimants and creditors of Z&S Fresh of the PACA trust claim procedure set forth herein by registered or certified mail, return receipt requested, by mailing a notice substantially similar to the form attached hereto as Exhibit "A".  The reasonable costs and attorney's fees incurred in disseminating this Notice shall be deducted from the

PACA Trust Account.

36. On or before Monday, July 13, 2009, any creditor claiming PACA trust rights against Z&S Fresh and wishing to share in any distribution in this action must:

    a. File with the Court a verified[5] PACA Proof of Claim substantially similar to the form attached hereto as Exhibit B, together with all supporting documents;

    b. File with the Court a Complaint in Intervention that complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and serve the Complaint in Intervention, along with all supporting documentation, on all counsel of record in this case and specifically those counsel identified in subsection "a" of this paragraph; and

    c. Serve the PACA Proof of Claim, Complaint in Intervention and all supporting documentation, on the following counsel:

| | |
|---|---|
| **MEUERS LAW FIRM, P.L.**<br>Katy Koestner Esquivel<br>5395 Park Central Court<br>Naples, FL 34109-5932<br>Telephone: (239)513-9191<br>Facsimile: (239)513-9677<br>kesquivel@meuerslawfirm.com<br>*Attorneys for Meuers Law Firm Group* | **RYNN & JANOWSKY, LLP**<br>Bart M. Botta<br>4100 Newport Place Drive<br>Suite 700<br>Newport Beach, CA 92660-2423<br>Telephone: (949) 752-2911<br>bart@rjlaw.com<br>*Attorneys for Rynn & Janowsky Group* |
| **COX, CASTLE & NICHOLSON LLP**<br>Randy P. Orlik<br>2049 Century Park East<br>28th Floor<br>Los Angeles, CA 90067<br>Phone: 310.284.2229<br>Fax: 310.277.7889<br>ROrlik@coxcastle.com<br>*Attorneys for Bank of the West* | **WOOD, SMITH, HENNING & BERMAN LLP**<br>Patrick S. Schoenburg<br>7580 N. Ingram Avenue, Suite 108<br>Fresno, CA 93711<br>Tel: (559) 437-2870<br>Fax: (559) 438-1350<br>pschoenburg@wshblaw.com<br>*Attorneys for Martin Zaninovich* |
| **MARTYN AND ASSOCIATES**<br>Devin J. Oddo<br>820 Superior Avenue N.W.<br>Tenth Floor<br>Cleveland, OH 44113<br>Tel: (216) 861-4700<br>Fax: (216) 861-4703<br>djoddo@martynlawfirm.com<br>*Attorneys for the Del Monte Group* | **PERKINS, MANN & EVERETT, PC**<br>Jan T. Perkins<br>2222 West Shaw Avenue, Suite 202<br>Fresno, CA 93711<br>Tel: (559) 447-5700<br>Fax: (559) 447-5600<br>jperkins@pmelaw.com<br>*Attorneys For Logoluso Farms* |

37. **ANY CLAIMS NOT TIMELY FILED SHALL BE FOREVER BARRED**

---

[5] All claims shall be verified by either the owners or the authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

and any documents relied upon by any PACA claimant to support its claim which are not served in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

38. Having intervened and filed a Proof of Claim in this case, each person or entity is bound by all Orders entered in this case.

39. On or before Thursday, July 23, 2009, any objection to any PACA trust claim, which may be made by any party in interest, shall be filed and served upon the PACA claimant and all counsel listed in ¶36(c). The objection must set forth in detail the legal and factual basis for the objection to each invoice or claim document subject to the objection and attach any documents on which the objection is based.

40. On or before Monday, August 03, 2009, the PACA claimant whose claim is subject to an objection may file and serve on all counsel listed in ¶36(c) and the attorney for the objecting party, a detailed response to the objection.

41. The claimant and the objecting party shall exercise their best efforts to resolve any objections to the PACA Proofs of Claim. In the event the parties are unable to resolve the dispute, or the dispute is not withdrawn, on or before Monday, August 10, 2009, the PACA claimant must file with the Clerk of the Court and counsel for the objecting party, a separate motion to determine the validity, priority or amount of its alleged PACA Claim.

42. Any PACA Proof of Claim to which no objection has been filed and served by the objection date shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim.

43. Claims for which an objection has been filed and served, and no timely response was filed and served, shall be disallowed to the extent of the objection.

44. On or before Monday, August 10, 2009, the Trustee shall prepare the PACA Trust Chart, which shall list:

- a) Each person or entity having filed a PACA Proof of Claim;
- b) The amount of its claim as set forth on the PACA Proof of Claim;
- c) The amount of each claim that is deemed a Valid PACA Claim;
- d) The amount of each claim that is deemed invalid due to no response to a Valid Objection being filed or a determination by this Court;
- e) The amount, if any, of each claim subject to a pending Valid Objection;
- f) The funds available for an interim distribution equal to ninety percent (90%) of the funds ("Available Funds") in the PACA Account less any expenses, such as the Trustee's fees and expenses, and professional fees and expenses, paid from such PACA Trust Account described in the Order; and
- g) The pro-rata distribution of the Available Funds to the Valid PACA Claims on a pro-rata basis allowing for a reserve in the event all pending Valid Objections are overruled.

The PACA Trust Chart shall be filed with the Court by the Trustee and served upon all PACA Trust Claimants having properly and timely served a PACA Proof of Claim.

45. Any and all objections to the proposed pro-rata distribution as listed on the PACA Trust Chart must be filed and served upon the Trustee by Monday, August 17, 2009. The objections to the PACA Trust Chart shall specify the legal and/or factual basis for the objection. The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms. Any timely objections to the PACA Trust Chart shall be resolved between the parties or, if no amicable resolution is reached, submitted to the Court on motion for ruling.

46. If no PACA Trust Beneficiary files an objection to the proposed treatment of its claim as listed on the PACA Trust Chart, all figures on the Trust chart that are uncontested shall be conclusively determined.

47. On or before Monday, August 24, 2009, absent timely Valid Objection to the PACA Trust Chart or portion thereof, the Trustee shall distribute the Available Funds *pro-rata* to the holders of undisputed claims listed on the PACA Trust Chart. The

Trustee will make the distribution payable to the name and at the address set forth on the PACA claimant's Declaration, or to the client trust account of the PACA claimant's attorney of record.  Each attorney has the duty to then distribute the funds to his client(s) in accordance with the PACA Trust Chart subject to any contrary fee agreement among the attorney and his clients.

48. The *pro-rata* portion of <u>disputed</u> PACA claims, if any, will be held in the PACA Trust Account, until the time the objections to PACA claims are resolved, in which case the reserve portion will be either used to make the *pro-rata* distribution to the PACA claimant if the PACA claimant prevails, or made available for distribution to other valid PACA trust claims, if the objecting party prevails.

49. The same procedures will be used to make subsequent distributions.  The Trustee must prepare and file with this Court and serve upon all parties a PACA Trust Chart.  All parties have ten (10) days from service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart.  Absent timely, valid objections, the Trustee shall make the distribution set forth in the PACA Trust Chart.

## VIII.   PROCEDURAL ISSUES

50. This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, the PACA Trust Account and the Non-PACA Account established pursuant to this Order.  The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

51. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26(a) of the Federal Rules of Civil Procedure.

52. Service is permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via U.S. Mail or personal service on the date of e-mail service, and service via e-mail shall be made to the following e-mail addresses identified above.  All filings will

be accompanied by a certificate of service.

53. Defendants are granted until August 12, 2009 to file an omnibus response to the Complaints in Intervention and Amended Complaints. Defendants retain their right to object to any claims made herein, including those of the Meuers Law Firm Group, Logoluso and the Rynn & Janowsky Group.

54. Logoluso's Complaint in Intervention is deemed filed as of the date of entry of this Order.

55. Any and all pending action(s) by or on behalf of other persons or entities holding claims against Z&S Fresh, its officers or employees, which arise or relate to the PACA trust or unpaid deliveries of Produce are hereby stayed and all subsequent actions by any unpaid seller of Produce to Z&S Fresh are hereby barred. This prohibition shall apply to all actions or proceedings in all courts or other forums, pending further order of this Court, excluding any actions before the United States Department of Agriculture. Except as set forth herein, all persons or entities having unsatisfied claims against Z&S Fresh, its principals, officers or employees, arising under or relating to the PACA trust for unpaid deliveries of Produce to Z&S Fresh shall have the right to seek a recovery on such claims in this action only by following the procedure established herein.

**IT IS SO ORDERED.**

DATED: <u>6/24/09 at 2:15 p.m.</u>           <u>/s/ OLIVER W. WANGER</u>
                                             Hon. Oliver W. Wanger
                                             U.S. District Court Judge