1  WALTER & WILHELM LAW GROUP
   a Professional Corporation
2  Riley C. Walter #91839
   Michael L. Wilhelm #101495
3  7110 North Fresno Street, Ste. 400
   Fresno, CA 93720
4  Telephone:   (559) 435-9800
   Facsimile:    (559) 435-9868
5  E-mail:       rileywalter@W2LG.com

6  Attorneys for Z&S Fresh, Inc. and Martin J. Zaninovich

(SPACE BELOW FOR FILING STAMP ONLY)



FILED

JUL 30 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

7

8           IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

11  ONIONS ETC., INC. and DUDA FARM          CASE NO.  1:09-CV-00906-OWW-SMS
    FRESH FOODS, INC.,
12
              Plaintiff,
13
          v.                                 STIPULATION FOR REPAYMENT OF
14                                           GROWER ADVANCES AND ORDER
    Z&S FRESH, INC., fdba Z&S                THEREON
15  DISTRIBUTING CO., INC., MARTIN J.
    ZANINOVICH, LOREN SCHOENBURG,
16  and MARGARET aka MARGE
    SCHOENBURG,
17
              Defendants.
18

19
       THIS STIPULATION FOR REPAYMENT OF GROWER ADVANCES (this

20  "Stipulation") is made this _____ day of July, 2009 by and between  Z&S FRESH, INC., a

21  California corporation ("Z&S") and MARTIN LEON LIZARRAGA, an individual

22  ("Grower"), at Fresno, California, as described below.  Z&S and Grower are singularly

23  referred to as a "party" and collectively as the "parties" on a generic basis.  The Trustee of

24  the PACA Trust described below has approved this in his capacity as Trustee although he

25  is not a party.  The advances to be repaid by this Stipulation are subject to the Court's

26  jurisdiction.

27  ///

28  ///

### Recitals

This Stipulation is made with reference to the following circumstances and facts:

A.      Z&S was a fresh produce broker and distributor that ceased active business operations on June 3, 2009.  MARTIN J. ZANINOVICH, an individual ("Zaninovich"), is the sole shareholder of Z&S;

B.      Grower is a farmer in the State of Sonora, United Mexican States, who grows, among other things, "Flames" and "Sugraone" table grapes for export to the United States of America (the "Produce");

C.      On or about March 1, 2007, Z&S, as the distributor, and Grower, as the grower, entered into a "Distribution Agreement" (the "Distribution Agreement");

D.      On or about November 20, 2008, and to supplement the Distribution Agreement, Z&S and Grower entered into Schedule No. 3 ("Schedule No. 3") to the Distribution Agreement (the Distribution Agreement and Schedule No. 3 collectively the "Agreement") concerning the 2008-2009 crop of the Produce (the "2009 Crop").  A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth at length;

E.      Pursuant to Section 3.1, "Advances," of the Agreement, Z&S made monetary advances to Grower concerning the 2009 Crop (the "2009 Crop Advances"). The date and amount of each 2009 Crop Advance is as follows:

| CONTRACT DATE | ADVANCE DATE | AMOUNT |
|---|---|---|
| December 4, 2008 | December 9, 2008 | $75,000.00 |
| January 8, 2009 | January 13 & 14, 2009 | $75,000.00 |
| January 27, 2009 | January 28, 2009 | $75,000.00 |
| February 10, 2009 | February 10, 2009 | $75,000.00 |
| February 24, 2009 | February 20, 2009 | $75,000.00 |
| March 17, 2009 | March 13, 2009 | $75,000.00 |
| April 14, 2009 | April 14, 2009 | $75,000.00 |
| May 12, 2009 | May 4, 8 and 19, 2009 | $75,000.00 |
| **TOTAL** | | **$600,000.00** |

The outstanding balance owed on account of the 2009 Crop Advances is the sum of Six Hundred Sixteen Thousand One Hundred Eighty Nine Dollars and Twenty-

One Cents ($616,189.21) as of July 7, 2009 and which accrues at $119.18 per day until paid;

F.      Pursuant to Sections 4.1, "Pick and Pack," and 4.2, "Expenses," of the Agreement, Z&S incurred expenses concerning the 2009 Crop (the "2009 Crop Additional Advances"). The 2009 Crop Additional Advances were incurred by Z&S on Grower's behalf. The below listed 2009 Crop Additional Advances have been paid or assumed by Grower and Grower agrees to hold Z & S harmless from all such claims.

| COMPANY | INVOICE NO. | DATE | FOR | AMOUNT |
|---|---|---|---|---|
| Al's Manufacturing, Inc., dba AMI ("AMI") | 15584 (Trailer No. T61355) | May 20, 2009 | Pallets | $5,170.00 |
| AMI | 15585 (Trailer No. 75872) | May 20, 2009 | Pallets | $5,170.00 |
| AMI | 15586 (Trailer No. 537615) | May 20, 2009 | Pallets | $5,170.00 |
| Agri-Packing Supply, Inc. ("APS") | 45306 (Delivery Inv. No. 17323-1 | April 29, 2009 | Packing Materials | $1,560.00 |
| APS | 45671 (Delivery Inv. No. 17690-1 | May 25, 2009 | Packing Materials | $40,277.80 |
| Naumann Hobbs Material Handling ("NHMH") [References as "Z & S Distributing; Customer No. 118643] | CS300000365-1 | May 27, 2009 | Equipment Rental | $681.00 |
| NHMH | CS300000366-1 | May 27, 2009 | Equipment Rental | $681.00 |
| NHMH | CS300000367-1 | May 27, 2009 | Equipment Rental | $681.00 |
| NHMH | CS300000368-1 | May 27, 2009 | Equipment Rental | $681.00 |
| NHMH | CS300000369-1 | May 27, 2009 | Equipment Rental | $681.00 |
| NHMH | CS300000370-1 | May 27, 2009 | Equipment Rental | $1,334.50 |

| NHMH | | CS300000371-1 | May 27, 2009 | Equipment Rental | $1.362.00 |
|------|------|--------------|--------------|------------------|-----------|
| NHMH | | CS300000372-1 | May 27, 2009 | Equipment Rental | $681.00 |
| Suarez Co., Inc. | Brokerage | EB316-09 | May 15, 2009 | Customs Bond | $450.00 |
| **TOTAL** | | | | | $64,580.30 |

G.     On June 3, 2009 Z&S ceased business operations;

H.     On June 30, 2009 the United States District Court for the Eastern District of California in civil proceeding 1:09-CV-00906-OWW-SMS entered its order appointing Terence J. Long as Trustee of a PACA Trust.  A copy of said Order is attached hereto Exhibit B;

I.     Z&S and Martin Zaninovich acknowledge that the sums owed by Grower to Z&S specifically stem from sales of fresh produce and that said sums are property of the PACA Trust and should be paid over to the Trustee to be held pursuant to the terms of Exhibit B.

NOW, THEREFORE, the parties expressly stipulate and agree as follows:

## Stipulation

1.     Agreement to Pay.

1.1.     Payment.  Grower will pay the sum of $616,189.21 plus $119.18 per day from July 7, 2009 to Z&S by a cashier's check within 72 hours of entry of an Order Approving this Stipulation.

1.2.     Additional Advances. The parties agree and acknowledge that the Distribution Agreement is cancelled and terminated and there will be no further advances to Grower.

///

///

2.      General Releases.

2.1.    By Grower in Favor of Z&S.  For good and valuable consideration, the adequacy and receipt of which Grower acknowledges, and upon each party's full and complete performance of its respective duties, obligations and responsibilities under this Stipulation, Grower agrees to release, remise and forever discharge Z&S and its parent, subsidiary or affiliated organizations, accountants, administrators, agents, assignees, attorneys, beneficiaries, conservators, directors, employees, executors, guardians, heirs, independent contractors, joint venturers, members, officers, partners, personal representatives, predecessors, representatives, servants, stockholders, successors, and all others acting for, under, or in concert with it, past, present, and future, of and from any and all past, present and future accounts, actions, agreements, causes of action, claims, costs or expenses (including, but not limited to, attorneys' fees and disbursements), damages, debts, demands, liabilities, losses, obligations, or reckonings of any kind or nature whatsoever, for compensatory or exemplary and punitive damages, or declaratory, equitable or injunctive relief, whether based on contract, tort, or other theories of recovery provided for by the common or statutory law, ascertained or unascertained, known or unknown, patent or latent, suspected or claimed, arising out of, concerning or related in any way to any breach of the Agreement by Z&S arising prior to the Effective Date.

2.2.    By Z&S in Favor of Grower.  For good and valuable consideration, the adequacy and receipt of which Z&S acknowledges, and upon each party's full and complete performance of its respective duties, obligations and responsibilities under this Stipulation, Z&S agrees to release, remise and forever discharge Grower and his accountants, administrators, agents, assignees, attorneys, beneficiaries, conservators, directors, employees, executors, guardians, heirs, independent contractors, joint venturers, members, officers, partners, personal representatives, predecessors, representatives, servants, stockholders, successors, and all others acting for, under, or in concert with him, past, present, and future, of and from any and all past, present and future accounts, actions, agreements, causes of action, claims, costs or expenses (including, but not limited to, attorneys' fees and disbursements), damages, debts,

demands, liabilities, losses, obligations, or reckonings of any kind or nature whatsoever, for compensatory or exemplary and punitive damages, or declaratory, equitable or injunctive relief, whether based on contract, tort, or other theories of recovery provided for by the common or statutory law, ascertained or unascertained, known or unknown, patent or latent, suspected or claimed, arising out of, concerning or related in any way to any breach of the Distribution Agreement by Grower arising prior to the Effective Date.

2.3.    Waiver of California Civil Code Section 1542. Z&S and Grower certify that they read and understand California Civil Code Section 1542, which states as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.*

Z&S and Grower also understand and acknowledge the significance and consequence of a waiver of California Civil Code Section 1542, and that said waiver is an essential and material term of this Stipulation. With respect to this Stipulation, Z&S and Grower voluntarily waive the provisions of California Civil Code Section 1542, if in any way applicable, as well as the provisions of all comparable, equivalent, or similar principles of the common or statutory law.

2.4.    Warranties of Z&S and Grower. Each party understands, acknowledges, agrees, represents and warrants to the other parties as follows: (a) it is empowered to execute this Stipulation; (b) its execution of this Stipulation is free and voluntary; (c) nothing released by either Z&S or Grower pursuant to Section 2.2 or 2.3, as applicable has been assigned, conveyed, sold, transferred or otherwise disposed of by any party; and, (d) it fully understands that if facts relating to this Stipulation, are hereafter found to be different from facts now believed by it to be true, it has accepted and assumed the risk of such error and agrees that this Stipulation shall remain effective notwithstanding discovery of such error.

///

///

3.     Attorneys' Fees and Costs.  Each party shall bear its own attorneys' fees and disbursements concerning the negotiation, preparation and execution of this Stipulation on or before the Effective Date.  In the event of any action at law or in equity between the parties hereto to enforce or interpret this Stipulation, the unsuccessful party or parties to such litigation shall pay to the successful party or parties all costs and expenses, including reasonable attorneys' fees, incurred therein by such successful party or parties and, if such successful party or parties shall recover judgment in any such action or proceedings, such costs, expenses and attorneys' fees may be included in and as a part of such judgment.  The successful party or parties shall be the party who is entitled to recover his costs of suit, whether or not the suit proceeds to final judgment.  If no costs of suit are awarded, the successful party or parties shall be determined by the court.

4.     Warranties of the Parties.  Each party understands, acknowledges, agrees, represents and warrants to the other party that it has received independent legal advice from its attorneys with respect to the advisability of entering into this Stipulation or has intentionally elected not to seek the advice of counsel and has carefully reviewed and considered the terms and conditions of this Stipulation, that it is empowered to execute this Stipulation, and that its execution of this Stipulation is free and voluntary.

5.     Further Assurances.  Each party shall execute and deliver any and all additional papers, documents or other assurances and shall perform any further acts which may be reasonably necessary to carry out the intent of the parties and this Stipulation, including as required under Mexican law.

6.     Notices.  Any and all notices, demands or communications required or desired to be given hereunder by any party shall be in writing and shall be validly given or made to another party if served either personally or if deposited in the United States Mail, certified or registered, postage prepaid, return receipt requested.  If such notice, demand or other communication be served personally, service shall be conclusively deemed made at the time of such personal service.  If such notice, demand or other communication be given by mail, service shall be conclusively deemed given forty-eight (48) hours after the deposit

thereof in the United States Mail, addressed to the person to whom such notice, demand or other communication is to be given at the following addresses:

| | |
|---|---|
| Z&S: | MR. MARTIN J. ZANINOVICH<br>President<br>2571 West Lake Van Ness<br>Fresno, California 93711<br>Telephone No 559-269-2320<br><br>P.O. Box 27794<br>Fresno, California 93729 |
| Grower: | MR. MARTIN LEON LIZARRAGA<br>Calle 9 No. 199 Oeste<br>C.P. 83600<br>Caborca, Sonora, Mexico<br>Telefax No. 011-52-637-2-5135 |

Either party may change its address for purposes of this Section 6 by giving written notice to the other party.

7.    Binding Effect.  This Stipulation shall inure to and for the benefit of and be binding upon each party's respective parent, subsidiary or affiliated organizations, administrators, agents, attorneys, beneficiaries, conservators, custodians, directors, employees, executors, guardians, heirs, independent contractors, joint venturers, members, officers, partners, predecessors, representatives, servants, stockholders, successors, and all others acting for, under, or in concert with it, including associations, corporations, limited liability companies, and general or limited partnerships, past, present, and future.

8.    No Third Party Beneficiary.  This Stipulation is made for the sole benefit of the parties and their respective successors and assigns and no other person or persons shall have any right of action hereon.

9.    Entire Agreement.  This Stipulation and any documents that may be prepared in accordance with Mexican law as set forth in Section 5, contain the entire agreement between the parties and constitute an integration of the entire Stipulation, agreement, contract, promise and understandings of the parties.  All prior agreements, conditions, contracts, promises, representations, understandings, or warranties, whether oral of

1  written, express or implied, concerning the subject matter of this Stipulation, the

2  Stipulation is expressly superseded hereby and have no further force or effect.  To the

3  extent any conditions, provisions or terms of this Stipulation, this Stipulation shall control

4  and otherwise govern.

5  10.    Modification.  This Stipulation may not be altered, amended, or modified in any

6  respect, except by a writing duly executed by all the parties.

7  11.    Governing Law.  Notwithstanding anything to the contrary in the Agreement, this

8  Stipulation shall be construed, enforced, governed by, interpreted and performed

9  pursuant to the internal laws, and not the law of conflicts, of the State of California

10  applicable to agreements, contracts and understandings made and to be performed in

11  such state.  The parties also agree that this Stipulation is made and to be performed in

12  Fresno County, California, and therefore that the only proper venue for any litigation shall

13  be the Fresno County Superior Court.

14  12.    Construction.  Headings are used herein for convenience only and shall have no

15  force or effect in the construction or interpretation of this Stipulation.  As used in this

16  Stipulation, the singular includes the plural and masculine includes the feminine and

17  neuter.  This Stipulation shall not be construed against the party drafting it but shall be

18  construed fairly and equitably as though it was the joint product of the parties.  Except

19  where the context otherwise requires, all references to the term of this Stipulation shall

20  include any extensions of such term.  The time in which any act under this Stipulation is

21  to be done shall be computed by excluding the first day and including the last day.  If the

22  last day of any time period shall fall on a Saturday, Sunday or legal holiday, then the

23  duration of such time period shall be extended so that it shall end on the next succeeding

24  day which is not a Saturday, Sunday or legal holiday. To the extent used or subsequently

25  used in an amendment to this Stipulation, the word "day" shall mean a "calendar" day and

26  the phrase "business day" shall mean those days on which the Fresno County Superior

27  Court is open for business.  The parties acknowledge, understand and agree that their

28  respective agents and representatives executing this Stipulation on behalf of each of the

parties are learned and conversant in the English language, and that the English language

1  shall control the construction, enforcement, governance, interpretation and performance of
2  this Stipulation.

3      Initials of Z&S: _____      Initials of Grower: _____

4  13.    Counterparts/Facsimiles.  This Stipulation may be executed in counterparts, each
5  of which shall be deemed an original,  and said counterparts constitute one (1) and the
6  same instruments which may be sufficiently evidenced by a counterpart.  A facsimile,
7  telecopy or other reproduction of this Stipulation may be executed by a party, and an
8  executed copy of this Stipulation may be delivered by a party by facsimile or similar
9  instantaneous electronic transmission device pursuant to which the signature of or on
10  behalf of such party can be seen, and such execution and delivery shall be considered
11  valid, binding and effective for all purposes.  At the request of either party, the parties
12  agree to execute an original of this Stipulation as well as any facsimile, telecopy or other
13  reproduction hereof.

14  14.    Court Approval.  The parties agree that the funds to be paid to Z&S by Grower
15  are subject to the existing valid claims of produce sellers pursuant to the provisions of
16  the Perishable Agricultural Commodities Act and are therefore subject to the jurisdiction
17  of the Court described at Recital G and subject to the terms of Exhibit B.  Z&S agrees
18  that a precondition of Grower's obligation to pay Z&S is receipt of a court order
19  approving this Stipulation which directs Z&S to pay said funds over to the Trustee of the
20  PACA Trust.  Z&S warrants and agrees that the cashier's check to be received from
21  Grower will be immediately hand delivered to the Trustee of the PACA Trust upon
    receipt.  The parties consent to entry of the Order as shown below.

22  ///
23  ///
24  ///
25  ///
26  ///
27
28

15.   Effective Date.  This Stipulation shall become effective as of the Effective Date upon its execution by all of the parties.  The parties consent to entry of the Order shown below.

DATED:  July 14, 2009                    Z & S FRESH, INC., a California corporation

                                         /s/ Martin J. Zaninovich
                                    By: _____
                                         MARTIN J. ZANINOVICH
                                    Its:  President

DATED: July ___, 2009               MARTIN LEON LIZARRAGA, an individual
                                    ("Grower")

                                    /s/ Martin Leon Lizarraga
                                    _____
                                    MARTIN LEON LIZARRAGA

DATED:  July 14, 2009               MARTIN  J.  ZANINOVICH,  an  individual
                                    ("Zaninovich")

                                    /s/ Martin J. Zaninovich
                                    _____
                                    MARTIN J. ZANINOVICH

**APPROVED AS TO FORM AND CONTENT**

/s/ Terence J. Long
_____
TERENCE J. LONG, Trustee pursuant to
Order of United States District Court,
Eastern District of California dated
June 30, 2009

///
///
///
///

1

## ORDER

2    At Fresno, in the Eastern District of California, this 24th day of July, 2009.

3        The parties to the above Stipulation having agreed that this Court may enter its

4    Order approving their Stipulation to pay certain funds into the PACA Trust as ordered by

5    this Court on June 30, 2009, and good cause appearing for such Order, now therefore,

6        IT IS HEREBY ORDERED that the above Stipulation be, and hereby is, adopted

7    and made the order of this Court,

8

9

10    Oliver W. Wanger, Senior District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR REPAYMENT OF GROWER                -12-  C:\Windows\Temp\notes101AA1\stipulation.071309.gaa.doc
ADVANCES AND ORDER THEREON

EXHIBIT "A"


The Agreement


[ATTACHED]

EXHIBIT "B"

Order

[ATTACHED]

1

EXHIBIT "A"

2

3

4                                              The Agreement

5

6

7

8                                              [ATTACHED]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SCHEDULE A TO
### DISTRIBUTION AGREEMENT

This **Schedule No. 3** (this "Schedule") is made and entered into as of this 20th day of November 2008 (the "Schedule Effective Date"), and is executed pursuant to the Distribution Agreement dated as of March 1, 2007 (the "Effective Date"), by and between **Z & S Fresh, Inc.**, a California corporation ("Distributor") and **Martin Leon Lizarraga**, an individual ("Grower"), incorporated in this Schedule by this reference (the "Distribution Agreement" and, together with this Schedule, the "Agreement"). Unless otherwise defined in this Schedule, capitalized terms used in this Schedule have the respective meanings assigned to such terms in the Distribution Agreement. If any provision of this Schedule conflicts with any provision of the Exclusive Distribution Agreement, the provisions contained in this Schedule shall prevail. Distributor and Grower each represent, warrant and agree that their respective representations and warranties contained in the Distribution Agreement are restated as of the Schedule Effective Date and are true and correct as of such date.

### SECTION 2.1A
### ADDRESS AND LEGAL DESCRIPTION OF THE LAND

Those lands known as Maribel Ranch and Vinedo Maribel located in the "El Deseo" region at Km. 33 Carretera Caborca-Puerto Lobos in Caborca, Sonora, Mexico as registered in *Escritura* No. 4,584, *Volumen* LXIX, dated May 2, 1978, before *Notario Publico* No. 23, Lic. Pedro Mata Quiñones, and registered in *El Registro Publico de la Propiedad y de Comercio* under No. 14757, *Sección* I, *Volumen* XXXIII dated May 11, 1978, and more particularly described as follows: *Clave Catastral* A-65-2-0311.

### SECTION 2.1B
### DESCRIPTION OF SEASON

2009 Mexico grape season.

### SECTION 2.1C

The following types of grapes in the following approximate amounts, it being understand the Grower shall have the right, in good faith, to choose which of the packages of grapes shall be shipped to Distributor

| Commodities | Number of Packages | Hectares |
| --- | --- | --- |
| Flames grapes | 25,000 | |
| Sugraone grapes | 125,000 | 100 |

### SECTION 2.1D
### LOCATION OF DISTRIBUTOR'S WAREHOUSE

Nogales, Arizona.

//

//

·\NFCFILE\'apps\Word Docs\10414\10414.011\SCHEDULEA-NO.3.master.doc

## SECTION 2.2
## HARVEST SCHEDULE
## MONTH AND YEAR

From approximately May 26, 2009 through July 4, 2009, 150,000 boxes of grapes, consisting of 25,000 packages of Flames 125,000 packages of Sugraones.

## SECTION 2.3
## INITIAL CIRCUMSTANCES UNDER WHICH DISTRIBUTOR WILL SELL THE PRODUCE TO RELATED PARTIES

None.

## SECTION 3.1
## ADVANCES

| Date | Money | Goods |
|------|-------|-------|
| December 4, 2008 | US $75,000.00 | |
| January 8, 2009 | US $75,000.00 | |
| January 27, 2009 | US $75,000.00 | |
| February 10, 2009 | US $75,000.00 | |
| February 24, 2009 | US $75,000.00 | |
| March 17, 2009 | US $75,000.00 | |
| April 14, 2009 | US $75,000.00 | |
| May 12, 2009 | US $75,000.00 | |
| | | Cartons- at such times and in such quantities as Distributor desires, it its sole discretion. |

## SECTION 3.2A
## INTEREST RATE PER ANNUM ON ADVANCES

Prime plus 4% of Comerica in Fresno, California.

## SECTION 3.2B
## DUE DATE OF ADVANCES

August 31, 2009.

## SECTION 4.1
## PICK AND PACK

The Pick and Pack payments will be made on Friday of each week for the packages of Produce sold by Distributor during the period from the Friday of the previous week through the Thursday preceding the Friday payment (the "Pick and Pack Period"). The amount of pick and pack shall be i) US $1.00 for each package of the Produce sold during the Pick and Pack Period. In addition, on the date of the last Pick and Pack payment during the Season so long as no monies are owed from Grower to Distributor at that time, Distributor shall make an additional payment of Pick and Pack of i) US $1.00 for each package of the Produce sold during the Season.

2

## SECTION 4.2
## EXPENSES PAID BY DISTRIBUTOR AND CHARGED TO GROWER

U.S. and Mexican duties
C.A.A.D.E.S charges
Gov. de Est de Sonora charges
Repacking upon arrival
Brokers' fees and charges
Palletization charges
Material charges
Cooling charges
Crossing and destination inspections
Assessments levied
Collateral fees
Slotting fees
Rebates
Incentive payments
Promotional allowances
Promotional fee in the amount of U.S. $.20 for each package of the Produce received from
    regardless of the actual expense incurred by Distributor.
U.S. freight and other expenses for Produce
    with a quality problem at destination and/or on delivered price sales

## SECTION 4.3
## DUE DATE OF PICK AND PACK AND EXPENSES

August 31, 2009.

## SECTION 4.5A
## CREDITS TO GROWER'S ACCOUNT

Palletization and Pre-cooling, it being understood that such shall not be a separate line item on
the invoice given to the receiver.

## SECTION 4.5B
## AMOUNT OF PALLETIZATION AND PRE-COOLING

Such amount as Distributor shall determine, in its sole discretion

## SECTION 5.1
## DISTRIBUTOR'S COMPENSATION

Ten percent (10%) commission.
U.S. $.25 per package In and Out charge.

## SECTION 5.2
## DISTRIBUTOR'S EXPENSES NOT CHARGED TO GROWER

None.

## SECTION 7.1
## SCHEDULE FOR LIQUIDATIONS

It is expressly understood and agreed that each shipment and sale will not be liquidated separately but a running accounting by invoice shall be made on Friday of every week during the Season for revenues and deductions relating to the period greater than 31 days from the date of the preliminary liquidation.

## SECTION 7.2
## DUE DATE OF FINAL LIQUIDATION

August 31, 2009.

## SECTION 7.3A
## DESCRIBE ANY PRIOR DEBT TO BE CARRIED OVER TO SEASON COVERED BY THIS SCHEDULE

None.

## SECTION 7.3B
## INTEREST RATE PER ANNUM ON FINAL LIQUIDATION IF NOT TIMELY PAID

Prime plus 4% of Comerica in Fresno, California.

## SECTION 8.2
## NAMES AND LABELS OF PRODUCE

| NAMES | LABELS |
|---|---|
| Martin Leon Lizarraga | ZS Fresh |

## SECTION 12.1.7
## GROWER RFC NUMBER(S)

LELE-410130-2X3

## SECTION 21
## AMOUNT OF LIABILITY INSURANCE

None.

## SECTION 23.3
## MEXICAN STATE FOR SECURITY INTEREST PERFECTION GOVERNING LAW PURPOSES

Sonora.

## SECTION 25
## TERMINATION DATE OF THE SCHEDULE

August 31, 2009.

## SECTION 27.2
## NAME, ADDRESS AND FAX NUMBER OF GROWER AND GROWER'S ATTORNEY

Martin Leon Lizarraga
Calle 9 No. 199 Oeste
C.P. 83600
Caborca, Sonora, Mexico

Fax: 011-52-637-2-5135

## SECTION 27.4A
## UNITED STATES FORUM

(i) the competent courts of the State of Arizona in the City of Nogales, Arizona, United States of America or (ii) the competent courts of the United States of America, District of Arizona located in Tucson, Arizona

## SECTION 27.4B
## MEXICAN FORUM

Those courts in the City of Caborca, Sonora, Mexican States.

## SECTION 27.4C
## UNITED STATES CHOICE OF LAW

Arizona.

## SECTION 27.4D
## MEXICAN CHOICE OF LAW

Caborca, Sonora.

### |SIGNATURE PAGE FOLLOWS|

**Z & S Fresh, Inc.**

By _____
Martin J. Zaninovich, President

_____
Martin Leon Lizarraga

_____
Date

_____
Date

"Distributor"

"Grower"

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by Martin J. Zaninovich as President of Z & S Fresh, Inc. a California corporation, on behalf of such corporation.

_____
Notary Public

My Commission Expires:

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by Martin Leon Lizarraga.

_____
Notary Public

My Commission Expires:

## PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañía constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 4 de diciembre 2008, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar las gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin-perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a al cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes el cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

## PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from December 4, 2008, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

1 of 3

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (i) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, u en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARÉ (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia equi contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE, ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS OE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúa.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (I) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION.  FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 4 de diciembre 2008.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of December 4, 2008.

SUSCRIPTOR/MAKER

_____
Martin Leon Lizarraga

## PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc, una compañia constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por cientn (4%) de Comerica en Fresno, California anual computado a partir del 8 de enero 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parcialca sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmera u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a al cobro de cualquier suma aquí adeudada, o con relación a cualququier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes al cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

## PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from January 8, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (1) el total de todas las contraprestaciones que constituyen intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituye interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenir, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARÉ (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE, ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIETO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (I) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

\\NFCFILE1\apps\Word Docs\10414\10414.011\PAGAREFORM.SINGLE 010809.DOC

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 8 de enero 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of January 8, 2009.

SUSCRIPTOR/MAKER

_____

Martin Leon Lizarraga

\\WPCFILE1\apps\Word Docs\10414\10414.011\PAGAREFORM.SINGLE 010809.DOC

PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estados Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañía constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 27 de enero 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el Importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a al cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiere tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes el cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from January 27, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action in collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (1) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de las anteriormente mencionadas o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARE (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE, ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (I) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved , contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) In the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE (·or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER's ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

2 of 3

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 27 de enero 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of January 27, 2009.

SUSCRIPTOR/MAKER

_____
Martin Leon Lizarraga

PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañia constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda del Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "primo" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 10 de febrero 2009, y por todo el tiempo en que esté insoluto el adeudo, sin prejuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a al cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes al cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from February 10, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action in collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (1) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier titulo de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá reembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro titulo o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARE (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser reembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE. ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e Inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved , contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

\\NFCFILE1\apps\Word Docs\10414\10414.011\PAGAREFORM.SINGLE 021009.DOC

| | |
|---|---|
| Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 10 de febrero 2009. | This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of February 10, 2009. |

SUSCRIPTOR/MAKER

Martin Leon Lizárraga

PAGARÉ

Por este PAGARÉ, Martín León Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañía constituida al amparo de las leyes del Estado de California, Estados Unidos de Améries, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 24 de febrero 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costes que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con hase en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente ennvenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación do protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a al cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes el cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from February 24, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (1) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ ca pagado anticipadamente, dicho pago deberá ser abonado al PAGARÉ (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se someten expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE. ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (I) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved , contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received nr otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or If this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/nr to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accrrdance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note Is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 24 de febrero 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of February 24, 2009.

SUSCRIPTOR/MAKER

_____
Martin Leon Lizarraga

3 of 3

\\NFCFILE1\apps\Word Docs\10414\10414.011\PAGAREFORM.SINGLE 022409.DOC

## PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañía constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 17 de marzo 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a el cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes el cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

## PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from March 17, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

1 of 3

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (I) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionadas o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (II) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARE (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE, ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (I) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (II) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 17 de marzo 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of March 17, 2009.

SUSCRIPTOR/MAKER

_____
Martín Leon Lizarraga

## PAGARÉ

Por este PAGARÉ, Martin Leon Lizarruga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañia constituida al amparo de las leyes del Estado de California, Estados Unidos de América. La suma principal de $75,000.00 en Moneda del Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 14 de abril 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 dias.

La cantidad que amparn este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidos anticipadamente los demás Pagarés a que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago u cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero u oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantias existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aqui adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación al cobro de cualquier suma aqui adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aqui adeudada.

Es el propósito de las partes de cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

## PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarruga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from April 14, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (i) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá rembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARE sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARÉ (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser rembolsado SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otro obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Caborca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE, ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARA QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambas versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved , contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Caborca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

\\NFCHI.E1\apps\Word Docs\10414\10414.011\PAGAREFORM.SINGLE 041409.DOC

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 14 de abril 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of April 14, 2009.

SUSCRIPTOR/MAKER

_____
Martin Leon Lizarraga

PAGARÉ

Por este PAGARÉ, Martin Leon Lizarraga ("El Suscriptor") con domicilio en Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico reconoce deber y se obliga a pagar incondicionalmente A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, en la ciudad de Nogales, Arizona, Estado Unidos de América o en cualquier otro domicilio que el beneficiario designe, en favor de Z & S Fresh, Inc. una compañía constituida al amparo de las leyes del Estado de California, Estados Unidos de América, la suma principal de $75,000.00 en Moneda de Curso Legal de los Estados Unidos de América con intereses sobre dicha suma a razón del tasa "prime" y cuatro por ciento (4%) de Comerica en Fresno, California anual computado a partir del 12 de mayo 2009, y por todo el tiempo en que esté insoluto el adeudo, sin perjuicio de la obligación del Suscriptor es de pagar los gastos y costas que se originen por el cobro de este documento. Todos los intereses que cause este Pagaré se computarán sobre el número exacto de días naturales transcurridos sin que se realice el pago y con base en un año calendario de 365 días.

La cantidad que ampara este Pagaré es parte de una cantidad mayor, por la cual se otorgan otros Pagarés, con otros vencimientos y queda expresamente convenido que si no es pagado este documento precisamente a su vencimiento, se darán por vencidas anticipadamente los demás Pagarés a los que se refiere esta Cláusula en los términos del Artículo 79 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor podrá efectuar en cualquier tiempo pagos total o parciales sobre el importe del Pagaré. Cualquier pago se aplicará primero a los intereses vencidos y no pagados, y cualquier remanente será aplicado al saldo insoluto de la suerte principal.

Cualquier pago realizado a este Pagaré mediante cheque, giro, orden de pago o cualquier otro documento no será considerado como pago sino hasta que el Beneficiario reciba el importe en efectivo de dicho documento y lo aplique a este Pagaré mediante la anotación que haga sobre este documento del importe, fecha y concepto del pago en conformidad con el artículo 130 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito.

El Suscriptor renuncia expresa e irrevocablemente al término de seis meses previsto por el Artículo 128 en relación al 174 de la Ley General de Títulos y Operaciones de Crédito, prorrogándose dicho plazo al A LA VISTA O EL DIA 31 de agosto 2009, según sea la circunstancia que primero se presente, sin perjuicio de que pueda ser presentado para su pago en cualquier fecha anterior.

EL OTORGANTE expresamente renuncia al requerimiento y presentación para pago, notificación de falta de pago, protesto, notificación de protesto, notificación de negativa de pago, a la presentación de demanda y esmero a oportunidad en el ejercicio de las acciones necesarias cobrar las sumas adeudas con motivo de este documento y en el manejo de las garantías existentes en cualquier momento con relación a este documento; y será responsable por el pago de las sumas aquí adeudas ya sean presentes o futuras, sin necesidad de notificación, diligencia, acto y sin necesidad de ejercicio de acción alguna para o con relación a el cobro de cualquier suma aquí adeudada, o con relación a cualesquier derecho, gravamen, interés o propiedad que se hubiese tenido en cualquier momento o que esté en existencia como garantía de cualquier suma aquí adeudada.

Es el propósito de las partes el cumplir estrictamente con las leyes de usura aplicables. En consecuencia, si las transacciones contempladas por este PAGARÉ fuesen consideradas como usura según la ley aplicable (incluyendo las leyes del Estado de Arizona y las leyes de los Estados Unidos de América, según sea la que permita la tasa mayor),

PROMISSORY NOTE

By means of this PROMISSORY NOTE Martin Leon Lizarraga ("MAKER") with its domicile at Calle 9 No. 199 Oeste C.P. 83600 Caborca, Sonora, Mexico hereby recognizes it owes and unconditionally promises to pay ON DEMAND OR ON August 31, 2009, whichever occurs first, in Nogales, Arizona, United States of America, or at any other domicile the Beneficiary may designate, to the order of Z & S Fresh, Inc. a company duly organized under the laws of the State of California, United States of America, the principal sum of $75,000.00 in lawful money of the United States of America together with interest on said sum at the rate of prime plus four percent (4%) per annum, computed from May 12, 2009, and for all the time the debt is unpaid, independently of the obligation of MAKER of paying the legal fees and costs incurred in the collection of this document. All the interest accrued under this PROMISSORY NOTE shall be computed on the actual number of calendar days elapsed without payment, on the basis of a calendar year of 365 days.

The amount due under this PROMISSORY NOTE is part of a larger amount for which other promissory notes have been issued, with other due dates, and it is expressly agreed that if this document is not paid precisely upon its due date, the other promissory notes to which this clause refers, shall become due, pursuant to the terms of Article 79 of the General Law of Negotiable Instruments and Credit Operations.

MAKER may at any time prepay all or any part of this PROMISSORY NOTE. Any payments shall be first applied to the accrued and unpaid interests, and any remaining monies shall be applied against the unpaid balance of the principal.

Any payment made against this PROMISSORY NOTE by means of a check, draft, money order or any other instrument, shall not be considered as payment until such a time as when the Beneficiary receives the payment of said instrument in cash, and applies it against this PROMISSORY NOTE by the notation that he makes on said PROMISSORY NOTE of the amount, date and concept of application of payment, in accordance to Article 130 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations.

MAKER expressly and irrevocably waives the six month term established by Article 128 in relation to Article 174 of the General Law of Negotiable Instruments and Credit Operations, extending said term to the earlier of demand or August 31, 2009, without prejudice of presenting it for payment at any earlier date.

MAKER expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and shall be liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission us or with respect to the collection of any amount called for hereunder or in connection with any rights, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

It is the intention of the parties to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Arizona and the laws of the United States of America, whichever would allow the higher rate), then, in that event, notwithstanding

entonces, en ese caso, independientemente de cualquier estipulación en contrario contenida en cualesquier acuerdo relacionado con o en garantía de este PAGARÉ, se conviene lo siguiente: (1) el total de todas las contraprestaciones que constituyan intereses según la ley aplicable, que se acepten, reserven, convengan, cobren o reciban en conformidad con este PAGARÉ o bajo cualquier título de los anteriormente mencionados o que de cualquier otra forma estén relacionados con este PAGARÉ, dichos intereses no deberán bajo circunstancia alguna exceder la suma máxima de interés que el SUSCRIPTOR pueda contratar para pagar y que el beneficiario pueda recibir en conformidad con la ley aplicable, y cualquier excedente entregado deberá ser abonado al PAGARÉ por el tenedor de este documento (o, si este PAGARÉ hubiese sido pagado en su totalidad, se deberá reembolsar dicho excedente al SUSCRIPTOR); y (ii) en el caso de que el vencimiento de este PAGARÉ sea anticipado en razón del ejercicio de una acción por el tenedor como consecuencia de algún incumplimiento con el presente documento o por cualquier otra causa, o en el caso de recepción de algún pago anticipado, ya sea éste obligado o voluntario, entonces el total de dicho pago que constituya interés nunca podrá exceder la suma máxima autorizada por la ley aplicable antes mencionada, y el importe excesivo de interés, si existe, pactado en este PAGARÉ o bajo otro título o convenio, será cancelado automáticamente a partir de la fecha de dicho vencimiento o pago anticipado y, si por consiguiente, el PAGARÉ es pagado anticipadamente, dicho pago deberá ser abonado al PAGARÉ (o si este PAGARÉ hubiese sido pagado en su totalidad, deberá ser reembolsado al SUSCRIPTOR).

Para la interpretación y cobro judicial del presente Pagaré, el Suscriptor y cualquier otra obligado en el mismo, se somete expresamente a la jurisdicción de los tribunales competentes de Cahorca, Sonora, Estados Unidos Mexicanos y/o los tribunales competentes con competencia en Nogales, Arizona, Estados Unidos de América, según lo elija el Beneficiario, renunciando a cualquier otra competencia que pudiese corresponderles por razón de su domicilio actual o futuro, o por cualquier otra causa, de conformidad al Artículo 1093 del Código de Comercio. La elección de competencia aquí contenida, se establece de común acuerdo entre el Beneficiario y El Suscriptor, en conformidad con el Artículo 8 de la Convención Interamericana sobre conflictos de leyes en materia de cartas de crédito, pagarés y facturas.

INDEPENDIENTEMENTE DE LO ANTERIOR, CUALQUIER ACCIÓN O PROCEDIMIENTO LEGAL ENCAMINADO AL RECONOCIMIENTO Y EJECUCIÓN DE CUALQUIER SENTENCIA OBTENIDA DE UNA CORTE DE JURISDICCIÓN GENERAL EXCLUSIVA DE LOS ESTADOS UNIDOS DE AMÉRICA, PODRÁ SER INICIADA ANTE CUALQUIER TRIBUNAL DE JURISDICCIÓN COMPETENTE. ADEMÁS NINGÚN ACUERDO EN ESTE PAGARÉ EVITARÁ QUE Z & S Fresh, Inc. INICIE CUALQUIER PROCEDIMIENTO LEGAL CON EL OBJETO DE OBTENER UN ASEGURAMIENTO PROVISIONAL O EMBARGO SOBRE LOS BIENES DEL SUSCRIPTOR QUE ESTÉN LOCALIZADOS EN CUALQUIER JURISDICCIÓN LEGAL DE LOS ESTADOS UNIDOS DE AMÉRICA.

El Suscriptor señala como su domicilio para ser requerido de pago judicial o extrajudicialmente en los términos de la fracción I del Artículo 1104 del Código de Comercio, el especificado al inicio de este documento.

El presente Pagaré se suscribe en español e inglés, obligando ambos versiones El Suscriptor, en la inteligencia de que, en caso de duda en cuanto a la interpretación del presente Pagaré, prevalecerá la versión del idioma del tribunal ante el cual se actúe.

anything to the contrary in any agreement entered into in connection with or as security for this PROMISSORY NOTE, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this PROMISSORY NOTE or under any of the other aforesaid received or otherwise in connection with this PROMISSORY NOTE shall under no circumstances exceed the maximum amount of interest which MAKER may contract to pay and the payee may receive Under applicable law, and any excess shall be credited on the PROMISSORY NOTE by the holder hereof (or, if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER); and (ii) in the event that maturity of this PROMISSORY NOTE is accelerated by reason of an election by the holder hereof resulting from any default hereunder or otherwise, or in the event of any required or permitted prepayment, then such consideration that constitutes interest may never include more than the maximum amount allowed as aforesaid by applicable law, and excess interest, if any, provided for in this PROMISSORY NOTE or otherwise shall be cancelled automatically as of the date of such acceleration or prepayment and, if theretofore prepaid, shall be credited on the PROMISSORY NOTE ( or if this PROMISSORY NOTE shall have been paid in full, refunded to MAKER.

For the interpretation and judicial enforcement of this PROMISSORY NOTE, MAKER and any other obligee on this note, expressly submit to the jurisdiction and venue of the competent courts located in Cahorca, Sonora, United Mexican States, and/or to the competent courts having jurisdiction over Nogales, Arizona, United States of America, in accordance to the election of the Beneficiary, waiving any other venue that may correspond to it by reason of its present or future domiciles, or for any other reason, in accordance to Article 1093 of the Commercial Code. The election of venue herein contained, is agreed jointly by MAKER and Beneficiary, in accordance with Article 8 of the Interamerican Convention on Conflicts of Law regarding letters of credit, promissory notes and invoices.

NOTWITHSTANDING THE FOREGOING, ANY LEGAL ACTION OR PROCEEDING FOR THE RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT OBTAINED FROM THE COURT OF EXCLUSIVE GENERAL JURISDICTION IN THE UNITED STATES OF AMERICA, MAY BE BROUGHT IN ANY COURT OF COMPETENT JURISDICTION. FURTHERMORE, NOTHING IN THIS PROMISSORY NOTE SHALL PREVENT Z & S Fresh, Inc. FROM COMMENCING ANY LEGAL PROCEEDING IN A JURISDICTION IN THE UNITED STATES OF AMERICA IN WHICH SOME OR ALL OF MAKER'S ASSETS ARE LOCATED FOR THE PURPOSE OF OBTAINING A PROVISIONAL REMEDY OR OBTAINING JURISDICTION OVER THOSE ASSETS.

MAKER designates as its domicile to be required of payment in or out of court, the one specified in the beginning of this document, pursuant to the terms of Paragraph I of Article 1104 of the Commercial Code.

This note is signed in Spanish and English and both versions are binding on MAKER provided, however, in the case of doubt in the interpretation of this PROMISSORY NOTE the version of the language of the acting Court shall prevail.

Este Pagaré se suscribe Caborca, Sonora, Estados Unidos Mexicanos del día 12 de mayo 2009.

This PROMISSORY NOTE is executed in Caborca, Sonora, Mexican United States as of May 12, 2009.

SUSCRIPTOR/MAKER

Marila León Lizárraga

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "B"

### Order

### [ATTACHED]

STIPULATION FOR REPAYMENT OF GROWER
ADVANCES AND ORDER THEREON

-14-   M:\V-Z\Zaninovich, Martin\Onions Etc., et al. v. Z & S Fresh,
et al. (09-CV-00906)\stipulation.071309.gaa.doc

Lawrence H. Meuers (SBN 197663)
Katy Koestner Esquivel (PHV)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com
*Attorneys for the Meuers Law Firm Group*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| ONIONS ETC., INC., and DUDA FARM FRESH FOODS, INC., | Case No.: 1:09-CV-00906-OWW-SMS |
| Plaintiffs, | |
| vs. | |
| Z&S FRESH INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, and MARGARET aka MARGE SCHOENBURG, | |
| Defendants. | |

## STIPULATED ORDER GRANTING PLAINTIFFS' SECOND AMENDED MOTION FOR A PRELIMINARY INJUNCTION ORDER, ESTABLISHING A PACA CLAIMS PROCEDURE, AND APPOINTING TERENCE J. LONG AS PACA TRUSTEE

Before this Court is Plaintiffs' Second Amended Motion for a Preliminary Injunction Order, Establishing a PACA Claims Procedure, and Appointing Terence J. Long as PACA Trustee, seeking to enjoin Defendants' dissipation of PACA trust assets and to establish certain procedures for the management of the assets subject to the trust provisions of the Perishable Agricultural Commodities Act, 1930.[1] The parties have stipulated as follows:

---

[1] 7 U.S.C. §§499a-t.

## I.   PROCEDURAL HISTORY

A.      On May 22, 2009, Onions Etc., Inc. and Duda Farm Fresh Foods, Inc. (the "Meuers Law Firm Group") commenced the instant action against defendants Z&S Fresh, Inc. fdba Z&S Distributing Co., Inc. ("Z&S Fresh"), Martin Zaninovich, Loren Schoenburg, and Marge Schoenburg (collectively the "Individual Defendants") ("Z&S Fresh" and the "Individual Defendants" hereinafter collectively the "Defendants") to enforce the trust provision of Section 5 (c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)("PACA").

B.      The trust provisions of PACA establish a statutory, nonsegregated trust under which the Individual Defendants and Z&S Fresh are required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made.[2]

C.      On June 3, 2009 the Honorable Oliver W. Wanger, of the United States District Court, Eastern District of California, entered a Temporary Restraining Order against the Defendants in the above-captioned civil action.

D.      This Court scheduled a hearing on Meuers Law Firm Group's Motion for entry of a Preliminary Injunction, and ordered the Meuers Law Firm Group to serve the Temporary Restraining Order, the Motion for Temporary Restraining Order and associated filings, along with the Motion for Preliminary Injunction on all Defendants. The Meuers Law Firm Group has served Defendants Z&S Fresh and the Individual Defendants, in compliance with ¶6 of the Temporary Restraining Order.

E.      On May 11, 2009, prior to the filing of the complaint in the instant case, PACA trust claimant Southern Specialties, Inc. commenced an action to enforce its PACA trust rights against Z&S Fresh and its Individual Defendants, which action is now pending before this Court, Case 1:09-cv-00832-OWW-GSA.

F.      Additional PACA trust claimants have retained counsel for Southern

---

[2] 7 U.S.C. §499e(c)(2).

Specialties, Inc., including Fresco Produce, Inc.; Pandol Bros., Inc.; Booth Ranches, LLC; Golden Star Citrus, Inc.; Chamberlain Distributing, Inc.; J-C Distributing, Inc.; Epicure Trading, Inc.; Sundale Sales, Inc.; Seald Sweet, LLC; Richard Cottrell Marketing Inc.; Big Chuy Distributors & Sons, Inc.; Kirschenman Enterprises Sales; Divine Flavor, LLC; CH Distributing, LLC; Wilson Produce, LLC; R & C Berndt, Inc.; Meyer, LLC; Pro Citrus Network, Inc.; Gemco, Inc.; King Fresh Produce, LLC; Premium Produce Dist, Inc.; Mikaelian Farms; Cal Fresco, LLP; and Sunriver Sales (the "Rynn & Janowsky Group"). The Rynn & Janowsky Group will file a Complaint in Intervention after entry of this Order.

G.   On June 9, 2009, subsequent to the filing of Plaintiff's complaint, PACA trust claimant Frank A. Logoluso Farms ("Logoluso") together with Onions Etc. Group and Defendants filed a stipulation and order for intervention for the purpose of filing a complaint in intervention ("Logoluso's Complaint") under Case No. 1:09-cv-00906-OWW-SMS, to enforce Logoluso's PACA trust rights against the Defendants. On June 10, 2009, the Court executed the Order permitting Logoluso to file a Complaint in Intervention, and the Complaint in Intervention was filed on June 10, 2009.

H.   On June 10, 2009, the Meuers Law Firm Group filed an Amended Motion for Issuance of Preliminary Injunction, to Consolidate and for Entry of PACA Claims Procedure Order seeking to add a PACA claims procedure to the Preliminary Injunction (the "Amended Motion"). [3]

I.   On June 18, 2009, Del Monte Fresh Produce N.A and C.H. Robinson Company (collectively the "Del Monte Group") sought leave to intervene in this case.[4]

J.   On June 22, 2009 this Court held a hearing on the Meuers Law Firm Group's original Motion for Preliminary Injunction and found that a Preliminary Injunctions should be issued without consideration of the PACA claims procedure sought in the Amended Motion and set the matter for an additional hearing on June 24,

---

[3] DE 26.
[4] DE 35.

2009 at 1:30 p.m.

K.      On June 23, 2009, the Meuers Law Firm Group filed a Second Amended Motion for a Preliminary Injunction Order, Establishing a PACA Claims Procedure and Appointing Terence J. Long as PACA Trustee (the "Second Amended Motion").

## II.      LEGAL AND FACTUAL FINDINGS

L.      According to the pleadings, the Declarations, and the supporting documents, Z&S Fresh has purchased, or received from growers, including Logoluso, the Meuers Law Firm Group, the Rynn & Janowsky Group, the Del Monte Group and other nonparties, perishable agricultural commodities in foreign and interstate commerce who qualify as PACA trust beneficiaries (collectively "PACA Claimants"), and that Z&S Fresh has failed to pay the PACA Claimants for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

M.      Z&S Fresh has dissipated the PACA trust assets by failing to maintain sufficient "freely available" assets to satisfy the PACA trust claims of the PACA Claimants.

N.      Logoluso and the Meuers Law Firm Group have established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order and the issuance of a Preliminary Injunction Order.

O.      This Preliminary Injunction Order causes no damage to Defendants as it merely requires them to meet their obligations set forth in the PACA statute.

P.      This Preliminary Injunction Order does not finally adjudicate the amounts owed to Logoluso and the Meuers Law Firm Group or whether either gave proper notice of intent to preserve trust benefits.

Q.      The issuance of this Preliminary Injunction Order will not adversely affect the public interest.

R.      This Order is necessary to facilitate the recovery of the PACA trust assets, prevent loss or diversion of such assets, minimize administrative costs, determine

amount of valid claims to the assets, distribute the PACA trust assets pro-rata to qualified PACA trust beneficiaries, and to minimize further litigation.

S.      Plaintiffs' Complaint and any amended complaint filed by them, Logoluso's Complaint and any amended complaint filed by Logoluso or the Del Monte Group, as well as any Complaint, or amended complaints filed by the Rynn & Janowsky Group are deemed to satisfy the Complaint in Intervention filing requirement set forth herein.

Accordingly, **IT IS STIPULATED**:

### III.     PRELIMINARY INJUNCTION

1.      The Plaintiffs' Second Amended Motion for Preliminary Injunction is granted.

2.      This Order supersedes and replaces the Temporary Restraining Order entered on June 3, 2009, and extended on June 11 by stipulation of the parties, and is binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.

3.      Z&S Fresh, its agents, employees, officers (including Martin Zaninovich, Loren Schoenburg, and Marge Schoenburg), subsidiaries, assigns, financial and banking institutions, and others acting in concert or participation with them who receive actual notice of this Order are restrained and enjoined from dissipating, paying, transferring, assigning or selling assets covered by or subject to the trust provisions of the PACA as defined in ¶4.

4.      Under §499e(c)(2) of PACA, Z&S Fresh's PACA trust assets include, without limitation, inventory of perishable agricultural commodities ("Produce"), inventory of food or products derived from Produce ("Products"), accounts receivable or proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds, unless a party, Bank of the

West ("Bank") or Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities. Assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets." This Order does not impair the right of any party to assert that Z&S Fresh's other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements should be considered or deemed to be included within the definition of PACA Trust Assets, or the right of the Defendants to assert that any asset is not a PACA Trust Asset ("Non PACA Trust Assets").

    5.    The PACA Trust Assets subject to Plaintiffs' claims and in the possession of Z&S Fresh as described in this Order, and 7 C.F.R. §46.46 as interpreted by applicable case law, serve as Plaintiffs security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

## IV.    APPOINTMENT OF TRUSTEE

    6.    Terence J. Long ("Trustee") is hereby appointed as Trustee of the PACA Trust that is the subject of this action. Trustee shall post a bond in the amount of $50,000.00 and shall perform the duties set forth in this Order or in any further order of this Court.

    7.    The Trustee will be directed by a committee composed of those parties identified in this paragraph who represent the majority of the PACA Claimants (the "PACA Beneficiary Committee" or "PBC"). Trustee shall from time to time consult with PBC to secure instructions from the PBC and to obtain the approval of the PBC as required herein. Instructions from PBC or approval shall have the same form and effect as if such instructions or approval were ordered by the Court. The PBC shall be composed of five representatives with one representative to be appointed by the Meuers Law Firm Group, the Rynn & Janowsky Group, Logoluso, Z&S Fresh, and Bank.

    8.    The Trustee is authorized:

a)   To take immediate possession and control of the PACA Trust Assets for the purpose of caring for, preserving and maintaining the PACA Trust Assets and to incur any and all necessary expenses for the care, preservation, and maintenance of the PACA Trust Assets, and to enter into such contracts incidental to and appropriate to the management of said PACA Trust Assets, subject to such interim and final accountings as are submitted to this court;

b)   Within 30 days from the date this Order is entered, to file with this Court and PBC, as defined below, a true and accurate inventory of all assets known to the Trustee at that time, designating which have been identified by Defendants as PACA Trust Assets;

c)   The Trustee fee shall be equal to $195.00 per hour for services rendered in connection with the performance of his dues as Trustee of the PACA Trust Assets;

d)   Trustee shall maintain proper and adequate public liability and casualty insurance upon the trust assets in amounts at least equal to that now in effect on the PACA Trust Assets;

e)   Complete and reconcile accounts of sales and accounts payable to any growers or vendors which were not previously completed by Z & S Fresh;

f)   Trustee shall pay expenses reasonably necessary or incidental to the continued operation, care, preservation, and maintenance of the PACA Trust Assets;

g)   Trustee shall pay all general and special taxes and assessments upon as they same become due and, if currently delinquent, to bring such taxes and assessments current.

9.   The Trustee shall identify, take possession and control, and liquidate all assets of Z&S Fresh, and deposit any proceeds received in the separate segregated accounts defined below.

10.   The Trustee shall have 15 working days to investigate and to determine whether or not there exists upon the PACA Trust Assets adequate insurance coverage, and during such period the Trustee shall not be responsible for claims arising or for the procurement of insurance.

11.   The Trustee is authorized to employ such employees of Z&S Fresh as he deems necessary for the purpose of effectively carrying out the duties and responsibilities of the Trustee.   The Trustee is further authorized to pay for such

employees at ordinary and usual rates out of PACA Trust Account, subject to the Budget and payment procedures set forth in this Order.

12.     The Trustee is authorized to employ such attorney(ies) as he deems necessary for the purpose of reasonable and necessary counseling and advising the Trustee herein with regard to the Trustee's rights, duties, and responsibilities in connection with the PACA Trust Assets, and to do all other things necessary to enable the Trustee to effectively carry out the duties and responsibilities of the Trustee. The Trustee is further authorized to pay for such legal services at ordinary and usual rates and prices out of PACA Trust Fund, subject to the Budget and payment procedures set forth in this Order.

13.     Trustee shall, within 30 days of the date of entry of this Order, provide PBC with Trustee's estimated budget, by month ("Budget"), for the completion of the work. The fees and costs associated with the Trustee's first 30-days of operation, and the preparation of the budget shall not exceed $15,000.00.

14.     The Trustee shall file reports of all account activity in the PACA Trust Account and the Non-PACA Account ("Account Report") with PBC and the Court, not less frequently than monthly for the first six (6) months and quarterly thereafter. The Account Report must include copies of all deposits and withdrawals into and from each account by name of payor or payee, the amount of the transaction and shall include copies of all bank statements received since the previous Account Report.

15.     The Trustee is authorized to use funds from the PACA Trust Account pursuant to the Budget and to pay his initial fees up to $15,000.00. If the trustee seeks to pay any other expenses not authorized by this Order, the Budget, or prior to entry of the Budget, he shall send a written notification to all members of the PBC. If no objections are sent to Trustee within two (2) business days of service, Trustee is authorized to withdraw monies from the PACA Trust Account to pay the expenses. If an objection to a payment is made by any member of PBC and cannot be resolved by

the parties, the objecting party must, within ten (10) days after the date of its objection, submit the dispute to this Court for resolution. If expenses are incurred that result in liquidation of assets to be deposited into the Non-PACA Account, those expenses must be paid from the Non-PACA Trust Account.

## V.  ESTABLISHMENT OF PACA TRUST ACCOUNT

16.    Within three (3) business days of the date of the entry of this Order, Defendants shall provide the Trustee with a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable, and all other assets held in Z&S Fresh's name or in which Z&S Fresh has a beneficial interest ("Asset List"). Copies of the Asset List shall be served upon counsel listed in ¶36(c), and Defendants shall specifically designate each item on the Asset List that they claim are not derived from the sale of Produce and therefore not subject to the PACA Trust.

17.    The Trustee shall open two interest bearing accounts associated with the PACA Trust. One account shall be called the "PACA Trust Account", and the other account shall be called "Non-PACA Trust Account". Defendants shall provide the Trustee with Z&S Fresh's tax identification number in order for Trustee to open these accounts.

18.    The proceeds from the liquidation of Non-PACA Trust Assets and therefore not subject to the PACA Trust, if any, shall be delivered to the Trustee and deposited into the Non-PACA Trust Account. The funds in the Non-PACA Account shall be held until the rights to those funds have been determined by this Court.

19.    No distributions or withdrawals may be made from the PACA Trust Account or the Non-PACA Account, except as authorized by this Order, the PBC or by further order of this Court. The PACA Trust Account is for the benefit of the all the PACA Claimants and is not subject to execution by any other creditor of the Defendants.

20.    Any and all interest that accrues on the funds in the PACA Trust Account

and the Non-PACA Account, from the date the accounts are opened to the date of distribution, shall follow the funds into the hands of the party(ies) ultimately deemed entitled to such funds.

21.     Defendants, their agents, employees, and assigns, and persons acting in concert with them, shall fully cooperate with the Trustee by delivery to him of all property records, books of account, budgets, computer passwords and login information, production records, contracts, and other documents, wherever located, pertaining to the PACA Trust Assets.

22.     Pending further order of this court, Defendants, their agents, employees, and assigns, shall take no action of any kind with respect to the PACA Trust Assets or the records referring to the PACA Trust Assets, except as directed by the Trustee.

23.     Trustee shall not be obligated to determine which assets are PACA Trust Assets or Non-PACA Trust Assets. The PACA Trust shall indemnify and hold Trustee harmless from any and all liability related to such decisions and for any decisions by PBC. In the event of a dispute arises regarding the nature of an asset, the Trustee is authorized, in his discretion, to liquidate the asset. The proceeds of the disputed asset shall be deposited into the Non-PACA account pending determination by this Court.

24.     Subject to authorization by PBC, the Trustee shall bring and prosecute all proper actions for the collection of contract proceeds due, or for the protection of the PACA Trust Assets, or to recover possession of the trust assets from any person.

25.     The Trustee may at any time apply to this court for further instructions or powers necessary to enable the Trustee to perform his duties properly.

## VI.     LIQUIDATION OF THE PACA ASSETS

26.     Defendants shall maintain the integrity and security of the financial, business and electronic records of Z&S Fresh, including accounts payable and receivable.

27.     Upon reasonable notice, Defendants shall provide the Trustee or any

member of the PBC with access to the business books and records of Z&S Fresh, including, without limitation, all invoices, corporate organizational documents, minutes, PACA license records, records of stock ownership and transactions, bank records, payroll records, capital account records, lending and borrowing transactions, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices, all records of any transactions between Defendants and between the Defendants and any entities controlled or owned in part by any Defendant, and access to Z&S Fresh's computers, computer software and related passwords.

28.     The Trustee shall liquidate the accounts receivable and other assets of Z&S Fresh, and shall preserve all moneys collected for the benefit of all creditors of Z&S Fresh, and shall place the proceeds from the accounts receivable and other assets into the PACA Trust Account or the Non-PACA Trust Account as appropriate.

29.     Z&S Fresh must immediately transfer all monies in its possession, custody or control or which come into its possession, custody or control, including, without limitation, unnegotiated checks, bank account balances, cash, proceeds from the sale of any property interests impressed with the PACA Trust and proceeds of Z&S Fresh's accounts receivable and inventory to the Trustee for deposit into the PACA Trust Account.

30.     Within three (3) days after entry of this Order, Defendants shall notify all banks and financial institutions in which Funds are on deposit of the existence of this Order.  Any bank or financial institution holding any assets of Z&S Fresh is directed, upon receipt of this Order via facsimile or otherwise, to transfer the funds in that account to the Trustee for deposit into the PACA Trust Account.

31.     Within five (5) business days after entry of this Order, Defendants and their agents shall deliver any and all assets of Z&S Fresh to the Trustee for liquidation, and all funds of Z&S Fresh on deposit in the client trust accounts of counsel for any party

shall be delivered to the Trustee for deposit into the PACA Trust Account or Non-PACA Account as appropriate.

## VII.   CLAIMS PROCEDURE

32.     All qualified PACA Trust Claimants of Z&S Fresh have the right to share pro-rata with Logoluso and the Meuers Law Firm Group in any distribution of PACA Trust Assets recovered in accordance with this Order.

33.     The efficient administration of justice requires that all persons claiming to be PACA trust creditors of Z&S Fresh assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claims, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of the Defendants herein.

34.     Joinder of all potential PACA trust creditors shall be accomplished by the Trustee notifying all known creditors of Z&S Fresh, as identified in Z&S Fresh's most recent accounts payable list, who have not appeared in this action, that they must serve a verified PACA Proof of Claim by the Deadline set forth below or lose their rights as PACA trust creditors.

| Deadline | Date |
|---|---|
| Deadline to Issue Notice of Deadlines | Monday, June 29, 2009 |
| Deadline to File PACA Proof of Claim & File Complaint in Intervention | Monday, July 13, 2009 |
| Deadline to File Objections to Claims | Thursday, July 23, 2009 |
| Deadline to File Responses to Claims Objections | Monday, August 03, 2009 |
| Deadline to File Motion to Determine Validity of Claim | Monday, August 10, 2009 |
| Deadline to File PACA Trust Chart | Monday, August 10, 2009 |
| Deadline to File Objections to PACA Trust Chart | Monday, August 17, 2009 |
| Deadline for Interim Distribution | Monday, August 24, 2009 |

35.     On or before Monday, June 29, 2009, the Trustee shall notify all potential PACA trust claimants and creditors of Z&S Fresh of the PACA trust claim procedure set forth herein by registered or certified mail, return receipt requested, by mailing a notice substantially similar to the form attached hereto as Exhibit "A". The reasonable costs and attorney's fees incurred in disseminating this Notice shall be deducted from the

PACA Trust Account.

36.     On or before Monday, July 13, 2009, any creditor claiming PACA trust

rights against Z&S Fresh and wishing to share in any distribution in this action must:

a.     File with the Court a verified[5] PACA Proof of Claim substantially similar to the form attached hereto as Exhibit B, together with all supporting documents;

b.     File with the Court a Complaint in Intervention that complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and serve the Complaint in Intervention, along with all supporting documentation, on all counsel of record in this case and specifically those counsel identified in subsection "a" of this paragraph; and

c.     Serve the PACA Proof of Claim, Complaint in Intervention and all supporting documentation, on the following counsel:

**MEUERS LAW FIRM, P.L.**
Katy Koestner Esquivel
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239)513-9191
Facsimile: (239)513-9677
kesquivel@meuerslawfirm.com
*Attorneys for Meuers Law Firm Group*

**COX, CASTLE & NICHOLSON LLP**
Randy P. Orlik
2049 Century Park East
28th Floor
Los Angeles, CA 90067
Phone:  310.284.2229
Fax:  310.277.7889
ROrlik@coxcastle.com
*Attorneys for Bank of the West*

**MARTYN AND ASSOCIATES**
Devin J. Oddo
820 Superior Avenue N.W.
Tenth Floor
Cleveland, OH  44113
Tel: (216) 861-4700
Fax: (216) 861-4703
djoddo@martynlawfirm.com
*Attorneys for the Del Monte Group*

**RYNN & JANOWSKY, LLP**
Bart M. Botta
4100 Newport Place Drive
Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
bart@rjlaw.com
*Attorneys for Rynn & Janowsky Group*

**WOOD, SMITH, HENNING & BERMAN LLP**
Patrick S. Schoenburg
7580 N. Ingram Avenue, Suite 108
Fresno, CA  93711
Tel: (559) 437-2870
Fax: (559) 438-1350
pschoenburg@wshblaw.com
*Attorneys for Martin Zaninovich*

**PERKINS, MANN & EVERETT, PC**
Jan T. Perkins
2222 West Shaw Avenue, Suite 202
Fresno, CA  93711
Tel: (559) 447-5700
Fax: (559) 447-5600
jperkins@pmelaw.com
*Attorneys For Logoluso Farms*

37.     **ANY CLAIMS NOT TIMELY FILED SHALL BE FOREVER BARRED**

---

[5] All claims shall be verified by either the owners or the authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

and any documents relied upon by any PACA claimant to support its claim which are not served in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

38.     Having intervened and filed a Proof of Claim in this case, each person or entity is bound by all Orders entered in this case.

39.     On or before Thursday, July 23, 2009, any objection to any PACA trust claim, which may be made by any party in interest, shall be filed and served upon the PACA claimant and all counsel listed in ¶36(c). The objection must set forth in detail the legal and factual basis for the objection to each invoice or claim document subject to the objection and attach any documents on which the objection is based.

40.     On or before Monday, August 03, 2009, the PACA claimant whose claim is subject to an objection may file and serve on all counsel listed in ¶36(c) and the attorney for the objecting party, a detailed response to the objection.

41.     The claimant and the objecting party shall exercise their best efforts to resolve any objections to the PACA Proofs of Claim. In the event the parties are unable to resolve the dispute, or the dispute is not withdrawn, on or before Monday, August 10, 2009, the PACA claimant must file with the Clerk of the Court and counsel for the objecting party, a separate motion to determine the validity, priority or amount of its alleged PACA Claim.

42.     Any PACA Proof of Claim to which no objection has been filed and served by the objection date shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim.

43.     Claims for which an objection has been filed and served, and no timely response was filed and served, shall be disallowed to the extent of the objection.

44.     On or before Monday, August 10, 2009, the Trustee shall prepare the PACA Trust Chart, which shall list:

a)    Each person or entity having filed a PACA Proof of Claim;

b)    The amount of its claim as set forth on the PACA Proof of Claim;

c)    The amount of each claim that is deemed a Valid PACA Claim;

d)    The amount of each claim that is deemed invalid due to no response to a Valid Objection being filed or a determination by this Court;

e)    The amount, if any, of each claim subject to a pending Valid Objection;

f)    The funds available for an interim distribution equal to ninety percent (90%) of the funds ("Available Funds") in the PACA Account less any expenses, such as the Trustee's fees and expenses, and professional fees and expenses, paid from such PACA Trust Account described in the Order; and

g)    The pro-rata distribution of the Available Funds to the Valid PACA Claims on a pro-rata basis allowing for a reserve in the event all pending Valid Objections are overruled.

The PACA Trust Chart shall be filed with the Court by the Trustee and served upon all PACA Trust Claimants having properly and timely served a PACA Proof of Claim.

45.    Any and all objections to the proposed pro-rata distribution as listed on the PACA Trust Chart must be filed and served upon the Trustee by Monday, August 17, 2009. The objections to the PACA Trust Chart shall specify the legal and/or factual basis for the objection. The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms. Any timely objections to the PACA Trust Chart shall be resolved between the parties or, if no amicable resolution is reached, submitted to the Court on motion for ruling.

46.    If no PACA Trust Beneficiary files an objection to the proposed treatment of its claim as listed on the PACA Trust Chart, all figures on the Trust chart that are uncontested shall be conclusively determined.

47.    On or before Monday, August 24, 2009, absent timely Valid Objection to the PACA Trust Chart or portion thereof, the Trustee shall distribute the Available Funds *pro-rata* to the holders of undisputed claims listed on the PACA Trust Chart. The

Trustee will make the distribution payable to the name and at the address set forth on the PACA claimant's Declaration, or to the client trust account of the PACA claimant's attorney of record. Each attorney has the duty to then distribute the funds to his client(s) in accordance with the PACA Trust Chart subject to any contrary fee agreement among the attorney and his clients.

48.     The *pro-rata* portion of disputed PACA claims, if any, will be held in the PACA Trust Account, until the time the objections to PACA claims are resolved, in which case the reserve portion will be either used to make the *pro-rata* distribution to the PACA claimant if the PACA claimant prevails, or made available for distribution to other valid PACA trust claims, if the objecting party prevails.

49.     The same procedures will be used to make subsequent distributions. The Trustee must prepare and file with this Court and serve upon all parties a PACA Trust Chart. All parties have ten (10) days from service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart. Absent timely, valid objections, the Trustee shall make the distribution set forth in the PACA Trust Chart.

## VIII. PROCEDURAL ISSUES

50.     This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, the PACA Trust Account and the Non-PACA Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

51.     Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26(a) of the Federal Rules of Civil Procedure.

52.     Service is permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via U.S. Mail or personal service on the date of e-mail service, and service via e-mail shall be made to the following e-mail addresses identified above. All filings will

be accompanied by a certificate of service.

53.     Defendants are granted until August 12, 2009 to file an omnibus response to the Complaints in Intervention and Amended Complaints. Defendants retain their right to object to any claims made herein, including those of the Meuers Law Firm Group, Logoluso and the Rynn & Janowsky Group.

54.     Logoluso's Complaint in Intervention is deemed filed as of the date of entry of this Order.

55.     Any and all pending action(s) by or on behalf of other persons or entities holding claims against Z&S Fresh, its officers or employees, which arise or relate to the PACA trust or unpaid deliveries of Produce are hereby stayed and all subsequent actions by any unpaid seller of Produce to Z&S Fresh are hereby barred. This prohibition shall apply to all actions or proceedings in all courts or other forums, pending further order of this Court, excluding any actions before the United States Department of Agriculture. Except as set forth herein, all persons or entities having unsatisfied claims against Z&S Fresh, its principals, officers or employees, arising under or relating to the PACA trust for unpaid deliveries of Produce to Z&S Fresh shall have the right to seek a recovery on such claims in this action only by following the procedure established herein.

**IT IS SO ORDERED.**

DATED: <u>6/24/09 at 2:15 p.m.</u>          <u>/s/ OLIVER W. WANGER</u>
                                          Hon. Oliver W. Wanger
                                          U.S. District Court Judge