

| | |
|---|---|
| 1 | WALTER & WILHELM LAW GROUP |
| | a Professional Corporation |
| 2 | Riley C. Walter (SBN 91839) |
| | Norman D. Morrison IV (SBN 212090) |
| 3 | 8305 N. Fresno Street, Suite 410 |
| | Fresno, CA 93720 |
| 4 | Telephone: (559) 435-9800 |
| | Facsimile: (559) 435-9868 |
| 5 | E-mail: nmorrison@W2LG.com |

Attorneys for Defendants, Z&S Fresh, Inc.
and Martin J. Zaninovich

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ONIONS, ETC., INC. and DUDA FARM FRESH FOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>Z&S FRESH, INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, AND MARGARET aka MARGE SCHOENBURG<br><br>Defendants | CASE NO. 1:09-CV-00906-OWW-SMS<br><br>**STIPULATION TO ALLOW PACA CLAIMANT RICK DREO TO FILE A LATE MOTION TO DETERMINE NATURE, VALIDITY AND PRIORITY OF LIEN**<br><br>Complaint Filed: May 22, 2009<br>Trial Date: To Be Assigned |

AND INTERVENING ACTIONS

Defendants Z&S Fresh, Inc., fdba Z&S Distributing Co., Inc. and Martin J. Zaninovich ("Defendants"), and Intervening Plaintiff/PACA Claimant Rick Dreo do hereby stipulate as follows:

1. On May 22, 2009, Plaintiffs Onions, Etc., Inc. and Duda Farm Fresh Foods, Inc. ("Plaintiffs") commenced the instant action against Defendants Z&S Fresh, Inc., Martin J. Zaninovich, Loren Schoenburg, and Margaret aka Marge Schoenburg ("Defendants") to enforce the trust provision of section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"). Among other relief, Plaintiffs sought to have this Court grant a request for a Preliminary Injunction against Defendants.

2. On June 10, 2009, Plaintiffs filed their Amended Motion for Issuance of

1 | Preliminary Injunction, to Consolidate and for Entry of PACA Claims Procedure Order
2 | seeking to add a PACA claims procedure to the Preliminary Injunction.
3 |     3.    On June 24, 2009, a Stipulated Order Granting Plaintiffs' Second
4 | Amended Motion for a Preliminary Injunction Order, Establishing a PACA Claims
5 | Procedure and Appointing Terence J. Long as PACA Trustee (the "Order") was filed.
6 |     4.    Pursuant to the Order, on or before July 13, 2009, claimants wishing to
7 | assert a PACA Trust claim against Defendants (the "PACA Claimants") were required to
8 | file and serve a Proof of PACA Claim (the "PACA Claim") and a Complaint in
9 | Intervention.
10 |     5.    Any parties who intended to file an objection to a PACA Trust Claim made
11 | by a claimant were required to file objections on or before July 23, 2009 (the "PACA
12 | Objectants"). Defendants Z & S Fresh, Inc. and Martin J. Zaninovich filed objections to
13 | the claims of various PACA Claimants on July 23, 2009, and which is identified as
14 | Docket No. 168.
15 |     6.    PACA Trustee Terry Long, Intervening Plaintiffs/PACA Claimants Frank A.
16 | Logoluso Farms and Jewel Marketing & Agribusiness, LLC, dba Crown Jewels
17 | Marketing, LLC, joined the Objections of Z&S Fresh, Inc. and Martin J. Zaninovich.
18 |     7.    Pursuant to the Order, any PACA Claimant who disputed or otherwise
19 | wished to respond to the objection to their PACA Claim was required to file a response
20 | on or before August 3, 2009. Intervening Plaintiff/PACA Claimant Rick Dreo ("Dreo")
21 | filed a response on July 31, 2009, which is identified as Docket No. 185.
22 |     8.    Under the Order, PACA Claimants and PACA Objectants were to exercise
23 | their best efforts to resolve any objections to the PACA Proofs of Claim. In the event
24 | the parties were unable to resolve any disputes, the PACA Claimant was required to file
25 | a motion to determine the validity, priority or amount of its alleged PACA Claim (the
26 | "Motion") by no later than Monday, August 10, 2009.
27 |     9.    On August 10, 2009, Defendants Z&S Fresh, Inc. and Martin J. Zaninovich
28 | and certain PACA Claimants and the PACA Trustee executed a stipulation for extension

of time in which to file a Motion to Determine Validity, Priority or Amount. The extension of time provided for in the August 10, 2009, Stipulation applied only to the signatories of the Stipulation and their clients, and paragraph 9 of the Stipulation provided that:

> …the PACA Objectants and PACA Claimants who have executed this Stipulation request that the date on which the Motion by filed on behalf of their clients be extended to Monday, August 24, 2009.

10. Dreo was not a party or signatory to the August 10, 2009, Stipulation.

11. On August 19, 2009, Dreo filed and served a Motion to Determine Validity of PACA Claim, which is identified as Docket No. 249. Dreo contends that this motion was filed and served on this date due to the above-mentioned and other stipulations that were circulated, and Dreo's confusion regarding when the Motion to Determine Validity of the PACA Claim was due in light of such stipulations.

12. A Conference Call was held with the Court on Friday, August 28, 2009, to discuss issues including Dreo's Motion filed on August 19, 2009. At this hearing the Court directed that Dreo had three days in which to file a motion for leave to file a late motion; and any opposition was due two days later. The Court scheduled a hearing on this matter for September 8, 2009.

13. Following the Conference Call, counsel for Defendants Z&S Fresh, Inc. and Martin J. Zaninovich and counsel for Dreo met and conferred to discuss the issues relating to Dreo's August 19, 2009 Motion. Pursuant to the Court's direction at the conference call on August 28, 2009, Dreo filed a Motion on Monday, August 31, 2009.

14. Counsel for Defendants Z&S Fresh, Inc. and Martin J. Zaninovich and counsel for Dreo have agreed that in exchange for Defendants Z&S Fresh, Inc. and Martin J. Zaninovich stipulating to withdraw their objection to Dreo's filing a Motion after the date identified in the Court's Order, Dreo agrees to waive Dreo's claim of attorneys' fees as set forth in Dreo's PACA Claim.

15. This stipulation shall not be deemed to, nor does, waive any right of Defendants Z&S Fresh, Inc. and Martin J. Zaninovich to object to Dreo's PACA Claim, and/or to oppose Dreo's Motion to Determine Validity of Claim not otherwise contained

1  in paragraph 14 of this stipulation. Defendants Z&S Fresh, Inc. and Martin J.
2  Zaninovich do not waive any right, remedy, objection, or grounds for opposition to
3  Dreo's PACA Claim and/or Complaint in Intervention other than that contained in
4  paragraph 14 of this stipulation.

5      16.    The parties to this stipulation agree that this stipulation shall be valid and
6  binding only as between the signatories thereto; and this stipulation shall not be
7  deemed to apply to any other parties who have not executed the stipulation. It is further
8  agreed that this stipulation shall not be deemed a waiver by Defendants Z&S Fresh, Inc.
9  and Martin J. Zaninovich of any objection to a late claim filed by any other PACA
10 Claimant.

13 Dated:     September 2, 2009          Respectfully submitted,
                                         WALTER & WILHELM LAW GROUP,
14                                       a Professional Corporation

16                                       By:   /s/ Norman D. Morrison IV
                                         Norman D. Morrison IV, Attorneys for
17                                       Z & S Fresh, Inc. and Martin J. Zaninovich

19 Dated:     September 2, 2009          Respectfully submitted,
                                         GUBLER, KOCH, DEGN & GOMEZ LLP,
20

22                                       By:   /s/ Brett T. Abbott
                                         Brett T. Abbott, Attorneys for Intervening
23                                       Plaintiff Rick Dreo

24
   Dated:     September 2, 2009          Respectfully submitted,
25                                       SAGASER, JONES & HELSLEY

27                                       By:   /s/ Melody Hawkins
                                         Melody Hawkins, Attorneys for Intervening
28                                       Plaintiff Jewel Marketing & Agribusiness, LLC
                                         d.b.a. Crown Jewels Marketing, LLC

STIPULATION AND ORDER RE: RICK    - 4 -    C:\Windows\Temp\notes101AA1\Stipulation to
DREO'S MOTION TO DETERMINE                 Permit Rick Dreo to file late PACA Motion to
VALIDITY                                   Determine Validity, Priority, etc..090109.ndm.docx

1  Dated:      September 2, 2009              Respectfully submitted,
2                                             PERKINS, MANN & EVERETT,
                                              A PROFESSIONAL CORPORATION
3
4
                                              By:    /s/ Jan T. Perkins
5                                             Jan T. Perkins, Attorneys for Intervening
                                              Plaintiff Frank A. Logoluso Farms
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

Having read the above Stipulation, and good cause appearing,

IT IS HEREBY ORDERED that the Stipulation is approved in its entirety and that Intervening Plaintiff/PACA Claimant RICK DREO's Motion to Determine Validity of PACA Claim is deemed timely filed as between the parties executing the stipulation.

IT IS SO ORDERED.

Dated: 9-3-09

Hon. OLIVER W. WANGER, Judge
United States District Court