WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter (SBN 91839)
Norman D. Morrison IV (SBN 212090)
8305 North Fresno Street, Ste. 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:  nmorrison@W2LG.com

Attorneys for Defendants, Z&S Fresh, Inc.
and Martin J. Zaninovich

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION**

| | |
|---|---|
| ONIONS, ETC., INC. and DUDA FARM FRESH FOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>Z&S FRESH, INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, AND MARGARET aka MARGE SCHOENBURG,<br><br>Defendants<br><br>AND INTERVENING ACTIONS | CASE NO. 1:09-CV-00906-OWW-SMS<br><br>**STIPULATION AND ORDER REGARDING AGREEMENT AND RESOLUTION OF PACA CLAIM AMOUNTS OF PACA CLAIMANT/INTERVENING PLAINTIFF JACOB HIEBERT**<br><br>Date: December 4, 2009<br>Time: 1:00 p.m.<br>Dept: 3<br><br>Complaint Filed: May 22, 2009<br>Trial Date: To Be Assigned |

Defendants Z&S Fresh, Inc., fdba Z&S Distributing Co., Inc. and Martin J. Zaninovich ("Defendants"), and PACA Claimant/Intervening Plaintiff Jacob Hiebert (the "PACA Claimant")(collectively the "Parties") herein agree and stipulate regarding resolution of objection to the PACA Claimant's accepted PACA Claim amounts as follows:

1.   A hearing on a Motion to Determine Validity of Claim is presently scheduled to be heard by this Court on December 4, 2009, at 1:00 p.m.  The Parties have met and conferred to discuss resolution to the Objections to the PACA Claim of PACA Claimant/Intervening Plaintiff Jacob Hiebert which are the subject of the December 4, 2009, hearing.

2.   Pursuant to an written agreement executed by the Parties (the

PDF created with pdfFactory trial version www.pdffactory.com

"Agreement"), the Parties have agreed that PACA Claimant Jacob Hiebert shall have a valid PACA Claim in the amount of Thirty-Two Thousand, Three Hundred Dollars and No-Cents ($32,300.00).

3.  The PACA Claimant stipulates that Defendant Martin Zaninovich may utilize the proceeds from his 401(k) account and/or IRA account.  PACA Claimant has been advised of the current approximate balance of each account, and Defendant Martin Zaninovich has agreed to provide PACA Claimant with documentation showing the approximate current balance in each account.  PACA Claimant agrees to not make any demand upon the 401(k) and/or IRA account proceeds, and further agree not to seek disgorgement from the recipients of any proceeds from such accounts.  PACA Claimant further agrees to waive any claim against such 401(k) and/or IRA proceeds. PACA Claimant and Defendants agree that the agreement contained in this paragraph is conditioned upon (1) Defendant Martin Zaninovich providing documentation showing the approximate balance in each account; and (2) the aggregate balance of such accounts not exceeding the sum of Three Hundred Five Thousand Dollars ($305,000.00).

4.  Defendants and PACA Claimant agrees and further stipulates that this Stipulation shall not be deemed to constitute a waiver of any defense, argument, position, or rights of Defendants; whether the same be currently known or subsequently discovered against Defendants, other than that which is specifically set forth herein.

5.  Intervening Plaintiff Frank A. Logoluso Farms joins in this Stipulation.

6.  Counsel for PACA Claimant represents that it has all necessary approvals and/or authorizations from PACA Claimant, and that this Agreement is binding and final upon PACA Claimant.

7.  Each party shall bear its own attorneys' fees and costs related to the Action and the execution of the Agreement.

8.  The Agreement shall bind and inure to the benefit of all successors, assigns, and heirs of the Parties.

9.  The Agreement states the entire agreement among the parties and

PDF created with pdfFactory trial version www.pdffactory.com

supersedes their prior agreements, negotiations or understandings.  Each of these parties acknowledges and agrees that no other party, agent nor attorney of any of the parties has made any promises, representation and/or warranty – express of implied – that is not set forth in this Agreement.  This Agreement may not be altered, amended or modified, except in writing executed by duly authorized representatives of the parties.

10. Having resolved the objections to the PACA Claimant's PACA Claim, the Parties have agreed to withdraw the PACA Claimant's Motion and the Defendants Objection presently scheduled to be heard by the Court on December 4, 2009 at 1:00 p.m.

11. The Parties agree that this Stipulation may be executed in Counterparts.

Dated:  December 2, 2009

WALTER & WILHELM LAW GROUP,
a Professional Corporation

By: /s/ Norman D. Morrison IV
Norman D. Morrison IV
Attorneys for Defendants, Z&S Fresh, Inc. and Martin J. Zaninovich

Dated:  December 2, 2009

LAW OFFICES OF DON LESCOULIE

By: /s/ Donald P. Lescoulie
Donald P. Lescoulie
Attorneys for PACA Claimant/Intervening Plaintiff Jacob Hiebert

Dated:  December 3, 2009

PERKINS, MANN & EVERETT,
A PROFESSIONAL CORPORATION

By: /s/ Jan T. Perkins
Jan T. Perkins, Attorneys for Intervening Plaintiff Frank A. Logoluso Farms

PDF created with pdfFactory trial version www.pdffactory.com

# ORDER

Having read the above Stipulation, and good cause appearing,

IT IS HEREBY ORDERED that the Stipulation is approved in its entirety and that the PACA Claimant is deemed to have a valid PACA Claim in the amount identified in the Stipulation. As a result of the agreement of the Parties and the Stipulation executed by the Parties, the hearing on the motion filed by PACA Claimant/Intervening Plaintiff to determine validity is hereby rendered moot, and the hearing on PACA Claimant/Intervening Plaintiff's motion to determine validity is hereby vacated.

IT IS SO ORDERED.

Dated: December 4, 2009

/s/ OLIVER W. WANGER
Hon. OLIVER W. WANGER, Judge
United States District Court

PDF created with pdfFactory trial version www.pdffactory.com