WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter (SBN 91839)
Norman D. Morrison IV (SBN 212090)
8305 North Fresno Street, Ste. 410
Fresno, CA 93720
Telephone:   (559) 435-9800
Facsimile:    (559) 435-9868
E-mail:  nmorrison@W2LG.com

Attorneys for Defendants, Z&S Fresh, Inc.
and Martin J. Zaninovich

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ONIONS, ETC., INC. and DUDA FARM FRESH FOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>Z&S FRESH, INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, AND MARGARET aka MARGE SCHOENBURG<br><br>Defendants<br><br>AND INTERVENING ACTIONS<br><br>AND CROSS-COMPLAINTS<br><br>AND COUNTER CLAIMS | CASE NO. 1:09-CV-00906-OWW-MJS<br><br>**ORDER AFTER HEARING ON I.G. FRUIT'S MOTION TO DETERMINE VALIDITY OF AND OBJECTIONS TO PACA CLAIM FILED BY I.G. FRUIT, INC.**<br><br>Hearing Date: December 4, 2009<br>Hearing Time: 1:00 p.m.<br>Courtroom:    3<br>Judge:         Hon. Oliver W. Wanger<br><br>Memo. Decision Filed:  June 25, 2010 |

On December 4, 2009, at 1:00 p.m., the above entitled Court heard the Motion to Determine Validity of and Objections to a PACA Claim filed by Intervening Plaintiff I.G. Fruit, Inc. in the above entitled matter (Docket No. 259.)  Appearing personally was Norman D. Morrison IV of Walter & Wilhelm Law Group, a Professional Corporation, counsel for Defendants Z&S Fresh, Inc. and Martin J. Zaninovich ("Z&S.")   Appearing telephonically was Leonard Kreinces, counsel for Intervening Plaintiff I.G. Fruit, Inc. ("I.G.")  Also appearing telephonically were Katy Koestner Esquivel of the Meuers Law Group representing the "Meuers Group" and local counsel for I.G. Fruit, Inc.; Jan Perkins of Perkins, Mann & Everett, a Professional Corporation, counsel for Intervening

1  Plaintiff Frank A. Logoluso Farms; and John P. Flynn of McLeod, Witham & Flynn, LLP,
2  counsel for defendants Loren Schoenburg and Margaret "Marge" Schoenburg.
3        Following oral arguments by counsel for I.G. Fruit, Inc. and Defendants Z&S
4  Fresh, Inc. and Martin J. Zaninovich, and upon consideration of the moving papers, this
5  Court directed parties to file supplemental briefing regarding whether or not Congress
6  intended the statutory PACA Trust to apply to the situation presented.  Intervening
7  Plaintiff I.G. Fruit, Inc. submitted its responsive briefing on December 9, 2009 (Docket
8  No. 396); and Defendant Z&S Fresh, Inc. and Martin J. Zaninovich submitted their
9  responsive briefing on December 11, 2009 (Docket Nos. 397 and 398.)  The matter was
10 thereafter deemed submitted for decision.  On Friday, June 25, 2010, this Court issued
11 a Memorandum Order (Docket No. 494.)
12       I.G. Fruit, Inc. makes three arguments in support of its position that "sell-side
13 brokers" are beneficiaries of the PACA statutory trust.  I.G. first argues that the term
14 "broker" and "agent" are interchangeable under §499e(c)(2), and therefore "sell-side"
15 brokers have the same PACA rights as agents.  I.G. next asserts the term "in
16 connection with" contained in §499e(c)(2) includes not only the price of produce sold to
17 the original purchaser, but also additional related expenses including broker fees
18 connected to the secondary or "to market" transaction.  Finally, I.G. contends that the
19 decision in *Eastside Food Plaza, Inc. v. "R" Best Produce, Inc.*, No. 03-CV-106-SAS,
20 2003 WL 21727788 (S.D.N.Y. July 23, 2003) controls the facts of this case.
21
22       **1.**      **"Broker" and "agent" as synonymous/interchangeable:**
23       I.G.'s arguments with respect to the connection between the term "agents" and
24 "brokers" are without merit.  As discussed in the Memorandum Order (DN 494), under
25 PACA these terms do not share a common meaning, nor are the incorporated into one
26 another; they do not have the same PACA rights or responsibilities.  The PACA statute
27 itself belies I.G.'s contention, as the term "broker" is specifically defined in 7 U.S.C. §
28 499a(b)(7); and section 499a(12) delineates the differences between brokers and
   agents.  Congress drafted the statute to provide an additional layer of protection to the

sellers, suppliers, and agents of the original produce transaction; Congress did not include brokers within this ambit of protection.  A broker has an entirely different function from an agent, who acts on behalf of the grower.

For the foregoing reasons, as addressed in more detail in the Memorandum Decision (DN 494); this Court finds that I.G.'s arguments with respect to the connection between agents and brokers are without merit, and that "broker" is not synonymous and/or interchangeable with "agent" for purposes of PACA.

### 2. "In connection with" language.

I.G.'s arguments that the "in connection with" language contained in §499e(c)(2) includes broker fees for selling produce held by the purchaser are without merit.  I.G. did not sell or supply produce to Z&S, but instead brokered a number of produce transactions between Z&S and several grocery outlets. These transactions were performed pursuant to a written contract between I.G. and Z&S, and did not include PACA-intended beneficiaries, the original growers/suppliers.

As the Ninth Circuit noted in *Middle Mountain Land & Produce v. Sound Commodities,* 307 F.3d 1220, 1224 (9th Cir. 2002), Congress enacted §499e(c) to give sellers and suppliers a right to recover against buyers superior to that of all other creditors, including brokers.  While the Courts have held that sellers and suppliers have the right to recover contractually based attorneys' fees and interest under PACA, the critical distinction is that in such cases it was the PACA beneficiary that sought to recover the legal expenses and interest; here I.G. is not a PACA trust beneficiary as it is not a "supplier, seller or agent" and I.G. does not seek to recover administrative costs in addition to unpaid charges for the produce itself.

No Court has held that brokers are one of the classes intended to be protected by the PACA Trust.  Moreover, allowing I.G.'s claim opens the door to other creditors asserting similar claims and subverts Congress' intent to protect sellers as the exclusive beneficiaries of the PACA trust.

For the foregoing reasons, as addressed in more detail in the Memorandum

Decision (DN 494); this Court finds that the provisions and intent of PACA cannot be interpreted to allow I.G. to recover its broker fees prior to the distribution of trust funds to the qualified beneficiaries.

### 3. Eastside Food Plaza, Inc. v. "R" Best Produce, Inc.

I.G. Fruit argues that the decision of the United States District Court in and for the Southern District of New York in *Eastside Food Plaza, Inc. v. "R" Best Produce, Inc.*, No. 03-CV-106-SAS, 2003 WL 21727788 (S.D.N.Y. July 23, 2003) controls the facts of this case.  This Court finds that the Eastside Food Plaza decision is distinguishable.  The issue in *Eastside* was whether a broker of produce sales has standing to advance an unfair conduct claim under PACA.  The holding in *Eastside* was limited to whether an unpaid broker could properly raise an unfair conduct claim under 7 U.S.C. § 499b. *Eastside* never addressed whether an unpaid broker is a PACA beneficiary pursuant to 7 U.S.C. §499e(c)(2).  Additionally, §499b and §499e(c)(2) are two different statutory schemes that do not apply to or interrelate to one another.

For the foregoing reasons, as more fully discussed in the Memorandum Decision (DN 494) filed on June 24, 2010, this Court finds that I.G. Fruit is not one of the classes intended to be protected by the PACA Trust; and that I.G. Fruit does not have a PACA claim against defendants.  Accordingly, I.G. Fruit, Inc.'s Motion to Determine Validity of and Objections to Proofs of Claim is DENIED.

IT IS SO ORDERED.

Dated:  **July 2, 2010**              **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE