Jan T. Perkins #057995
Jerry H. Mann #095466
Douglas V. Thornton #154956
Ray S. Pool #226188
PERKINS, MANN & EVERETT
A Professional Corporation
2222 West Shaw Avenue, Suite 202
Fresno, California  93711
Telephone (559) 447-5700
Facsimile (559) 447-5600

(SPACE BELOW FOR FILING STAMP ONLY)

Attorney for: Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIONS, ETC., INC. and DUDA FARM FRESH FOODS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z&S FRESH, INC. fdba Z&S DISTRIBUTING CO., INC., MARTIN J. ZANINOVICH, LOREN SCHOENBURG, AND MARGARET aka MARGE SCHOENBURG,<br><br>Defendants. | Case No.  1:09-CV-00906-OWW-MJS<br><br>**STIPULATION AND ORDER FOR APPOINTMENT OF RECEIVER FOR LIMITED PURPOSE** |

WHEREAS the undersigned are the attorneys of record for Intervenor Plaintiff Terence J. Long, Trustee of the PACA Trust created by Court Order dated June 24, 2009, Intervenor Plaintiff and Defendant FRESNO-MADERA FEDERAL LAND BANK ASSOCIATION, FLCA (hereafter the "Bank"), Cross-Defendant ZM FRESH SPECIAL T'S, INC., Cross-Defendant MARTIN J. ZANINOVICH and CROSS-DEFENDANTS ARON and CARRIE MARGOSIAN;

WHEREAS, on November 17, 2007, the Bank and ZM Fresh entered into a Master Loan Agreement;

WHEREAS, on or about November 14, 2007, the Bank and ZM Fresh entered into a Supplemental Loan Agreement, wherein the Bank agreed to loan ZM Fresh the sum of $1 million dollars.  This loan was evidenced by a prime varitable line of credit promissory note dated

November 17, 2007 in the original sum of $1 million dollars, in addition to personal property under a security agreement dated November 14, 2007;

WHEREAS, on or about November 14, 2007, the Bank and ZM Fresh entered into a loan agreement, wherein the Bank agreed to loan the sum of $3.9 million dollars.  This loan was secured by a Promissory Note dated November 14, 2007 in the original principal sum of $3.9 million dollars and was secured by a Deed of Trust and Fixture Filing with Assignment of Rents and Proceeds, Leases, and Agreements dated November 14, 2007, which was recorded on November 7, 2007 as Document Number 2000-0106081 with Tulare County.  The loan was also secured by personal property as evidenced by a Security Agreement dated November 14, 2007;

WHEREAS, on or about November 1, 2009, the line of credit matured.  On December 16, 2008, the Bank and ZM Fresh entered into a Restructure Agreement by which the line of credit and mortgage loan would be restructured into one Restructure Loan from the Bank in the amount of $4,810,000.00.  This loan was evidenced by Promissory Note dated December 16, 2008 in the original sum of $4,810,000.00.  It was also secured by a Deed of Trust and Fixture Filing with Assignment of Rents and Proceeds, Leases and Agreements dated December 16, 2008 and recorded on December 26, 2008 as Document Number 2008-0086532 with Tulare County.  The loan was also guaranteed by Z&S Fresh, Inc.;

WHEREAS, on February 17, 2010, the Bank filed a Second Amended Cross-Complaint and First Amended Counter Claim wherein it sought relief through a judicial foreclosure concerning certain real property;

WHEREAS, on February 17, 2010, the Trustee filed an Intervenor Complaint wherein it sought to recoup funds belonging to the PACA beneficiaries that were allegedly transferred to ZM Fresh from Z & S;

WHEREAS Cross-Defendants MARTIN J. ZANINOVICH, ARON MARGOSIAN and CARRIE MARGOSIAN were owners of ZM Fresh;

WHEREAS, there are two pending offers to purchase the real property and packing shed that is subject to the Bank's judicial foreclosure;

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

STIPULATION FOR APPOINTMENT OF RECEIVER FOR LIMITED PURPOSE;
ORDER OF THE COURT RE SAME

WHEREAS, the parties have agreed that the sale of the real property and packing shed is in the interest of all parties;

WHEREAS, the parties have agreed to stipulate to the appointment of a Receiver for the limited purpose of selling the real property; and

WHEREAS, the parties are desirous of attempting to resolve their differences during the period of time in which the stipulated receiver shall be selling the property in question.

IT IS AGREED AND STIPULATED AS FOLLOWS:

## STIPULATION RE APPOINTMENT OF RECEIVER

1. John Van Curren shall be and hereby is appointed as Receiver for the limited purpose of marketing and selling the 18.79 acre packing house and cold storage property located at 39303 Road 56, Dinuba, California 93618 (APN 029-070-010) (the "Receivership Estate") on behalf of its owner of record ZM Fresh Special T's ("ZM").

2. The Receiver shall immediately and before performing any duties:

   a. Execute and file a receiver's oath, and

   b. File a bond required by 28 U.S.C Section 754 in the amount of $50,000.00 and as required by LR 232(i) and 151 of the Eastern District of California.

3. After qualifying, the Receiver is empowered and shall, in his sole and best judgment:

   a. Take all actions he deems necessary with respect to the marketing and sale of the Receivership Estate for consideration reflecting the current fair market value of the Receivership Estate in its as is condition, as determined by the Receiver and any MAI or ARA certified appraisers he retains in the discharge of his duties, including the power to accept purchase offers on behalf of ZM and direct sale proceeds as per below;

   b. Sell the Receivership Estate in its present physical ("as is") condition as of the date of acceptance, with any property, debris, or other items present, and not

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3
STIPULATION FOR APPOINTMENT OF RECEIVER FOR LIMITED PURPOSE;
ORDER OF THE COURT RE SAME

included in the sale shall be sold, removed, or otherwise disposed of by, and at the sole expense of the Buyer;

        c.     Have full access to all parts of Receivership Estate the Receiver deems necessary to properly administer, manage, and preserve the Receivership Estate as the Receiver deems necessary to properly market and sell the Receivership Estate for consideration reflecting its current fair market valued in its current "as is" condition;

        d.     Hire attorneys, accountants, appraisers, consultants, clerks, environmental experts, and other professionals as the Receiver deems necessary or appropriate to carry out the Receiver's duties hereunder, provided that the hiring of any professional shall be subject to the provisions of L.R. 232(g) of the United States District Court for the Eastern District of California;

        e.     Make any repairs and employ whatever level of security to the Receivership Estate as the Receiver deems necessary to preserve the Receivership Estate in its present physical "as is" condition pending sale;

        f.     Pay any obligations relating to the Receivership Estate that arose prior to the Receiver's appointment if the Receiver deems such payment necessary or appropriate to properly market the property and/or preserve Receivership Estate in its present physical "as is" condition pending sale, including payment of unpaid bills for power;

        g.     Do any acts that the Receiver deems necessary or desirable to preserve the value or marketability of the Receivership Estate;

      4.     The Sheriff's Department, in the county of jurisdiction, State of California, is directed and ordered to assist the Receiver in every capacity in which said Sheriff's assistance may be required to enable said Receiver to take and safely keep possession and control of the Receivership Estate.

      5.     Within fifteen days of the last day of each month following the filing of the initial inventory, the Receiver shall provide the Court and all parties with a monthly statement of

account of the Receivership Estate for the receipts and the expenses attributable to the Receiver's management of the Receivership Estate.

6. The Receiver's fees and charges for his services shall be as follows. Mr. Van Curren's hourly rate is $195, the hourly rate of Gary Honeycutt, the manager/administrator is $175 and the hourly rate of Anne Honeycutt, who handles account is $85 per hour. The Receiver's fees and charges shall be paid monthly upon presentation of invoice 50% by the Bank and 50% by the Trust. To the extent the Receiver's outstanding fees and charges are not deducted from the sale proceeds before deposit of the net proceeds pursuant to Paragraph 7 below, the fees will be apportioned 50/50 as between the Bank and the Trust in connection with any disbursements pursuant to Paragraph 7.

7. Upon sale of the Receivership Estate, the Receiver shall deposit the net proceeds of the Receivership Estate, after subtracting any outstanding fees or expenses, into an interest bearing blocked account to be opened by and placed solely in the name of the Bank for purposes of full or partial satisfaction of the debts secured by the Receivership Estate only upon completion of this litigation by way of agreement or judgment. The Bank hereby consents to the issuance of a temporary injunction as part of this Stipulation preventing any subsequent use or transfer of any of the funds placed into this account absent agreement and written consent from the Trust or further Court Order.

8. The Trust hereby agrees that any sale of the Receivership Estate by the Receiver pursuant to this Stipulation and Order will be free and clear of any liens, encumbrances, or security interest asserted by or on behalf of the PACA Trust and/or Trustee, and that following sale of the Receivership Estate and transfer of the net proceeds to the Bank's blocked account, recovery of the amount of any such released lien, encumbrance, or security interest, in the Receivership Estate, the amount and value of which will be determined by settlement or through this litigation, shall be recoverable solely from the proceeds of the referenced Bank account. It is

understood that the Trust has the ability to proceed against other assets beyond the Receivership Estate, pursue all of its rights on behalf of the PACA beneficiaries and that any amount and value associated with assets beyond the Receivership may be recoverable against any third party that a Judgment and/or Court Order shall determine is appropriate.

9.   The Receiver shall have no liability for claims, actions, damages, costs and/or expenses arising out of, or resulting from any hazardous substance, as the term is defined below existing at the business premises.  Hazardous substances shall be defined as any substance, material, or waste that is included within the definitions of "hazardous substances", "hazardous materials", "hazardous waste", "toxic substances", "toxic materials", "toxic waste", or the word of similar import in any federal, state or local law, whether common law, statute, ordinance, rule, regulation or judicial or administrative decisions.

10.   The Receiver and the parties to this case may, at any time, apply to this Court for further or other instructions or orders and for further or other powers as are necessary to enable the Receiver to perform his duties properly.

11.   The receivership created by virtue of this Stipulation, and the resulting Order of the Court, shall terminate of their own terms one hundred and eighty (180) days after issuance of the Order approving this Stipulation.  The Stipulation may be extended by mutual agreement of the parties and/or by Court Order.

12.   That any sale by the Receiver is subject to confirmation by the Court at a noticed hearing in which overbids will be entertained.  Counsel for the Trustee will prepare the paperwork for confirming the sale and the parties agree that the Trustee's counsel may apply for the Court, on an *ex parte* basis to secure an advanced hearing date if the events so warrant.

STIPULATION FOR APPOINTMENT OF RECEIVER FOR LIMITED PURPOSE;
ORDER OF THE COURT RE SAME

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

<u>SIGNATURES OF THE PARTIES</u>

Dated: March 8, 2011                                      Respectfully submitted,

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By:   /s/ Mandy L. Jeffcoach
Mandy L. Jeffcoach
Attorneys for Trustee
Terence J. Long

Dated: March 8, 2011                            PERKINS MANN & EVERETT


By:   /s/ Jan Perkins
Jan Perkins
Attorneys for
Terence J. Long, Trustee Pursuant to Court Order

Dated: March 8, 2011                            LANG, RICHERT & PATCH


By:   /s/ Scott J. Ivy
Scott J. Ivy
Attorneys for Fresno-Madera
Federal Land Bank Association, FLCA

Dated: March 8, 2011


By:  /s/ Riley Walter
Riley Walter
Attorneys for Martin J. Zaninovich

Dated: March 8, 2011                            WILD, CARTER & TIPTON


By:  /s/ Patrick J. Gorman
Patrick J. Gorman
Attorneys for Aron and Carrie Margosian

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

7

STIPULATION FOR APPOINTMENT OF RECEIVER FOR LIMITED PURPOSE;
ORDER OF THE COURT RE SAME

## ORDER

The Receiver is appointed pursuant to the terms and conditions above.

Further, all parties, and each of them, and their respective agents, employees, officers, directors, and all persons acting under, in concert with, or for them are to:

1. Refrain and be enjoined, during the pendency of this Stipulation and the resulting Order, from: (a) interfering with the Receiver or his agents, officers, employees, and servants, including labor crews or third parties, in the performance of any tasks which the Receiver, in his sole discretion, deems necessary in the performance of his duties; and (b) taking any other action whatsoever with respect to the packing shed and real property.

Further, the Bank, and their respective agents, employees, officers, directors, and all persons acting under, in concert with, or for them are to:

1. Refrain and be enjoined from any use, transfer, or encumbering of any funds transferred to the Bank by the Receiver pursuant to Paragraph 7 above, absent written consent from counsel for the Trust or Court Order.

IT IS SO ORDERED.

Dated:   **March 11, 2011**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE