# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIONS ETC., INC., et al., | CASE NO. 1:09-cv-00906-OWW-MJS |
| Plaintiffs, | ORDER GRANTING DEFENDANTS ARON MARGOSIAN AND CARRIE MARGOSIAN'S MOTION TO FILE AN AMENDED ANSWER AND COUNTERCLAIM |
| v. | (ECF No. 642) |
| Z&S FRESH, INC., et al., | |
| Defendants. | |
| / | |

**I.   INTRODUCTION**

This case originated as a Perishable Agricultural Commodities Act ("PACA") claim on May 22, 2009. (Compl., ECF No. 1.) The parties and issues in this case are many and its history extensive, but recitation and consideration of same is not necessary for resolution of this motion. For present purposes it is sufficient to note that Frank A. Logoluso Farms filed a First Amended Complaint in Intervention for violations of PACA on July 17, 2009, and named the Fresno-Madera Federal Land Bank Association, FLCA, (the "Bank") as a Defendant. (Am. Compl., ECF No. 23.) Ultimately, on February 17, 2010, the Bank filed a Second Amended Cross-Complaint against Cross-Defendants Aron Margosian and Carrie Margosian (collectively the "Margosians"). (Cross-Compl., ECF No. 432.) The Bank seeks to recover from the Margosians as guarantors on a series of loan transactions made by the

Bank to the business entity ZMC Fresh, Inc. (Id.) The Bank and ZMC Fresh, Inc. had entered into a restructure agreement in which the Bank's line of credit and mortgage loans to ZMC Fresh, Inc. were restructured into a single loan from the Bank to ZM Fresh Special T's, Inc., ZMC Fresh, Inc.'s successor (the "Restructure Loan"). (Id.) The Margosians, Z&S Fresh, Inc., and Martin J. Zaninovich were guarantors on the Restructure Loan. (Id.) There was a default on the Restructure Loan, and the Bank demanded payment from the guarantors. (Id.) In its Cross-Complaint, the Bank asserts that it is entitled to judicial foreclosure, damages for breach of continuing guaranty, declaratory relief, and quiet title. (Id.)

The Margosians filed their Answer and affirmative defenses, including defenses of fraud in the inducement and fraud in factum, on March 23, 2010. (Answer, ECF No. 448.) They did not file a counter-claim against the Bank or even seek leave to file such a counter-claim at any time prior to the filing of this motion on May 2, 2011. Indeed, on April 23, 2010 and again on August 6, 2010, the Margosians joined with other parties in filing Joint Scheduling Reports advising the Court that no amendments were anticipated. (Joint Scheduling Reports, ECF. Nos. 464 and 524.) The parties proceeded with discovery and other procedural steps. Discovery closed on April 14, 2011. (Order, ECF No. 599.) Trial is scheduled to begin on September 13, 2011. (Id.)

Now, a year after the Margosians filed their original answer and after non-expert and expert discovery have ended, the Margosians seek leave to file a First Amended Answer and Counter-Claim to the Bank's Second Amended Cross-Complaint. (Mot. To Amend, ECF 642.) The Margosians initially requested leave to add additional affirmative defenses and additional claims based on fraud, breach of contract, and negligence. However, they have since amended their proposed counter-claim to delete proposed breach of contract, cancellation of written instrument, declaratory relief, and negligence causes of action. (Statement, ECF No. 668; Proposed Counter-Cl., ECF No. 671.) They now seek leave to proceed on causes of action for negligent and intentional misrepresentation, suppression of fact and breach of the implied covenant of good faith and fair dealing only. (Id.)

The Bank agreed in open court to the proposed amendment of the Margosians' Answer to assert the new affirmative defenses. The Bank opposes granting the Margosians leave to amend to assert the proposed counter-claim, arguing undue and prejudicial delay in moving to amend. (Opp'n., ECF No. 653.) The Bank notes that it would need to serve additional written discovery on the Margosians and depose each of them as well as some six other witnesses in order to meet the new counter-claim, and all discovery and motion deadlines have now expired. (Supplement to Opp'n, ECF no. 672.)

## II.   APPLICABLE LAW

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleadings "only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of favoring amendments to pleadings is to be applied with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1987)).

A court should consider the following four factors in determining whether to grant leave to amend: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. United States v. Pend Oreille Public Utility Dist No. 1., 926 F.2d 1502, 1511 (9th Cir. 1991). Delay alone is not sufficient grounds for denying leave to amend. Id. It must be accompanied by one of the other three factors; prejudice to the opposing party is the most important consideration. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under [R]ule 15(a)'") (citing Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)). In the absence of prejudice or a strong showing of any of the remaining factors, there is a presumption under Fed R. Civ. P. 15(a) in favor of granting leave to amend. Id.

"'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad fath, it is an abuse of discretion' to deny leave to amend." Pend Oreille, 926 F.2d at 1511-1512 (citing Howey v. United States, 481 F.2d 1187, 1190-1191 (9th Cir. 1973)). In short, delay alone, without

prejudice, bad faith or futility will not justify denial of a motion to amend. <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999).

The non-moving party bears the burden of showing why leave to amend should not be granted. <u>Genetech, Inc. v. Abbott Labs.</u>, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

## III.  ANALYSIS

### 1. Introduction

There is no persuasive evidence of bad faith on the part of the Margosians (although their failure to give any plausible explanation for the delay in filing this motion is troublesome). There have been no failed attempts to amend previously and futility is not an issue. Thus the questions before the Court are whether the delay in moving to amend was "undue" and, if so, whether the Bank will be prejudiced if the Court allows amendment at this late date.

### 2. The Margosians Unduly Delayed in Filing the Motion to Amend

The Margosians assert that they could not have filed the motion to amend earlier because they only became aware of the facts justifying this First Amended Answer and Counter-Claim through discovery which was not completed until late January 2011.

This assertion is inconsistent with the history of the Margosians' participation in this case. The Margosians raised the affirmative defenses of fraud in the inducement and fraud in the factum in their original answer filed more than a year ago on March 23, 2010. (ECF No. 448.) Their joinder in the April 23, 2010 and August 6, 2010 Joint Scheduling Reports reaffirmed their intent to defend against the Bank's claims based on alleged fraud and not move to amend. (Joint Scheduling Reports, ECF. Nos. 464 and 524.) As early as September 24, 2010, the Margosians sent a letter to the Bank requesting dismissal of the Bank's claims against them and threatening to file new claims such as those they now request leave to assert. (Decl. Ex. 1, ECF No. 654.) This letter was sent well before the Margosians took those depositions which they now claim were prerequisites to their assertion of these counterclaims and affirmative defenses. In any event, the Bank completed their depositions of the Margosians in August 2010, and the Margosians

deposed the Bank's representatives in August, September, October and December 2010 and on three occasions in January 2011. Notwithstanding the intent reflected in the September 2010 letter and the completion of the depositions in January 2011, the Margosians took no steps to amend until this motion was filed on May 2, 2011.

The Court finds the Margosians' delay in moving to amend to have been "undue". There is no credible justification for their delay. The nature of the assertions and counter-assertions were made as far back as the date of the Margosians' first appearance on March 23, 2010. It is difficult to imagine why discovery needed to be completed before seeking leave to amend. Even if the delay could be attributable to a need to complete discovery, it is unclear why this motion was not filed soon after the Margosians' last deposition of the Bank's witnesses in January 2011, some three months before the Margosians filed their motion.

The Court finds the Margosians' delay to have been undue and unnecessary.

### 3. Prejudice to the Bank Can Be Ameliorated

Notwithstanding the foregoing, as noted, delay on its own is never sufficient to justify the denial of a motion to amend. Howey v. United States, 481 F.2d 1187, 1190-1191 (9th Cir. 1973) (Trial court's reliance solely on undue delay is insufficient grounds for denial of government's third party-complaint on the second day of trial, without a showing of prejudice, bad faith, or futility of amendment). Without a showing of prejudice, bad faith, or futility, delay on its own is not enough to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). See, e.g., AmeriSourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2000) (motion to amend was denied for undue delay and prejudice where moving party sought to allege facts and claims diametrically opposed to those which had been maintained all along); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (motion to amend denied for delay and prejudice where motion was brought two months prior to the trial date, discovery had been completed, facts underlying the amendment had been known at the time of the moving party's original pleading, and moving party had already amended the pleading twice); Solomon v. North American Life & Cas. Ins.

Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (denial of leave to amend where amendment would have required reopening discovery and amendment would have been futile).

The Margosians seek leave to amend to assert very significant affirmative claims against the Bank and now, for the first time, attempt to recover not only general and special, but also punitive, damages from the Bank. Certainly, the Bank would be prejudiced if it were forced to meet these new claims without being able to conduct full discovery into them. The Bank has a right to discover all non-privileged matter relevant to its defense of claims against it. Fed. R. Civ. P. 26(b)(1).

However, the need to conduct additional discovery does not alone constitute undue prejudice warranting denial of a motion to amend. See, e.g., Genetech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (fact that amending the pleading might require additional depositions of numerous witnesses across the country who had been previously questioned and might necessitate additional written discovery resulting in delay did not constitute undue prejudice warranting denial of motion to amend). Courts have allowed amendments on the eve of **and during** trial. See, e.g. United States v. Pend Oreille Public Utility Dist No. 1., 926 F.2d 1502, 1511 (9th Cir. 1991) (remanding a district court's decision denying a motion to amend a pleading because the filing of an amended pleading was not clearly prejudicial where the amendment was filed eleven months after the court entered judgment in phase 2 of the trial and three weeks prior to the commencement of phase three of the trial); Howey v. United States, 481 F.2d 1187, 1190-1191 (9th Cir. 1973) (trial court abused discretion in denying motion to amend on the second day of trial where there was no showing of prejudice).

The Bank has asserted the need to serve additional written discovery on the Margosians, re-depose both of the Margosians, and depose, and in some cases re-depose, percipient and/or party witnesses. (Supplement to Opp'n, ECF No. 672.). The nature and scope of the proposed discovery is found to be relevant and reasonable under the circumstances.

Trial is scheduled to begin on September 13, 2011.[1] Although it is less than ideal for a party to have to initiate discovery into such new and significant issues so close to trial, there is sufficient time to conduct and conclude that discovery outlined by the Bank prior to trial (ECF No. 672.), particularly where, as here, as a condition of granting the motion to amend, the Margosians will be ordered to cooperate and promptly respond to written discovery and promptly schedule depositions on reasonable notice by the Bank.

Were discovery not reopened to accommodate the Bank's need to discover fully these new claims, the Bank would be severely prejudiced by allowing the amendment, and the Margosian's motion to amend would be denied.   However, the Court finds that there is good cause, within the meaning of Fed. R. Civ. P. 16(b)(4), to grant relief from the discovery cut-off to the extent provided herein.

The Court hereby orders re-opening of discovery, despite the expiration of the previously set deadlines to complete discovery, to enable the Bank to conduct the discovery outlined in ECF No. 672.  The Margosians have stipulated that they need not conduct further discovery relating to the new issues. No other discovery will be allowed by any other party without further leave of court for good cause shown.

**III.     ORDER**

Accordingly, for the reasons set forth above, it is ordered:

1. Aron and Carrie Margosians' Motion to File First Amended Answer and Counter-Claim against the Fresno-Madera Federal Land Bank Association, FLCA, is GRANTED. The proposed Verified First Amended Answer and Counter-Claim (Statement, ECF No. 671) may be filed at this time;

2. Fresno-Madera Federal Land Bank Association, FLCA, has twenty one (21) days from the date of said filing to file its response to the First Amended Answer and Counter-

---

[1] The Margosians and the Bank have discussed seeking leave to sever their claims and counterclaims from the main action and continuing the trial date of the severed action. Any such leave must be sought from the District Judge before whom this matter is to be tried. Similarly, requests for extension of dispositive motion deadlines to accommodate the amendment authorized herein shall be addressed to the District Judge.

Claim;

3. Discovery shall be re-opened to allow Fresno-Madera Federal Land Bank Association, FLCA, to conduct discovery as outlined in its Supplemental Brief in Opposition to Margosians' Motion for Leave to Amend (Supplement, ECF No. 672), but not otherwise; and,

4. Aron and Carrie Margosian and their counsel shall cooperate fully in the expeditious completion of the discovery authorized herein.

IT IS SO ORDERED.

Dated:    June 13, 2011            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE