Jan T. Perkins #057995
Jerry H. Mann #095466
Douglas V. Thornton #154956
Ray S. Pool #226188
PERKINS, MANN & EVERETT
A Professional Corporation
2222 West Shaw Avenue, Suite 202
Fresno, California 93711
Telephone (559) 447-5700
Facsimile (559) 447-5600

Attorney for: Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ONIONS ETC., INC., and DUDA FARM FRESH FOODS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> Z & S FRESH, INC., a California corporation; Z & S DISTRIBUTING COMPANY, INC., a California corporation; MARTIN J. ZANINOVICH, an individual; LOREN SCHOENBURG, an individual; MARGE SCHOENBURG, an individual, <br><br> Defendants. <br><br> AND ALL RELATED CONSOLIDATED ACTIONS. | Case No.: 1:09-cv-00906-OWW-MJS <br><br> **JUDGMENT** <br><br> **REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT** |

The motion for summary judgment or, in the alternative, summary adjudication by Terence J. Long, Trustee Pursuant to Court Order, came on for hearing before the court on July 25, 2011, the Honorable Oliver W. Wanger, District Judge presiding. Having fully considered the evidence presented, the issues having been duly heard and the court having, on August 2, 2011, issued its Memorandum Decision and Order on the Trustee's Motion for

Summary Judgment or, in the Alternative, Summary Adjudication, the court makes the following findings of fact and conclusions of law:

## I. INTRODUCTION

On May 22, 2009, two sellers of perishable agricultural commodities, Onions Etc., Inc., and Duda Farm Fresh Foods, Inc., commenced this action against Z&S Fresh, Inc. fdba Z&S Distributing Co., Inc. ("**Z&S**"), Martin Zaninovich ("**Zaninovich**"), Loren Schoenburg, and Margaret Schoenburg (together, "**Defendants**") pursuant to the Perishable Agricultural Commodities Act of 1930 ("**PACA**"), 7 U.S.C. § 499a *et seq*. On June 24, 2009, the parties stipulated to: (1) entry of a preliminary injunction; (2) appointment of Terence J. Long as trustee of the PACA trust ("**Trustee**"); (3) establishment of a PACA trust account; (4) liquidation of the PACA trust assets; and (5) establishment of a PACA trust claims procedure by which PACA trust creditors could file claims and intervene in the lawsuit.

To the Trustee's motion for summary judgment or, in the alternative, summary adjudication, L. Schoenburg and M. Schoenburg (together, "**Schoenburgs**") filed an opposition. The Trustee filed a reply to their opposition. Z&S and Zaninovich did not file oppositions.

## II. FINDINGS OF FACT

**A.  Z&S**

In December 1985, L. Schoenburg and Zaninovich incorporated Z&S, a California corporation engaged in the business of marketing and selling produce in interstate commerce. ZM Fresh Special T's ("**ZM**") was a California corporation engaged in the handling, processing, and packaging of produce marketed by Z&S. In 1986, the United States Department of Agriculture's Agricultural Marketing Service ("**USDA AMS**") issued Z&S PACA license no. 19860395.

On January 24, 1986, the Schoenburgs were issued fifty percent (50%) of the shares of stock in Z&S as joint tenants. Zaninovich received the other fifty percent (50%) of the issued shares. From at least as early as 2006 and continuing through 2009, there were three directors of Z&S: Zaninovich, L. Schoenburg, and M. Schoenburg.

In 2008 and 2009, Z&S transferred assets to ZM or to third parties on behalf of ZM. All of the assets transferred by Z&S to ZM were encumbered by the statutory trust arising under 7 U.S.C. §499e(c) because the funds transferred from Z&S to or for the benefit of ZM were proceeds from the sales of perishable agricultural commodities ("**Proceeds**"), and assets commingled with, purchased with or otherwise acquired with Proceeds (collectively "**PACA Trust Assets**"). The PACA Trust Assets transferred directly to ZM or to third-party vendors on behalf of ZM amounted to $4,319,241.23: $3,040,000.00 in direct transfers to ZM and $1,279,241.23 in transfers to third-party vendors on behalf of ZM.

At the time of those transfers and as a result thereof, Z&S became insolvent, which in turn caused Z&S to fail to tender prompt and full payment to shippers and growers who had valid claims for debts covered by PACA. A court order dated June 24, 2009 ("**Order**"), appointed Terence J. Long as Trustee of the assets of Z&S; required him to identify, take possession and control, and liquidate all assets of Z&S; and authorized him to "bring and prosecute all proper actions for the collection of contract proceeds due, or for the protection of the PACA trust assets, or to recover possession of the PACA trust assets from any person." As directed by the Order, the Trustee calculated the total amount of the PACA claims after resolutions and settlements of objections and disputes regarding the PACA claims as $6,978,264.59,[1] and comprising of:

| Claimant | Valid PACA Trust Claim |
|---|---:|
| APB, Inc. dba Tavilla Sales Company | $40,361.40 |
| Big Chuy Distributors and Sons, Inc. | $74,092.99 |
| Booth Ranches, LLC | $41,804.68 |
| Booth Ranches, LLC | $306,211.50 |
| C.H. Robinson Company | $85,489.12 |
| Cal Fresco, LLC | $49,338.16 |
| Calavo Growers, Inc. | $2,655.10 |
| Castro Produce, LLC | $28,003.12 |
| CH Distributing, LLC | $20,861.97 |
| Chamberlain Distributing, Inc. | $131,783.55 |
| Ciruli Brothers, LLC | $27,063.16 |
| Clark Farms | $86,727.83 |
| Commercial Alfonso Eyzaguirre Y Cia. Ltda. Dba Comey Ltda. | $155,500.88 |
| Dandrea Produce, Inc. | $83,610.15 |

---

[1] The original amount was $7,176,731.94, though this was later reduced after the Court issued an order invalidating the claim of I.G. Fruit, Inc. in the amount of $198,467.35.

| | |
|---|---:|
| Del Monte Fresh Produce N.A., Inc. | $30,876.71 |
| Divine Flavor, LLC | $64,948.23 |
| Duda Farm Fresh Foods, Inc. | $172,695.96 |
| Epicure Trading, Inc. | $97,698.13 |
| Fisher Capespan USA, LLC | $24,496.67 |
| Four Play Farms | $3,207.92 |
| Frank A. Logoluso Farms | $1,209,299.83 |
| Fresco Produce, Inc. | $454,018.94 |
| Gemco, Inc. | $57,959.07 |
| Giumarra Farms, Inc. | $164,018.25 |
| Giumarra International Marketing | $105,310.33 |
| Golden Star Citrus, Inc. | $356,045.98 |
| Jacob Hiebert | $32,300.00 |
| J-C Distributing, Inc. | $8,782.54 |
| Jewel Marketing & Agribusiness, LLC, dba Crown Jewels Marketing, LLC | $70,071.60 |
| JP Produce, Inc. | $29,204.86 |
| King Fresh Produce, LLC | $310,635.55 |
| Kirschenman Enterprises Sales | $123,200.00 |
| Larry Gardner | $22,139.73 |
| Maria Alvarado | $26,939.40 |
| Mark L. Pascoe | $8,423.65 |
| Meyer, LLC | $27,861.07 |
| Mikaelian and Sons, Inc. | $83,960.22 |
| Onions, Etc. Inc. | $117,391.38 |
| Pandol Bros., Inc. | $216,904.48 |
| Peters Fruit Farms, Inc. | $378,844.51 |
| Premium Produce Distributors, Inc. | $237,512.42 |
| Pro Citrus Network, Inc. | $27,440.15 |
| R & C Berndt, Inc. | $151,648.88 |
| Ramon Rios | $14,525.74 |
| Raul Alvarez | $26,654.47 |
| Richard Cottrell Marketing, Inc. | $72,493.08 |
| Rick Dreo | $27,000.00 |
| Rio Vista Ltd. Dba Giumarra of Nogales | $20,176.08 |
| Salvadore Romero | $36,906.28 |
| Seald Sweet, LLC | $188,176.65 |
| Shipley Sales Service | $85,685.46 |
| Sundale Sales, Inc. | $101,949.75 |
| Sunfed Produce, LLC | $29,189.93 |
| Sunny Cove Citrus, LLC | $32,923.17 |
| Sunriver Trading Company Limited | $36,338.33 |
| The Fruit Branch, Inc. | $306,738.70 |
| William Cotner | $59,640.17 |
| William H. Kopke, Jr., Inc. | $135,411.33 |
| Wilson Produce, LLC | $54,110.80 |
| Zimmerman Farms, Inc. | $3,004.58 |

Pursuant to the Order, the Trustee has distributed a total of $3,436,344.84, leaving the amount of $3,541,919.75 still owing to the PACA beneficiaries.

/ / /

B.  **Zaninovich**

Prior to 2001, the Schoenburgs transferred their shares of Z&S stock to Zaninovich, who became the sole shareholder of Z&S, and remained as such during the relevant period. Further, Zaninovich owned 50% of the shares in ZM, and was President of both Z&S and ZM. Zaninovich oversaw the day to day operations of Z&S, and directed the use of its PACA Trust Assets. Zaninovich had no significant sources of income other than from Z&S and considered all of his personal assets, at least to the extent PACA trust monies were distributed to him, to be PACA Trust Assets. Zaninovich also treated the assets of Z&S as his personal assets, oftentimes using the PACA Trust Assets of Z&S for his personal use. The records of the USDA AMS show that Zaninovich was identified as a "Reported Principal" on the PACA license issued by the USDA AMS.

### III.   CONCLUSIONS OF LAW

A.  **Count II - Enforcement of Statutory Provisions of PACA;**

   **Count III - Violation of PACA**

   1.  **PACA**

PACA was enacted in 1930 to prevent unfair business practices and promote financial responsibility in the fresh fruit and produce industry. (*Sunkist Growers v. Fisher* (9th Cir. 1997) 104 F.3d 280, 282). PACA requires all brokers and dealers in perishable agricultural commodities to obtain licenses from the Secretary of Agriculture. (*Id*.; 7 U.S.C. §§ 499c, 499d.) "Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." (*Sunkist Growers*, 104 F.3d at 282; 7 U.S.C. § 499b(4).) Congress amended PACA in 1984 "'to remedy [the] burden on commerce in perishable agricultural commodities and to protect the public interest' caused by accounts receivable financing arrangements that 'encumber or give lenders a security interest' in the perishable agricultural commodities superior to the growers." (*Boulder Fruit Express & Heger Organic Farm Sales v. Transp. Factoring, Inc.* (9th Cir. 2001) 251 F.3d 1268, 1270 (quoting 7 U.S.C. § 499e(c)(1)).)

/ / /

Section 499e(c) created the PACA trust:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

(7 U.S.C. § 499e(c)(2).)

"Commission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." (7 C.F.R. § 46.46(d)(1).) Dissipation of trust assets, defined as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions," is unlawful. (*Id*.; 7 C.F.R. § 46.46(a)(2).) Failure to maintain the trust or make full payment promptly to the trust beneficiary is unlawful. (7 U.S.C. § 499b(4).)

### 2.   Z&S

The undisputed facts establish that Z&S was subject to PACA. Z&S was a California corporation that was engaged in the business of marketing and selling produce in interstate commerce. Z&S was therefore a "dealer" within the meaning of PACA. (7 U.S.C. § 499a(b)(6) (defining a "dealer" as "any person engaged in the business of buying and selling in wholesale . . . any perishable agricultural commodity in interstate or foreign commerce. . . .").) The USDA AMS issued Z&S PACA license no. 19860395.

The undisputed facts establish that Z&S violated PACA. In 2008 and 2009, Z&S transferred assets to ZM or to third parties on behalf of ZM. The assets that were transferred to ZM were all assets protected by a PACA statutory trust, meaning that the source of the funds transferred from Z&S to ZM came from PACA Trust Assets. The assets transferred directly to ZM or to third-party vendors on behalf of ZM amounted to $4,319,241.23: $3,040,000.00 in direct transfers to ZM and $1,279,241.23 in transfers to third-party vendors on behalf of ZM.

These transfers from Z&S to and for the benefit of ZM constitute an unlawful dissipation of PACA trust assets. (7 C.F.R. § 46.46(a)(2), (d)(1).) At the time of these transfers, and as a result thereof, Z&S was insolvent and unable to pay shippers and growers who had valid claims for debts covered by PACA. Z&S's failure to maintain its PACA trust and remit full and prompt payment to the trust beneficiaries violated PACA. (7 U.S.C. § 499b(4).)

Pursuant to the Order, the Trustee has distributed a total of $3,436,344.84, leaving the net amount of $3,541,919.75 still owing to PACA beneficiaries. The following amounts remain owed to the PACA trust beneficiaries:

| Claimant | Unpaid PACA Trust Claim |
|---|---|
| APB, Inc. dba Tavilla Sales Company | $20,486.02 |
| Big Chuy Distributors and Sons, Inc. | $37,606.98 |
| Booth Ranches, LLC | $21,218.57 |
| Booth Ranches, LLC | $155,422.10 |
| C.H. Robinson Company | $43,391.25 |
| Cal Fresco, LLC | $25,042.30 |
| Calavo Growers, Inc. | $1,347.63 |
| Castro Produce, LLC | $14,213.39 |
| CH Distributing, LLC | $10,588.80 |
| Chamberlain Distributing, Inc. | $66,888.66 |
| Ciruli Brothers, LLC | $13,736.30 |
| Clark Farms | $44,019.97 |
| Commercial Alfonso Eyzaguirre Y Cia. Ltda. Dba Comey Ltda. | $78,926.73 |
| Dandrea Produce, Inc. | $42,437.55 |
| Del Monte Fresh Produce N.A., Inc. | $15,671.92 |
| Divine Flavor, LLC | $32,965.42 |
| Duda Farm Fresh Foods, Inc. | $87,654.35 |
| Epicure Trading, Inc. | $49,588.11 |
| Fisher Capespan USA, LLC | $12,433.64 |
| Four Play Farms | $1,628.23 |
| Frank A. Logoluso Farms | $613,797.73 |
| Fresco Produce, Inc. | $230,443.92 |
| Gemco, Inc. | $29,417.97 |
| Giumarra Farms, Inc. | $83,249.85 |
| Giumarra International Marketing | $53,451.79 |
| Golden Star Citrus, Inc. | $180,716.32 |
| Jacob Hiebert | $16,394.34 |
| J-C Distributing, Inc. | $4,457.71 |
| Jewel Marketing & Agribusiness, LLC, dba Crown Jewels Marketing, LLC | $35,565.86 |
| JP Produce, Inc. | $14,823.35 |
| King Fresh Produce, LLC | $157,667.59 |
| Kirschenman Enterprises Sales | $62,531.95 |
| Larry Gardner | $11,237.34 |
| Maria Alvarado | $13,673.48 |
| Mark L. Pascoe | $4,275.55 |
| Meyer, LLC | $14,141.29 |

| | |
|---|---|
| Mikaelian and Sons, Inc. | $42,615.23 |
| Onions, Etc. Inc. | $59,583.70 |
| Pandol Bros., Inc. | $110,093.03 |
| Peters Fruit Farms, Inc. | $192,288.04 |
| Premium Produce Distributors, Inc. | $120,552.89 |
| Pro Citrus Network, Inc. | $13,927.65 |
| R & C Berndt, Inc. | $76,971.60 |
| Ramon Rios | $7,372.75 |
| Raul Alvarez | $13,528.86 |
| Richard Cottrell Marketing, Inc. | $36,794.92 |
| Rick Dreo | $13,704.24 |
| Rio Vista Ltd. Dba Giumarra of Nogales | $10,240.66 |
| Salvadore Romero | $18,732.32 |
| Seald Sweet, LLC | $95,511.80 |
| Shipley Sales Service | $43,490.90 |
| Sundale Sales, Inc. | $51,746.08 |
| Sunfed Produce, LLC | $14,815.77 |
| Sunny Cove Citrus, LLC | $16,710.63 |
| Sunriver Trading Company Limited | $18,444.05 |
| The Fruit Branch, Inc. | $155,689.69 |
| William Cotner | $30,271.24 |
| William H. Kopke, Jr., Inc. | $68,729.99 |
| Wilson Produce, LLC | $27,464.72 |
| Zimmerman Farms, Inc. | $1,525.02 |

Z&S is liable under PACA for the unpaid $3,541,919.75 due to the PACA trust beneficiaries. (See 7 U.S.C. § 499e(a).)

**3.    Zaninovich**

In *Sunkist Growers, Inc. v. Fisher* (9th Cir. 1997) 104 F.3d 280, 283, the Ninth Circuit explained that PACA liability attaches first to the licensed seller of produce. If the seller's assets are "insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." (*Id*. (quoting *Shepard v. K.B. Fruit & Vegetable* (E.D. Pa. 1994) 868 F.Supp. 703, 706).) "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." (*Sunkist Growers*, 104 F.3d at 283.) "A court considering the liability of the individual may look at 'the closely-held nature of the corporation, the individual's active management role' and any evidence of the individual's acting for the corporation." (*Id*.)

The undisputed facts show that Zaninovich was in a position to, and did in fact, control PACA trust assets. Zaninovich was one of three directors of Z&S, its sole shareholder, and its

President. Zaninovich oversaw the operations of Z&S. Zaninovich owned fifty percent (50%) of the shares in ZM and served as ZM's President. Zaninovich had no significant sources of income other than from Z&S, and considered all of his personal assets, at least to the extent PACA trust monies were distributed to him, to be PACA trust assets. The records of the USDA AMS show that Zaninovich was identified as a "Reported Principal" on the PACA license issued by the USDA AMS. As Z&S's director, president, sole shareholder, and person who oversaw Z&S's day to day operations, Zaninovich was in the position to, and did control PACA Trust Assets.

There is no issue that Zaninovich knowingly breached his fiduciary duty to preserve the PACA Trust Assets. While Zaninovich was in control of Z&S and its PACA Trust Assets, Z&S transferred $4,319,241.23 out of Z&S's PACA trust to ZM. He treated the PACA Trust Assets of Z&S as his own, oftentimes using those assets for personal expenses, gifts and entertainment. As a result of Zaninovich's failure to ensure that Z&S preserved the PACA Trust Assets, Z&S became insolvent and unable to pay shippers and growers who had valid claims for debts covered by PACA. As a result of Zaninovich's breach of fiduciary duty to preserve Z&S's PACA Trust Assets, the PACA beneficiaries have suffered damages totaling $3,541,919.75, for which Zaninovich is personally liable.

**B.     Count VII: Breach of Fiduciary Duty**

To establish a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) breach of that fiduciary relationship; and (3) damage proximately caused by that breach. (*Roberts v. Lomanto* (2003) 112 Cal.App.4th 1553, 1562 (2003).)

There is no triable issue of fact that Zaninovich breached his fiduciary duty to PACA. Zaninovich had control over the PACA trust assets, and therefore had a fiduciary relationship to PACA trust beneficiaries. Zaninovich knowingly breached his fiduciary duty by transferring and dissipating $4,319,241.23 of Z&S assets to ZM or to third parties on behalf of ZM. As a result of the transfers, Z&S became insolvent and unable to pay shippers and growers who had valid claims for debts covered by PACA. Z&S still owes the PACA trust beneficiaries

$3,541,919.75 by Z&S. There is no issue of fact that Zaninovich's breach proximately caused this damage.

### C.     Count VIII: Conversion

In California, the tort of conversion has three elements: (1) ownership or right to possession of property; (2) wrongful disposition of the property right; and (3) damages. (*G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.* (9th Cir. 1992) 958 F.2d 896, 907; *Kremen v. Cohen* (9th Cir. 2003) 337 F.3d 1024, 1029.)

There is no triable issue of fact that Zaninovich knowingly converted PACA assets. Pursuant to the court's Order, the Trustee calculated the total amount of the PACA claims after resolutions and settlements of objections and disputes regarding the PACA claims: $6,978,264.59. Zaninovich transferred $4,319,241.23 of Z&S assets to ZM or to third parties on behalf of ZM. As a result of the transfers, Z&S became insolvent and unable to pay shippers and growers who had valid claims for debts covered by PACA. The PACA beneficiaries are still owed $3,541,919.75.

### IV.     JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. There being no just reason for delaying an appeal, this Judgment constitutes a final, appealable judgment under Federal Rules of Civil Procedure Rule 54(b).

2. The Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER have and recover from Defendants Z&S FRESH, INC. FDBA Z&S DISTRIBUTING CO., INC., and MARTIN J. ZANINOVICH, jointly and severally, in the amount of $3,541,919.75, together with costs.

3. Within thirty days of entry of this Judgment, Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER, shall file a chart identifying the name of each qualified PACA trust creditor of Z&S, the amount of each claim, and the then-unpaid balance owed to each.

4. In the event that Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER, is relieved of his duties, no replacement Trustee is appointed, and amounts

remain due and owing pursuant to this Judgment, then any beneficiary of the PACA trust may petition this Court for entry of a final judgment in its sole favor, and against Defendants Z&S FRESH, INC. FDBA Z&S DISTRIBUTING CO., INC., and MARTIN J. ZANINOVICH, jointly and severally, in an amount that shall not exceed the amount left owing and unpaid to said beneficiary as set forth on the chart filed by Plaintiff TERENCE J. LONG, TRUSTEE PURSUANT TO COURT ORDER, in accordance with the previous paragraph.

5. The PACA trust stated above gives rise to the fiduciary capacity required under 11 U.S.C. §523(a)(4), which fiduciary capacity applies only to express or technical trusts; the "defalcation" within the meaning of 11 U.S.C. §523(a)(4) includes the dissipation of PACA trust assets and failure to account properly for PACA trust assets as stated above; and therefore this judgment is nondischargeable as to Defendant MARTIN J. ZANINOVICH under 11 U.S.C. §523(a)(4) on the basis of defalcation while acting in a fiduciary capacity.

IT IS SO ORDERED.

Dated:   **August 10, 2011**               /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE