**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIONS ETC., INC. and DUDA FARM FRESH FOODS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z & S FRESH, INC., a California corporation; Z & S DISTRIBUTING COMPANY, INC., a California corporation; MARTIN J. ZANINOVICH, an individual; LOREN SCHOENBURG, an individual; MARGE SCHOENBURG, an individual,<br><br>Defendants. | Case No. 1:09-cv-00906-AWI-MJS<br><br>ORDER GRANTING JUDGMENT IN THE SOLE FAVOR OF FRANK A. LOGOLUSO FARMS<br><br>(Doc. 879) |
| AND ALL RELATED CONSOLIDATED ACTIONS. | |

On May 29, 2013, intervenor plaintiff Frank A. Logoluso Farms ("Logoluso") filed the instant motion for judgment in its sole favor and against defendants Z&S Fresh, Inc. fdba Z&S Distributing Co., Inc. ("Z&S") and Martin Zaninovich ("Zaninovich"). Doc. 879. The basis for the motion is that the Court-appointed trustee for the assets of Z&S has been permanently relieved of his duties. Doc. 877. By the terms of the August 10, 2011 judgment in favor of the trust, individual trust beneficiaries such as Logoluso are now eligible for similar judgments for the amounts still owed to them under the trust. Doc. 731.

No briefs were filed in opposition. On June 28, 2013, the Court took the matter under submission. Doc. 880. For the reasons that follow, the motion is granted.

1

# FINDINGS OF FACT[1]

Z&S was a California corporation that marketed and sold produce in interstate commerce. As such, it was governed by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq*. PACA creates a non-segregated, floating trust which permits suppliers to recover from dealers such as Z&S for the commodities they supply until paid in full. 7 U.S.C. § 499e(c)(2). The trust is "a self-help tool," enabling suppliers "to protect themselves against the abnormal risk of slow-pay and no-pay practices" by the dealers they supply. 49 Fed. Reg. at 45735.

By 2001, Zaninovich was the sole shareholder of Z&S. He was its president, oversaw its day-to-day operations, and directed the use of its PACA trust assets. He treated these as his own, oftentimes using them for personal expenses, gifts, and entertainment. In 2008 and 2009, Z&S transferred $4,319,241.23 in trust assets to a separate company of which Zaninovich was 50% shareholder and president or to other companies on its behalf. As a result, Z&S became insolvent and failed to tender prompt and full payment to suppliers who had debts covered by PACA.

On May 22, 2009, a pair of suppliers commenced this action against Z&S, Zaninovich, and the company's other directors. The action would come to include many additional plaintiffs and defendants, including Logoluso, who intervened as plaintiff on June 10, 2009. Doc. 23, Doc. 159. On June 24, 2009, the Court appointed a trustee for the assets of Z&S. Doc. 48.

On August 11, 2011, the Court entered summary judgment against Z&S and Zaninovich for $3,541,919.75, the amount still owing to trust beneficiaries. Doc. 731. This judgment was entered in favor of the trust. However, the Court explained that, once the trustee was relieved of his duties with no successor appointed, individual trust beneficiaries could seek judgment in their own favor against these defendants for the amount still unpaid to them at that time.

On April 24, 2013, the trustee indicated he would be making his final distribution. Doc. 875-1 (Trustee's Final Report and Accounting). The Court granted his request to be relieved of his duties, as well as the request by beneficiaries that their complaints be dismissed with prejudice. Doc 876, Doc. 877. On May 29, 2013, Logoluso filed a motion for judgment in its sole favor and against Z&S and Zaninovich for $363,797.71, the PACA trust amount still unpaid to it. Doc. 878, Ex. A (trustee's distribution chart); Doc. 879 (motion).

---

[1] Unless otherwise noted, these findings of fact are derived from the Court's August 10, 2011 Judgment. Doc. 731.

## CONCLUSIONS OF LAW

All conclusions of law in the Court's August 10, 2011 Judgment are incorporated herein by reference. Doc. 731. Z&S and Zaninovich violated PACA, and Zaninovich violated his fiduciary duties under PACA and converted PACA trust assets. They thereby became jointly and severally liable to the PACA trustee for the amounts unpaid to the trust beneficiaries. Furthermore, because the trustee has been relieved and no successor appointed, trust beneficiary Logoluso is entitled to a similar judgment in its favor for $363,797.71, the PACA trust amount still unpaid to it.

This judgment does not include costs. Logoluso, like the other beneficiaries, stipulated to bearing the costs and fees associated with its complaint. Doc 876. Furthermore, the 2011 Judgment stated that any judgments in favor of trust beneficiaries "shall not exceed the amount left owing and unpaid to said beneficiary" according to the trustee's chart. Doc. 731.

For the reasons stated in the Court's August 10, 2011 Judgment, this judgment in favor of Logoluso is nondischargeable as to Zaninovich. As the Court previously found, the PACA trust gives rise to the "fiduciary capacity" required under 11 U.S.C. §523(a)(4) applicable only to express or technical trusts. The "defalcation" within the meaning of 11 U.S.C. §523(a)(4) includes the dissipation of and failure to account properly for PACA trust assets.

## JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Intervenor Plaintiff FRANK A. LOGOLUSO FARMS may have and recover from Defendants Z&S FRESH, INC. FDBA Z&S DISTRIBUTING CO., INC., and MARTIN J. ZANINOVICH, jointly and severally, in the amount of $363,797.71.
2. This Judgment is nondischargeable as to MARTIN J. ZANINOVICH. 11 U.S.C. §523(a)(4).
3. There being no just reason for delaying an appeal, this Judgment constitutes a final, appealable judgment under Federal Rules of Civil Procedure Rule 54(b).

IT IS SO ORDERED.

Dated: July 2, 2013

_____
SENIOR DISTRICT JUDGE