IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONIONS ETC., INC., et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>**Z&S FRESH, INC., et al.,**<br><br>　　　　　　　　　　Defendants. | 1:09-cv-00906 AWI MJS<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PUNITIVE DAMAGES**<br><br>(ECF No. 916.) |

　　　At the Court's invitation, the parties, Fresno Madera Federal Land Bank ("Land Bank") and Aron and Carrie Margosians, filed supplemental briefing on the issue of whether the Margosians may be permitted to seek punitive damages against the Land Bank in this case. The Court heard oral argument on the issue on December 18, 2015.

　　　For the reasons stated on the record at the hearing, the Court finds that it remains bound by the Ninth Circuit decision in In re Sparkman, 703 F.2d 1097 (9th Cir. 1983), and thus that the Margosians may not pursue punitive damage claims against the Land Bank.

　　　At the hearing, the Margosians argued that Loeffler v. Frank, 486 U.S. 549 (1988), serves as superseding Supreme Court case law that this Court should rely upon to

overturn Sparkman. The Court finds the argument unpersuasive for two reasons. First, the Supreme Court in Loeffler applied the test for implicit limitations to sue-and-be-sued clauses set forth in Federal Housing Admin. v. Burr, 309 U.S. 242, 245 (1940). Loeffler did not add or amend the manner in which the Supreme Court determines the scope of sue-and-be-sued clauses against federal agencies. It does not serve as supervening Supreme Court authority. Second, it still remains that this Court is not the proper Court to overturn Ninth Circuit decisions. Even if the Sparkman decision faces just criticism, it is this Court's duty to follow Ninth Circuit authority.

At the hearing, the Court invited proposals for proceeding in a manner that might avoid retrial for a finding on punitive damages if the Margosians prevail at trial and the Ninth Circuit overturns Sparkman on appeal. The Court seeks further briefing from the parties setting forth their proposals or stipulation on this issue as well as authority for proceeding as they propose. The supplemental briefing should be short, no more than five (5) pages in length, and filed on or before January 22, 2016. The Court will then issue an order regarding how it will proceed.

IT IS SO ORDERED.

Dated:   December 21, 2015           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE