IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONIONS ETC., INC., et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>**Z&S FRESH, INC., et al.,**<br><br>　　　　　　　　　　Defendants. | 1:09-cv-00906 AWI MJS<br><br>**ORDER REGARDING PRESENTATION OF PUNITIVE DAMAGES**<br><br>(ECF No. 931) |

　　　Fresno Madera Federal Land Bank ("Land Bank") filed a brief challenging Aron and Carrie Margosians' ("Margosians") ability to seek punitive damages against the Land Bank. The Court heard oral argument on the issue on December 18, 2015, and on December 22, 2015, issued an order finding that the Margosians were not entitled to seek punitive damages against the Land Bank in light of In re Sparkman, 703 F.2d 1097 (9th Cir. 1983). (Order, ECF No. 931.)

　　　However, in the December 22, 2015 order, the Court requested supplemental briefing from the parties regarding proposals for proceeding in a manner that might avoid retrial on punitive damages if the Margosians prevail at trial and the Ninth Circuit overturns Sparkman on appeal. (ECF No. 931.) The parties filed supplemental briefs on January 22, 2016. (ECF Nos. 933-34.)

1    The Land Bank denies that any valid claim for punitive damages exists in this
2 case. It further argues that even if there were a valid claim, the likelihood of all
3 prerequisites to seeking such an award occurring is too small to justify providing for that
4 possibility at trial. Further, the Land Bank contends it would be prejudiced by having
5 potentially to litigate and resolve that issue when the Court acknowledges that a verdict
6 favorable to the Margosians would have to be vacated under controlling Ninth Circuit
7 law.
8    The Margosians, unsurprisingly, argue that the Court has the authority to, and
9 should, allow a jury to hear the punitive damage claim. They claim that it is within the
10 Court's inherent case management powers to so proceed and then enter judgment as a
11 matter of law in favor of the Land Bank under Fed. R. Civ. P. 50 should the jury return a
12 punitive damage award in the Margosians' favor.
13    Upon review, the Court will allow the Margosians to pursue a punitive damages
14 award at trial under the following limited circumstances:  As a matter of judicial
15 efficiency, the Court will bifurcate from issues of general damages and other relief the
16 Margosian's claims of liability for and the amount of punitive damages. The latter two
17 issues shall be addressed to and by the jury only after the former are resolved.  That is
18 to say, if and only if the Margosians obtain a verdict for actual damages shall the Court
19 proceed to a second phase of trial addressing the propriety, Sparkman aside, and
20 amount of punitive damages. By proceeding in this manner, if the Margosians do not
21 succeed in proving liability on their counterclaims or if they opt instead for purely
22 equitable relief, neither the Court, the jury, or the Land Bank will be burdened with the
23 need to address the punitive damage claim.  If, on the other hand, the Margosians
24 prevail on a legal basis which, but for Sparkman, would give rise to the possibility of an
25 award of punitive damages, it would be most efficient for the Court and all the parties to
26 have their entitlement to it and the amount thereof determined by the same jury which
27 hears the underlying case and to do so immediately after conclusion of the underlying
28 case. The Court does not see any meaningful prejudice to the Land Bank in having to

spend the additional time addressing the punitive damage issue in the manner specified above if the need should arise; any prejudice would be outweighed by the benefit to all of not having to reconvene the same or a new jury to try a punitive damage claim in the event Sparkman is overruled.

IT IS SO ORDERED.

Dated:   February 1, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE