IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONIONS ETC., INC., et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**Z & S FRESH, INC., et al.,**<br><br>Defendants. | 1:09-cv-00906-AWI-MJS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FRESNO MADERA LAND BANK'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION**<br><br>**(ECF No. 936)**<br><br>Filing Deadlines:<br><br>Joint Pre-Trial Statement:  March 25, 2016<br><br>Trial Plans: March 25, 2016<br><br>Oppositions to Trial Plans: April 10, 2016<br><br>Replies to Oppositions: April 17, 2016 |
| **AND ALL RELATED ACTIONS** | |

The action is before the Court on Fresno Madera Federal Land Bank Association's motion for reconsideration and/or clarification of the Court's order denying their motion to strike jury demand. (ECF No. 936.) For the reasons set forth below, the motion will be granted in part. Additionally, to enable the Court and the parties to

1

1  properly address the issues raised by the motion, **both parties**[1] shall submit submit pre-

2  trial statements and further briefing as discussed at the February 26, 2016, hearing on

3  this motion and specified in more detail below.

4  **I.    PROCEDURAL HISTORY**

5          This action has involved multiple claims and counter-claims against and amongst

6  various parties. Only the following claims remain: Fresno Madera Federal Land Bank

7  Association, FCLA ("Land Bank") sued Aron and Carrie Margosian for breaching their

8  guaranty of a $4.8 million restructured loan made to ZM Fresh Special T's, Inc., formerly

9  known as ZMC Fresh, Inc. The Margosians counter-claimed, alleging, as relevant here,

10  that the Land Bank fraudulently misrepresented that the guaranty was only a name-

11  change document and would not expose the Margosians to personal liability for ZM's

12  indebtedness.

13         The matter is set for trial on May 31, 2016. The Margosians demanded a trial by

14  jury. (ECF No. 675.) The Land Bank moved to strike the jury demand. (ECF No. 913.)

15  The Court denied the Bank's motion to strike. (ECF No. 935.)

16         The Land Bank now brings this motion for reconsideration and/or clarification.

17  (ECF No. 936.) The Margosians filed an opposition. (ECF No. 939.) The Land Bank filed

18  a reply. (ECF No. 941.) The matter was heard on February 26, 2016 and now stands

19  ready for adjudication.

20  **II.   LEGAL STANDARD**

21         Federal Rule of Civil Procedure Rule 60(b) allows the Court to relieve a party from

22  a final judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable

23  neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or

24

25         [1] At the February 26, 2016, hearing, the Court advised that it saw no need for the Land Bank to
26  file a Trial Plan except if, and to the extent, the Bank intended to go beyond calling a witness or witnesses
    to introduce relevant loan and guaranty documents, testify that the Margosians have not complied with
27  their obligations under the documents and explain calculations of amounts allegedly owed. On reflection,
    the Court sees no reason to distinguish between the parties with regard to filing of Trial Plans. Hence, the
    Land Bank shall file its Trial Plan simultaneously with the filing of the Margosians' Trial Plan, all as
28  discussed in more detail below

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

III.     PRIOR RULING

In the order denying the Land Bank's motion to strike, the Court concluded that the issues remaining to be tried are legal in nature and thus the Margosians have a constitutional right to have these matters tried to a jury.[2] More specifically, the Court

---

[2] The Court also concluded that the parties' contractual jury trial waiver is invalid under California law and therefore inapplicable in this action. This conclusion is not challenged in the motion for reconsideration.

1  found that the Land Bank's claim for damages for breach of contract is clearly legal and

2  that the Margosians' counter-claim for damages for fraud also is clearly legal.

3  Recognizing that the Margosians' affirmative defense based on fraud presents a

4  somewhat more difficult question, the Court nonetheless concluded that it is a legal

5  defense to which the jury trial right attaches. The Court also concluded that the

6  Margosians need not elect, at this time, between seeking rescission or affirming the

7  contract and seeking damages.

8  **IV.    PARTIES' ARGUMENTS**

9       **A.    The Land Bank's Motion**

10      According to the Land Bank, the Margosians "initially appeared to assert two

11  separate and conflicting fraud-based affirmative defenses: (1) Fraud in the Inducement

12  (i.e., a claim that the Margosians knew what they were signing was it was a guaranty,

13  but they were induced to enter into it based upon false promises that it would not reach

14  their personal assets), and (2) Fraud in the Execution or Factum (i.e., a claim that the

15  Margosians never knowingly entered into a guaranty, but rather signed the guaranty

16  document based upon misrepresentations that it was simply a name change document)."

17  The Land Bank states that its motion to strike was premised on its understanding that

18  the Margosians had alleged fraud in the inducement. Under California law, a contract

19  tainted by fraud in the inducement is voidable and must be rescinded for a party to

20  escape from its obligations. According to the Land Bank, the Margosians changed

21  course during the hearing on the motion to strike, and instead represented that they

22  were pursuing a defense of fraud in the execution. A contract tainted by fraud in the

23  execution is void and may be disregarded without the necessity of rescission.

24      Based on the foregoing, the Land Bank seeks the Court's clarification of the basis

25  for the Court's ruling. If the Court concluded that the Margosians have a right to trial by

26  jury because their defense is based on fraud in the execution, the Land Bank asks that

27  the Margosians be precluded from presenting at trial any evidence relating to a defense

28  for fraud in the inducement. Alternatively, if the Margosians are permitted to present a

1    defense of fraud in the inducement, they do not have a right to trial by jury.

2        With regard to election of remedies, the Land Bank argues correctly that a party

3    seeking rescission is not thereafter barred from seeking damages if he is unsuccessful.

4    Howeever, the reverse is not true. A party who first seeks damages but is unsuccessful

5    may not thereafter seek rescission. The Land Bank argues that, because the Margosians

6    have herein elected to sue for damages, they may not later disaffirm the guaranty and

7    seek equitable rescission. Thus, the Land Bank seeks reconsideration/clarification as to

8    whether it may seek entry of judgment on its guaranty prior to trial of the Margosians'

9    counter-claims. The Land Bank also argues that the election to pursue damages bars

10    the Margosians from presenting an affirmative defense based on fraud in the

11    inducement.

12        **B.    The Margosians' Opposition**

13        The Margosians argue that the Land Bank's motion is procedurally improper

14    under Federal Rule of Civil Procedure 60(b) because it is based on neither surprise nor

15    newly discovered evidence. Counsel's argument at the motion hearing does not

16    constitute new evidence.

17        The Margosians argue that the Land Bank's attempt to dispose of the Margosians'

18    defense of fraud in the inducement is procedurally improper at this juncture. The

19    dismissal of an affirmative defense must be done through summary judgment, and any

20    evidentiary issues relating to a defense of fraud in the inducement are more properly

21    addressed at or immediately prior to trial.

22        The Margosians also argue that they are not required to elect between damages

23    under the contract or rescission of the contract because no contract existed. Put

24    differently, in the circumstances as alleged by the Margosians, they are not required to

25    affirm the contract in order to seek damages. Indeed, the Margosians state that they are

26    not seeking contract damages, but other damages resulting from the fraud. In any event,

27    they claim, they are permitted under California law to proceed on alternative, and even

28    inconsistent theories.

1  Lastly, the Margosians argue that neither their counter-claim nor their affirmative

2  defense alters the legal nature of the case.

3  **C.  The Land Bank's Reply**

4  The Land Bank states that it is not attempting to "box in" the Margosians' case,

5  but rather to determine which claims and defenses will be presented at trial, and to

6  whom – the Court or the jury – they will be presented.

7  The Land Bank reiterates that fraud in the inducement and fraud in the execution

8  are separate affirmative defenses. It is the Bank's understanding that the Court has ruled

9  only that the Margosians have a right to trial by jury on their defense of fraud in the

10  execution.

11  **V.  RECONSIDERATION/CLARIFICATION**

12  The court finds that the Land Bank's motion, triggered by Margosian counsel

13  argument at the hearing on the original motion, served to bring to the fore issues,

14  discussed below, which had not previously been addressed and resolved adequately by

15  the Court's original ruling on the jury issue and which need be resolved before trial or

16  injustice could result. Accordingly, the Court grants the request for

17  reconsideration/clarification under Federal Rule of Civil Procedure Rule 60(b) (6).

18  **VI.  DISCUSSION**

19  **A.  Fraud in the Inducement – Jury Trial Right**

20  The primary issue raised by the Land Bank is whether the Margosians may

21  present a defense of fraud in the inducement to a jury. The Court did not directly address

22  this question in its prior ruling. The Margosians do not state that they wish to pursue this

23  defense; at the same time, however, they have not foresworn it. For purposes of this

24  Order the Court will proceed on the assumption that the Margosians do, in fact, intend to

25  pursue this defense. However, the Court also will require the Margosians to definitively

26  state, in subsequent briefing to be described below, whether this defense is at issue.

27  The Court is cognizant of the Land Bank's argument that, under California law, a

28  claim of fraud in the inducement requires rescission before a party may avoid his or her

obligations. The Land Bank cites numerous cases stating that a claim of fraud in the inducement is a claim for rescission, and a claim for rescission is an equitable claim to which no jury trial right attaches. However, these cases differ slightly from the situation presented here: a <u>defense</u> of fraud in the inducement, where no rescission is affirmatively sought. Accordingly, the Court resorts to the historical inquiry of whether the defense would have been heard at common law in 1791. <u>See</u> <u>Wooddell v. Int'l Bhd. of Elec. Workers, Local 71</u>, 502 U.S. 93, 97 (1991) (quotation omitted).

Historically, common law courts recognized the defense of fraud in the factum to a breach of contract claim, but refused to recognize the defense of fraud in the inducement. Bernard E. Gegan, <u>Turning Back the Clock on the Trial of Equitable Defenses in New York</u>, 68 St. John's L. Rev. 823, 842-43 (1994); <u>see also</u> James Barr Ames, <u>Specialty Contracts and Equitable Defences</u>, 9 Harv. L. Rev. 49, 51 (1895-1896). Instead, it was left to the court of equity to enjoin a legal action upon a finding of fraud in the inducement. Gegan, 68 St. John's L. Rev. at 843. Thus, the defense of fraud in the inducement historically was not recognized at common law, and instead is an equitable defense. The effect of such defense is rescission. Based on this historical backdrop and the applicable remedy, the defense of fraud in the inducement is not subject to the Seventh Amendment jury trial right. <u>See</u> <u>Wooddell</u>, 502 U.S. at 97.

Nevertheless, the Margosians cite to <u>Garman v. Metropolitan Life Insurance</u>, 175 F.2d 24, 25 (3d Cir. 1949), for support. There, the plaintiff brought an action at law to recover on a life insurance policy. The defendant insurance company answered by asserting the defense that the policy was procured through "legal" fraud and therefore void. The defendant also asserted a counter-claim for rescission based on "equitable" fraud. The plaintiff demanded a jury and the defendant moved to strike the demand as to the equitable counter-claim. The Court denied the motion to strike on the ground that, under New Jersey law, the counter-claim should be treated as a supplemental answer, rather than a pleading seeking affirmative relief, and should be tried by a jury. <u>Garman</u>, however, is premised on long-standing federal precedent that parties need not resort to

1  equity to bring a defense of fraud in the procurement of insurance. <u>Ettelson v. Metro. Life</u>

2  <u>Ins. Co.</u>, 137 F.2d 62, 65 (3d Cir. 1943). <u>Garman</u> does not stand for the broader

3  proposition that a defense of fraud in the inducement generally may be presented to the

4  jury.

5      In sum, the defense of fraud in the inducement originally was available only in

6  courts of equity. The effect of such defense is rescission, an equitable remedy. The

7  defense therefore is equitable in nature and, except for any issues which may be

8  common to the Margosians' legal claims, is to be resolved by the Court.[3] <u>See</u> <u>Granite</u>

9  <u>State Ins. Co. v. Smart Modular Techs., Inc.</u>, 76 F.3d 1023, 1027 (9th Cir. 1996).

10      **B.    Order of Presentation of Legal and Equitable Claims and Defenses**

11      The Land Bank argues that, because the Margosians have elected to sue for

12  damages, they may not later disaffirm the guaranty and seek equitable rescission. Thus,

13  the Land Bank seeks reconsideration/clarification as to whether it may seek entry of

14  judgment on its claims prior to trial of the Margosians' counter-claims.

15      However, the Margosians have stated that both their claim for damages and their

16  defense of fraud are based, at least in part, on fraud in the execution. As the Land Bank

17  points out, a contract tainted by fraud in the execution is void, and rescission is not a

18  necessity. Thus, the Court does not see how the Land Bank's claims may be adjudicated

19  separately from the Margosians' counter-claims or from the Margosians' defense of fraud

20  in the execution. This counter-claim and defense attacks the heart of the Land Bank's

21  claim for breach.

22      The Margosians' potential defense of fraud in the inducement raises a more

23  complex issue.[4] The right to a jury trial on legal issues may not be infringed "by trying the

24  ―――――――――――――――――
[3] Because the Margosians do not have a jury trial right on their defense of fraud in the inducement, the
25  Land Bank argues they should be precluded from presenting evidence of fraud in the inducement to the
jury. This issue will not be resolved here. The Land Bank may raise the issue in response to the
26  Margosians' pre-trial statement, discussed below.

27  [4] The Court does not understand the Margosians' counter-claim to involve a claim for fraud in the
inducement, particularly because no rescission is sought. However, the Margosians **must** specify in their
28  trial plan the type of fraud on which their counter-claim is based.

1   legal issues as incidental to the equitable ones or by a court trial of a common issue

2   existing between the claims." Ross v. Bernhard, 396 U.S. 531, 537–38 (1970). "Thus,

3   where there are issues common to both the equitable and legal claims, 'the legal claims

4   involved in the action must be determined prior to any final court determination of [the]

5   equitable claims.'" Dollar Sys. v. Avcar Leasing Sys., 890 F.2d 165, 170 (9th Cir. 1989)

6   (quoting Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962)). "If the legal and

7   equitable claims do not involve common issues, the district court has discretion to

8   regulate the order of trial." Granite State Ins. Co., 76 F.3d at 1027 (citing Dollar, 890 F.2d

9   at 170-71). If the determination by the Court of the equitable aspects of the claim would

10  control aspects of the legal claim, either through res judicata or collateral estoppel, then

11  the legal claim must be tried to a jury first and the equitable claims resolved

12  subsequently in the light of the jury's determination. Beacon Theatres, Inc. v. Westover,

13  359 U.S. 500 (1959).

14          However, the determination of legal issues prior to equitable ones in this action

15  may bear on the issue of election of remedies. As the Court previously acknowledged,

16  California law requires a person claiming to be defrauded by false representations to

17  elect between two inconsistent remedies: rescission of the contract or affirmance and a

18  suit for damages. Hjorth v. Bernstein, 44 Cal. App. 2d 561, 564 (1941). A party is

19  permitted to simultaneously seek damages and rescission in a single action. See

20  Bancroft v. Woodward, 183 Cal. 99, 101 (1920). In effect, such a party is "asking for

21  rescission first and damages if he cannot have it." Id. at 102. However, "it is wholly

22  inconsistent for a party defrauded to ask for damages first and a rescission if he cannot

23  have them." Id.

24          In the instant action, if the jury finds against the Margosians on their counter-claim

25  for damages, the doctrine of election of remedies would appear to bar the Court from

26  thereafter resolving the Margosians' equitable defense of fraud in the inducement. This

27  is because such defense would have the effect of rescinding the contract, a remedy

28  which cannot be obtained after the contract has been affirmed through an action seeking

9

1   damages.[5]

2        At this point in the litigation, these concerns are largely academic. It is unclear

3   whether the Margosians even intend to present a defense of fraud in the inducement. To

4   the extent they do, the Court is without sufficient information to determine whether the

5   legal and equitable defenses involve common factual issues. If they do not, the Court

6   may adjudicate the equitable defense before the Margosians' legal claim is presented to

7   the jury. If the legal and equitable defenses do involve common factual issues, and those

8   factual issues are resolved by the jury against the Margosians, the Margosians may be

9   precluded from pressing their equitable defense under the doctrine of election of

10  remedies. In any event, the Margosians likely could not prevail on this defense given the

11  adverse factual findings against them.

12       Because of the significant lack of clarity regarding the defenses the Margosians

13  intend to present and the facts applicable to those defenses, the Court cannot resolve

14  this issue absent further briefing. Accordingly, the parties will be ordered to submit

15  further briefing including a binding Trial Plan in accordance with the specifications and

16  the schedule set forth below.

17  **VII.   FURTHER BRIEFING/TRIAL PLANS**

18       **A.  Legal Authority**

19       "[T]he district court is charged with effectuating the speedy and orderly

20  administration of justice. There is universal acceptance in the federal courts that, in

21  carrying out this mandate, a district court has the authority to enter pretrial case

22  management and discovery orders designed to ensure that the relevant issues to be

23  tried are identified, that the parties have an opportunity to engage in appropriate

24  discovery and that the parties are adequately and timely prepared so that the trial can

---

[5] The Margosians argue that the doctrine of election of remedies does not apply to their claims for several reasons. First, their claim of fraud in the execution seeks to void, rather than affirm the contract. Second, their counter-claim is a tort claim, rather than a contract claim, and they do not seek contract damages. As the Margosians have been advised, and will again be advised below, **they must include legal support for this position** in their Trial Brief**.**

1    proceed efficiently and intelligibly." <u>United States v. W.R. Grace</u>, 526 F.3d 499, 508-09

2    (9th Cir. 2008). Pursuant to these principles and Federal Rule of Civil Procedure 16, the

3    Court now sets a schedule for further briefing of pre-trial matters.

4          **B. Joint Pre-Trial Statement Deadline**

5          On or before March 25, 2016, the **parties shall submit a Joint Pre-trial**

6    **Statement in accordance with the provisions of Local Rule 281**. This Joint statement

7    shall be in addition to the Trial Plan Briefs the Court discussed at the February 26, 2016,

8    hearing and described below.

9          **C. The Parties' Trial Plans, Oppositions and Replies**

10               **1. By the Margosians**

11         In addition to the Joint Pre-trial Statement discussed above, the Margosians shall,

12   on or before March 25, 2016, file and serve a written Trial Plan consisting of the

13   following:

14         1.   A listing of all witnesses expected to be called to testify on behalf of the

15              Margosians, both in their primary and reasonably anticipated rebuttal case, a

16              specification of the order in which they are to be called, a brief, but all-

17              encompassing summary of their proposed testimony, and identification of all

18              physical or documentary evidence to be introduced or referenced by each

19              witness;

20         2.  A summary of all claims and defenses the Margosians anticipate may be

21              <u>presented to the jury</u> for resolution and the legal theories and authorities on

22              which each said claim or defense relies, to include therein the specific finding

23              or findings they will ask the jury to make on each said claim or defense, and

24              the authority therefor.

25         3.  A summary of all claims and defenses the Margosians anticipate may be

26              <u>presented to the Court</u> for resolution, and the legal theories and authorities on

27              which each said claim or defense relies, to include therein the specific finding

28              or findings they will ask the Court to make on each said claim or defense, and

1   the authority therefor.

2   4.  The foregoing shall including a specific statement of whether or not the

3   Margosians intend to, and will attempt to, pursue a claim or defense of fraud in

4   the inducement. If so, the Margosians shall also address in their trial plan

5   whether there are common factual issues between the legal (jury) and

6   equitable (court) claims they intend to pursue.

7   5.  The Trial Plan shall include specification for how and in what order the

8   evidence and various claims and defenses should be presented to the jury

9   and/or the Court and how and in what order the claims and defenses should

10   be decided by the judge or the jury plus legal authority for so prpceeding.

11   6.   The Trial Plan must specify with particularity the damages, and/or other relief,

12   the Margosians will ask be awarded to them by the jury and, if different, by the

13   Court, and include legal authority supporting the making of each such request

14   and the granting of the damages or other relief requested. If and to the extent

15   the Margosians intend to claim that none of the damages or other relief they

16   seek are c "contract damages," or that their claimed damages or other

17   requested relief arises, not out of contract, but independently of it, they must

18   provide specific legal authority allowing them to seek and recover such

19   damages or other relief. Similarly, if and to the extent the Margosians take the

20   position that they need not elect between inconsistent remedies, between

21   damages and rescission, or between legal and equitable relief, they must

22   provide affirmative legal authority therefor.

23   2.  **By the Land Bank**[6]

24   ─────────────────────

[6] Again, the Court acknowledges that at the February 26, 2016, hearing, it advised the parties that it saw no need for the Land Bank to file a Trial Plan except if, and to the extent, the Bank intended to do anything beyond calling witnesses to introduce relevant documents, testify that the Margosians have not complied with their obligations, and explain calculations of amounts allegedly owed. On reflection, the Court sees no reason to distinguish between the parties with regard to a Trial Plans except insofar as the Margosians are asked to first address arguably unique claims alluded to by them earlier (and by the Court above). The Court and the parties will benefit from having a clear road map of what the Land Bank intends to do and when and how it intends to do it. Hence, the Land Bank shall also file a Trial Plan on March 25.

In addition to the Joint Pre-trial Statement discussed above, the Land Bank shall on or before March 25, 2016, file and serve a written Trial Plan consisting of the following:

1.   A listing of all witnesses expected to be called to testify on behalf of the Land Bank, both in their primary and reasonably anticipated rebuttal case, a specification of  the order in which they are to be called, a brief, but all-encompassing summary of their proposed testimony, and identification of all physical or documentary evidence to be introduced or referenced by each witness;

2.   A summary of all claims the Land Bank anticipates being <u>presented to the jury</u> for resolution, and the legal theories and authorities on which each said claim relies, to include therein the specific finding or findings they will ask the jury to make on each said claim or defense, and the authority therefore.

3.   A summary of all claims and defenses the Land Bank anticipate may be <u>presented to the Court</u> for resolution as a matter of law, and the legal theories and authorities on which each said claim or defense relies, and include therein the specific finding or findings they will ask the Court to make on each said claim or defense, and the authority therefore.

4.   The Trial Plan must specify with particularity the damages, and/or other relief, the Land Bank will ask be awarded to it and include legal authority supporting the making of each such request and the granting of the damages or other relief requested.

The Trial Plans provided in response to the foregoing, insofar as accepted by the Court and permitted by the Court to be followed, shall govern the nature, course and scope of the issues and evidence to be presented at the trial of this case. **Neither party shall deviate therefrom nor exceed the contents or boundaries thereof except upon Order of the Court for good cause shown**, including a showing that the

1   deviation was not foreseen or foreseeable prior to the time the request for deviation is

2   made. (Given the long and arduous history of this case, the fact that discovery and law

3   and motion deadlines expired long ago and the case was to be ready for trial on March

4   19, 2016, the parties can expect great Court skepticism of any claim that issues,

5   evidence, law or anything else related to this case still remains unforeseeable at this

6   date, much less following the preparation necessary to the Trial Plans.)

7        Each party shall file **Opposition,** if any, to the other's Trial Plan, and the points

8   and authorities, theories, etc., therein on or before **April 10, 2010**. **Replies** to the

9   Oppositions, if any, shall be due on or before **April 17, 2016**. On the basis thereof and

10  the content of the Joint Pre-Trial Statement, the Court will issue its final Pre-Trial Order.

11  It is anticipated that the Order will issue without a hearing.

12  **VII.   CONCLUSION AND ORDER**

13       For the reasons stated, it is HEREBY ORDERED that:

14  1.  The Land Bank's motion for reconsideration and/or clarification is GRANTED

15      IN PART AND DENIED IN PART. To the extent the Margosians intend to raise

16      a defense of fraud in the inducement, that defense will be resolved by the

17      Court without a jury. In all other respects, the Land Bank's motion is denied

18      without prejudice.

19  2.  The parties shall submit a Joint Pre-Trial Statement and separate Trial Plans

20      as specified in this order on or before March 25, 2016; Oppositions, if any, on

21      or before April 10, 2016; and Replies to the Opposition on or before April 17,

22      2016.

23
    IT IS SO ORDERED.
24

25  Dated:   __February 29, 2016__         _____ /s/ _Michael J. Seng_

26                                      UNITED STATES MAGISTRATE JUDGE

27

28

14