UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIONS ETC., INC, et al., | Case No. 1:09-cv-00906-AWI-MJS |
| Plaintiffs, | **ORDER ON OBJECTIONS TO PRETRIAL ORDER** |
| v. | (ECF Nos. 955, 956) |
| Z&S FRESH, INC., et al., | |
| Defendants. | |

This matter proceeds on the Fresno Madera Federal Land Bank Association, FCLA's ("Land Bank") second amended cross-complaint against Aron and Carrie Margosian ("Margosians") for breaching their guaranty of a $4.8 million restructure loan. The parties have consented to Magistrate Judge jurisdiction for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B). Trial is set to commence on May 31, 2016.

On April 21, 2016, the Court issued its pretrial order. (ECF No. 954.) The parties each filed objections. (ECF No. 955, 956.) The Land Bank responded to the Margosians' objections (ECF No. 957), and the Margosians filed a reply (ECF No. 958).

**I.    LAND BANK'S OBJECTIONS**

The Land Bank objects that its Exhibit Number 31 was incorrectly Bates

numbered in the pretrial order. (ECF No. 955.) Accordingly, the pretrial order is hereby deemed amended to reflect the correct Bates number range, FMFLB 912-941.

## II. MARGOSIANS' OBJECTIONS

In the pretrial order, the Court determined that the Margosians' affirmative defense of fraud alleges only the equitable defense of fraud in the inducement, and not the defense of fraud in the execution. As such, the Court concluded that the Margosians have no constitutional right to a jury trial on this defense, and the matter therefore was set for a bench trial. The Margosians raise two objections to this determination: first, that they have alleged sufficient facts to raise a dispute of fact as to fraud in the execution, and second, that the Court's present ruling is contrary to the Ninth Circuit's prior ruling in this case overturning in part the Court's ruling on the Land Bank's motion for summary judgment.

Both of the Margosians contentions are based on a misapplication of the law.

The majority of the Margosians' argument is dedicated to demonstrating that they "justifiably relied" on alleged fraudulent misrepresentations by Land Bank representatives. They point to the Ninth Circuit's determination that there are disputes of fact as to whether such misrepresentations were made and whether the Margosians justifiably relied on them. The Court agrees that there are disputes of fact regarding these misrepresentations. Indeed, the issue of whether the Margosians justifiably relied on these misrepresentations remains a central issue in this case, and must be determined at trial. However, justifiable reliance is an element of fraud, generally. See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (fraudulent inducement requires a showing of (a) a misrepresentation, false representation, concealment or nondisclosure; (b) knowledge of falsity; (c) intent to defraud or to induce the party to enter into a contract; (d) justifiable reliance; and (e) resulting damage). It is an element of both fraud in the inducement and fraud in the execution. Id.; 1 Witkin, Summary 10th (2005) Contracts, § 286, p. 315. It is not, as the Margosians appear to assert, a distinguishing

factor between these two types of fraud.

The primary issue is whether the Margosians can show that they had no reasonable opportunity to review the guaranty prior to signing it. The California Supreme Court has repeatedly stated that a party who has a reasonable opportunity to know the character and essential terms of a contract, but nonetheless fails to read the contract he or she signs, is precluded from claiming the contract is void for fraud in the execution. Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 423 (1996) (citation omitted). Indeed, this point of law is repeated in the very case relied on by the Margosians in their objections, Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Association, 55 Cal. 4th 1169, 1183 n.11 (2013) (noting that "negligent failure to acquaint oneself with the contents of a written agreement precludes a finding that the contract is void for fraud in the execution" but declining to decide the extent to which such failure "affects the viability of a claim of fraud in the inducement"). Both this Court and the Ninth Circuit are bound by the determinations of the California Supreme Court on issues of California law. Thus, the Court must reject the Margosians' argument that they may pursue a defense of fraud in the execution despite a negligent failure to read the contract. On such facts, only the defense of fraud in the inducement is available. Rosenthal, 14 Cal. 4th at 421.

The Court thus turns to the Margosians' claim that they have alleged sufficient facts to show they had no reasonable opportunity to review the guaranty prior to signing.[1] In this regard, the Margosians claim that the visit from the Land Bank to their home was unexpected and brief. There are facts that could be interpreted to show that the visit lasted only thirteen minutes. Additionally, there are allegations that the Land Bank representatives employed "pressure tactics" that included misleading the Margosians about their true identities, the reason for their visit, and the effect of the

---

[1] The Margosians' failed to set forth such facts in their trial plan, despite being ordered to do so. Nevertheless, for the purposes of expediency, the Court will address the merits of the Margosians' argument.

3

guaranty.

These facts are insufficient to show that the Margosians had no reasonable opportunity to read the guaranty. See Rosenthal, 14 Cal. 4th at 424 n.12 ("Some plaintiffs also declare that the GWFSC representative 'did not give me any time' to read the agreement (Allen), or that they felt 'rushed' (Carcano) or 'pressured' (Rosenthal). Without evidence the representative actually took some action or said something to hurry or pressure the prospective client, however, these claims add nothing to plaintiffs' showing."). They go only to whether the Margosians justifiably relied on the misrepresentations despite having negligently failed to read the guaranty. Such facts support, at most, a claim of fraud in the inducement.

Finally, the Court addresses the Margosians' incorrect assertion that the Ninth Circuit mandated that their claims be tried to a jury. The Ninth Circuit mandated that the Margosians' claims of fraud be resolved by a trier of fact because they could not be resolved as a matter of law. Indeed, the Ninth Circuit expressly noted that a reasonable "judge or jury" could find in favor of the Margosians. Nothing in the Ninth Circuit's opinion purported to resolve the question of whether the Margosians' claims constituted fraud in the inducement or fraud in the execution, or whether the Margosians had a right to trial by jury. This Court will of course follow the Ninth Circuit's mandate to allow the Margosians' to present their defense to the trier of fact. In this instance, however, the Court, rather than a jury, will serve as trier of fact.

### III.    REQUEST TO STAY PROCEEDINGS

In their objections, the Margosians state that they will seek a writ of mandamus if the Court does not grant them a jury trial on their fraud defense. They ask that the matter be stayed pending resolution of the writ.

The Margosians have not yet sought a writ of mandamus. If and when they choose to do so, they may request a stay of the proceedings. The Margosians should note, however, that there is a legal standard that governs such requests, and it is their

burden to show that standard is met. See Nken v. Holder, 556 U.S. 418, 433-34 (2009). Here, the Margosians state only that they will be entitled to a writ should the Ninth Circuit agree that they have a right to trial by jury. This is insufficient justification for a stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken, 556 U.S. at 427 (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. at 433 (citation and internal quotation and alteration marks omitted).

Generally, the factors considered "in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal . . ." Citizens for Responsibility and Ethics in Washington v. Cheney, 580 F. Supp. 2d 168, 177 (D.D.C. 2008) (citing Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985)); Powertech Tech. Inc. v. Tessera, Inc., No. C 11-6121 CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013); Durand v. Stephenson, No. 2:09-cv-2038-JAM-CKD, 2012 U.S. Dist. LEXIS 154968, at *2–3 (E.D. Cal. Oct. 29, 2012) (internal quotation marks and citation omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest ." Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009). The first two factors of this standard "are the most critical." Nken, 556 U.S. at 434. Once these factors are satisfied, courts then assess the balance of equities and weigh the public interest. Id. at 435.

An alternative to this standard is the "substantial questions" test, which requires

the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply" towards the movant, along with a showing that there is a likelihood of irreparable injury and that the stay is in the public interest. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

The Margosians have made no showing in this regard. Accordingly, their request to stay the proceedings will here be denied.

## IV.  CONCLUSION AND ORDER

It is HEREBY ORDERED that:

1. The pretrial order is deemed amended to reflect that the Land Bank's Exhibit Number 31 is Bates numbered FMFLB 912-941;
2. The Margosians' objections are overruled; and
3. The Margosians' request to stay the proceedings is denied.

IT IS SO ORDERED.

Dated:   May 4, 2016              /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE